**Stricken language would be deleted from and underlined language would be added to present law.**
**Act 372 of the Regular Session**

| | |
|---|---|
| 1 | State of Arkansas      *As Engrossed:  S2/15/23 S2/21/23 H3/13/23* |
| 2 | 94th General Assembly                     A Bill |
| 3 | Regular Session, 2023                                              SENATE BILL 81 |
| 4 | |
| 5 | By: Senators D. Sullivan, *Stone* |
| 6 | By: Representatives Gonzales, *Bentley* |
| 7 | |

## For An Act To Be Entitled

8
9      AN ACT TO AMEND THE LAW *CONCERNING LIBRARIES AND*
10     *OBSCENE MATERIALS MADE AVAILABLE TO MINORS; TO AMEND*
11     *THE LAW CONCERNING* THE POSSESSION, SALE,
12     DISTRIBUTION, OR FURNISHING OF OBSCENE MATERIALS; TO
13     CREATE THE OFFENSE OF FURNISHING A HARMFUL ITEM TO A
14     MINOR; TO AMEND THE CRIMINAL CODE IN RELATION TO
15     OBSCENE MATERIALS LOANED BY A *LIBRARY; TO ALLOW A*
16     *PARENT OR LEGAL GUARDIAN OF A MINOR TO ACCESS THE*
17     *MINOR'S LIBRARY RECORDS;* TO PROVIDE FOR A CIVIL CAUSE
18     OF ACTION AGAINST GOVERNMENTAL ENTITIES THAT POSSESS,
19     SELL, OR DISTRIBUTE OBSCENE *MATERIALS; TO AMEND THE*
20     *LAW CONCERNING THE PROCESS FOR CHALLENGING MATERIALS*
21     *INCLUDED IN A LIBRARY;* AND FOR OTHER PURPOSES.
22
23

## Subtitle

25     *TO AMEND THE LAW CONCERNING LIBRARIES AND*
26     *OBSCENE MATERIALS; TO CREATE THE OFFENSE*
27     *OF FURNISHING A HARMFUL ITEM TO A MINOR;*
28     *AND TO AMEND THE LAW CONCERNING OBSCENE*
29     *MATERIALS LOANED BY A LIBRARY.*
30
31
32     BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:
33
34          SECTION 1.  Arkansas Code Title 5, Chapter 27, Subchapter 2, is amended
35     to add an additional section to read as follows:
36          5-27-212.  Furnishing a harmful item to a minor — Failure to report.

1      (a)  As used in this section:

2          (1)  "Harmful to minors" means *the same as defined in § 5-68-501;*

3          (2)  "Internet" means the combination of computer facilities and

4  electromagnetic transmission media, and related equipment and software,

5  comprising the interconnected worldwide network of computer networks that

6  employ the Transmission Control Protocol/Internet Protocol (TCP/IP) or any

7  successor protocol to transmit information;

8          (3)  "Internet website" means a location where material placed in

9  a computer server-based file archive is publicly accessible over the internet

10 using hypertext transfer protocol or any successor protocol; and

11         (4)(A)  "Item" means a material or performance that depicts or

12 *describes nudity, sexual conduct, sexual excitement, or sadomasochistic*

13 *abuse, as those terms are defined in § 5-68-501.*

14            (B)  "Item" includes without limitation:

15               (i)  A book, leaflet, pamphlet, magazine, booklet,

16 picture, drawing, photograph, film, negative, slide, motion picture, figure,

17 object, article, novelty device, recording, transcription, live or recorded

18 telephone message, or other similar item whether tangible or intangible;

19               (ii)  A performance, exhibition, transmission, or

20 dissemination of any of the items listed in subdivision (a)(4)(B)(i) of this

21 section; and

22               (iii)  A live performance or exhibition that depicts

23 *nudity, sexual conduct, sexual excitement, or sadomasochistic abuse, as those*

24 *terms are defined in § 5-68-501, to the public or an audience of one (1)* or

25 more persons.

26     (b)  A person commits furnishing a harmful item to a minor if, knowing

27 the character of the item involved, the *person knowingly*:

28         (1)  *Furnishes*, presents, provides, makes available, gives,

29 lends, shows, advertises, or distributes to a minor an item that is harmful

30 to minors; or

31         (2)  *Transmits* or sends to a person that he or she believes to be

32 a minor by means of electronic mail, personal messaging, or any other direct

33 internet communication an item that is harmful to minors when the person

34 knows or believes at the time of the transmission that a minor in this state

35 will receive the item.

36     (c)(1)  Subdivision (b)(1) of this section does not apply to the

1   transmission or sending of items over the internet.

2            (2)  Subdivision (b)(2) of this section does not apply to:

3                 (A)  Posting material on an internet website, bulletin

4   board, or newsgroup; or

5                 (B)  Sending material via a mailing list, listserv, or

6   other method of internet communication in which a message is sent to an

7   internet address and then retransmitted to one (1) or more subscribers, that

8   is not administered by the sender.

9       (d)  Furnishing a harmful item to a minor is a Class A misdemeanor.

10

11      SECTION 2.  Arkansas Code § 5-68-308(c), concerning defenses to state

12   standards that define and regulate obscenity, is amended to read as follows:

13      (c)  No employee, director, or trustee of a bona fide ~~school,~~ museum,

14   ~~or public~~ *library,* acting within the scope of his or her regular employment,

15   is liable to prosecution for a violation of this subchapter for disseminating

16   a writing, film, slide, drawing, or other visual reproduction that is *claimed*

17   to be obscene.

18

19      SECTION 3.  Arkansas Code § 5-68-405 is amended to read as follows:

20      5-68-405.  Possession, sale, or distribution.

21      (a)  ~~Any person that, with knowledge of its contents,~~ A person that

22   knowingly sends or causes to be sent or brings or causes to be brought into

23   this state for sale or commercial distribution, or in this state prepares,

24   publishes, sells, exhibits, loans at a library, or commercially distributes,

25   or gives away or offers to give away or has in the person's possession with

26   ~~intent~~ the purpose to sell or commercially distribute or to exhibit or to

27   give away, ~~any~~ obscene printed or written matter or material other than

28   mailable matter, or any mailable matter known by the person to have been

29   judicially found to be obscene under this subchapter, or that knowingly

30   informs another of when, where, how, or from whom or by what means any of

31   these things can be purchased or obtained, upon conviction is guilty of a

32   Class D felony.

33      (b)  ~~Any person that, with knowledge of its contents,~~ A person that

34   knowingly has in the person's possession ~~any~~ obscene printed or written

35   matter or material other than mailable matter, or any mailable matter known

36   by that person to have been judicially found to be obscene under this

1    subchapter, _upon conviction_ is guilty of a Class A misdemeanor.

2

3        SECTION 4.  Arkansas Code § 6-25-105 is amended to read as follows:

4        6-25-105. Establishment of guidelines for selection, ~~removal~~

5    _relocation_, and retention of materials.

6        (a)  Media centers shall have written policies to establish guidelines

7    for the selection, ~~removal~~ _relocation_, and retention of _physical_ materials

8    _that are available to the public._

9        (b)  The school district shall have a written policy for addressing

10   challenged material _that is physically present in the library and available_

11   _to the public and meets the requirements stated in subsection (c) of this_

12   _section._

13       _(c)  A written policy adopted by a school district under subsection (b)_

14   _of this section shall provide, at a minimum, the following:_

15           _(1)  A parent or guardian of a student affected by the material_

16   _to be challenged or an employee of the school district may challenge the_

17   _appropriateness of material available in the school district's media center;_

18           _(2)  The school district shall decide if material being_

19   _challenged shall remain available throughout the challenge process;_

20           _(3)  Before a person can file a challenge, the person shall_

21   _request a conference through the principal's office with a licensed media_

22   _center employee;_

23           _(4)  Before a conference under subdivision (c)(3) of this section_

24   _occurs, the school district shall provide a copy of the following to a person_

25   _who requests a conference under subdivision (c)(3) of this section:_

26               _(A)  The written policy adopted by a school district under_

27   _subsection (b) of this section; and_

28               _(B)  A form or other method by which a person may request a_

29   _reconsideration of the appropriateness of the material being challenged;_

30           _(5)  After the conference requested under subdivision (c)(3) of_

31   _this section occurs, if the person who requested the conference wants to_

32   _formally challenge the appropriateness of the material that was the subject_

33   _of the conference, the person shall complete and submit the request for_

34   _reconsideration using the form or other method provided under subdivision_

35   _(c)(4)(B) of this section to challenge the material that was the subject of_

36   _the conference;_

1     (6)(A)  In conducting a review of material being challenged, the
2  principal of the school district shall select a committee of licensed
3  personnel.
4                 (B)  The principal or his or her designee shall be a member
5  of the committee and may serve as the chair of the committee established
6  under subdivision (c)(6)(A) of this section.
7                 (C)  At least one (1) member of the committee established
8  under subdivision (c)(6)(A) of this section shall be a media specialist.
9                 (D)  The committee members who are not the principal or a
10  media specialist shall be licensed personnel with curriculum knowledge
11  appropriate for the material being challenged and be representative of
12  diverse viewpoints;
13                 (7)(A)  The committee established under subdivision (c)(6)(A) of
14  this section shall determine if the material being challenged meets the
15  criteria of selection.
16                 (B)  Material being challenged:
17                        (i)  Shall not be withdrawn solely for the viewpoints
18  expressed within the material; and
19                        (ii)  Shall be reviewed in its entirety and shall not
20  have selected portions taken out of context;
21                 (8)  The school district shall convene a meeting of the committee
22  established under subdivision (c)(6)(A) of this section after allowing a
23  reasonable time for the committee members to adequately review the material
24  being challenged and the request submitted under subdivision (c)(5) of this
25  section by the person challenging the appropriateness of the material;
26                 (9)  The committee established under subdivision (c)(6)(A) of
27  this section shall allow the person who submitted the request under
28  subdivision (c)(5) of this section to present his or her request to the
29  committee;
30                 (10)  After hearing from the person who submitted the request
31  under subdivision (c)(5) of this section, the committee established under
32  subdivision (c)(6)(A) of this section shall meet to discuss the material
33  being challenged;
34                 (11)(A)  The committee established under subdivision (c)(6)(A) of
35  this section shall vote to determine whether the material being challenged
36  shall be relocated within the media center's collection to an area that is

1    not accessible to minors under the age of eighteen (18) years.

2                    (B)  A member of the committee established under

3    subdivision (c)(6)(A) of this section who votes with the majority under

4    subdivision (c)(11)(A) of this section shall write a summary of the reasons

5    for the majority's decision.

6                    (C)  Notice of the committee's decision under subdivision

7    (c)(11)(A) of this section and the summary prepared under subdivision

8    (c)(11)(B) of this section shall be given by hand or by certified mail to the

9    person who submitted the request under subdivision (c)(5) of this section;

10                  (12)(A)  If the committee established under subdivision (c)(6)(A)

11   of this section decides not to relocate the material being challenged, the

12   person who submitted the request under subdivision (c)(5) of this section may

13   appeal the committee's decision to the board of directors for the school

14   district by filing a written appeal to the superintendent within five (5)

15   working days of the committee's decision or written receipt of the

16   committee's decision.

17                  (B)(i)  If a person appeals the decision of a committee

18   under this subdivision (c)(12), the superintendent shall present the material

19   being challenged, the request submitted by the person under subdivision

20   (c)(5) of this section, the committee's decision under subdivision (c)(11)(A)

21   of this section, and the summary prepared under subdivision (c)(11)(B) of

22   this section to the board of directors within fifteen (15) days of the

23   committee's decision.

24                  (ii)  In addition to the information required to be

25   provided under subdivision (c)(12)(B)(i) of this section, the superintendent

26   may also include the administration's recommendation regarding the appeal

27   submitted under this subdivision (c)(12).

28                  (C)(i)  The members of the board of directors shall review

29   the information submitted to them under this subdivision (c)(12) and shall

30   make a decision on the appeal within thirty (30) days of receiving the

31   information.

32                  (ii)  The decision of a board of directors under

33   subdivision (c)(12)(C)(i) of this section is final; and

34                  (13)  A meeting held regarding a challenge or an appeal submitted

35   under a written policy adopted by a school district under subsection (b) of

36   this section shall be a public meeting and the records submitted and

considered at a meeting shall be public records under the Freedom of
Information Act of 1967, § 25-19-101 et seq.

SECTION 5.  Arkansas Code Title 13, Chapter 2, Subchapter 1, is amended
to add an additional section to read as follows:
13-2-106. Establishment of guidelines for selection, relocation, and
retention of materials.
(a)  Each county or municipal library shall have a written policy to
establish guidelines for the selection, relocation, and retention of physical
materials that are available to the public.
(b)  A county or municipal library shall have a written policy for
addressing challenged material that is physically present in the library and
available to the public and meets the requirements stated in subsection (c)
of this section.
(c)  A written policy adopted by a county or municipal library under
subsection (b) of this section shall provide, at a minimum, the following:
(1)  A person affected by the material to be challenged or an
employee of the county or municipal library may challenge the appropriateness
of material available in the county or municipal library;
(2)  The county or municipal library shall decide if material
being challenged shall remain available throughout the challenge process;
(3)  Before a person can file a challenge, the person shall
request a meeting with the librarian of the county or municipal library;
(4)  Before a meeting under subdivision (c)(3) of this section
occurs, the county or municipal library shall provide a copy of the following
to a person who requests a meeting under subdivision (c)(3) of this section:
(A)  The written policy adopted by the county or municipal
library under subsection (b) of this section; and
(B)  A form or other method by which a person may request a
reconsideration of the appropriateness of the material being challenged;
(5)  After the meeting requested under subdivision (c)(3) of this
section occurs, if the person who requested the meeting wants to formally
challenge the appropriateness of the material that was the subject of the
meeting, the person shall complete and submit the request for reconsideration
using the form or other method provided under subdivision (c)(4)(B) of this
section to challenge the material that was the subject of the meeting;

1    *(6)(A)  In conducting a review of material being challenged, the*
2    *librarian of the county or municipal library shall select a committee of*
3    *library personnel.*
4          *(B)  The librarian or his or her designee shall be a member*
5    *of the committee and may serve as the chair of the committee established*
6    *under subdivision (c)(6)(A) of this section.*
7          *(C)  The committee members who are not the librarian shall*
8    *have knowledge appropriate for the material being challenged and be*
9    *representative of diverse viewpoints;*
10         *(7)(A)  The committee established under subdivision (c)(6)(A) of*
11   *this section shall determine if the material being challenged meets the*
12   *criteria of selection.*
13         *(B)  Material being challenged:*
14            *(i)  Shall not be withdrawn solely for the viewpoints*
15   *expressed within the material; and*
16            *(ii)  Shall be reviewed in its entirety and shall not*
17   *have selected portions taken out of context;*
18         *(8)  The county or municipal library shall convene a meeting of*
19   *the committee established under subdivision (c)(6)(A) of this section after*
20   *allowing a reasonable time for the committee members to adequately review the*
21   *material being challenged and the request submitted under subdivision (c)(5)*
22   *of this section by the person challenging the appropriateness of the*
23   *material;*
24         *(9)  The committee established under subdivision (c)(6)(A) of*
25   *this section shall allow the person who submitted the request under*
26   *subdivision (c)(5) of this section to present his or her request to the*
27   *committee;*
28         *(10)  After hearing from the person who submitted the request*
29   *under subdivision (c)(5) of this section, the committee established under*
30   *subdivision (c)(6)(A) of this section shall meet to discuss the material*
31   *being challenged;*
32         *(11)(A)  The committee established under subdivision (c)(6)(A) of*
33   *this section shall vote to determine whether the material being challenged*
34   *shall be relocated within the library's collection to an area that is not*
35   *accessible to minors under the age of eighteen (18) years.*
36         *(B)  A member of the committee established under*

1  subdivision (c)(6)(A) of this section who votes with the majority under
2  subdivision (c)(11)(A) of this section shall write a summary of the reasons
3  for the majority's decision.
4          (C)  Notice of the committee's decision under subdivision
5  (c)(11)(A) of this section and the summary prepared under subdivision
6  (c)(11)(B) of this section shall be given by hand or by certified mail to the
7  person who submitted the request under subdivision (c)(5) of this section;
8          (12)(A)  If the committee established under subdivision (c)(6)(A)
9  of this section decides not to relocate the material being challenged, the
10  person who submitted the request under subdivision (c)(5) of this section may
11  appeal the committee's decision to the governing body of the county or city
12  by filing a written appeal to the executive head of the governing body of the
13  county or city within five (5) working days of the committee's decision or
14  written receipt of the committee's decision.
15          (B)(i)  If a person appeals the decision of a committee
16  under this subdivision (c)(12), the executive head of the county or city
17  shall present the material being challenged, the request submitted by the
18  person under subdivision (c)(5) of this section, the committee's decision
19  under subdivision (c)(11)(A) of this section, and the summary prepared under
20  subdivision (c)(11)(B) of this section to the governing body of the county or
21  city within fifteen (15) days of the committee's decision.
22          (ii)  In addition to the information required to be
23  provided under subdivision (c)(12)(B)(i) of this section, the executive head
24  of the county or city may also include his or her recommendation regarding
25  the appeal submitted under this subdivision (c)(12).
26          (C)(i)  The members of the governing body of the county or
27  city shall review the information submitted to them under this subdivision
28  (c)(12) and shall make a decision on the appeal within thirty (30) days of
29  receiving the information.
30          (ii)  The decision of the governing body of the
31  county or city under subdivision (c)(12)(C)(i) of this section is final; and
32          (13)  A meeting held regarding a challenge or an appeal submitted
33  under a written policy adopted by a county or city library under subsection
34  (b) of this section shall be a public meeting and the records submitted and
35  considered at a meeting shall be public records under the Freedom of
36  Information Act of 1967, § 25-19-101 et seq.

1       *(d)  As used in this section:*

2           *(1)  "Executive head of the county or city" means:*

3               *(A)  For a county library, the executive head of the*

4  *county;*

5               *(B)  For a city library, the executive head of the city;*

6  *and*

7               *(C)  For a library that is funded by both a county and a*

8  *city, the executive head of the county or city that provides the majority of*

9  *the funding for the library; and*

10           *(2)  "Governing body of the county or city" means:*

11               *(A)  For a county library, the county;*

12               *(B)  For a city library, the city; and*

13               *(C)  For a library that is funded by both a county and a*

14  *city, the county or city that provides the majority of the funding for the*

15  *library.*

16

17       SECTION 6.  Arkansas Code § 13-2-704 is amended to read as follows:

18       13-2-704. Disclosure permitted.

19       *(a)*  A library may disclose personally identifiable information

20  concerning any patron to:

21           *(1)*  The patron;

22           *(2)*  Any person with the informed, written consent of the patron;

23           *(3)*  A law enforcement agency or civil court, under a search

24  warrant; or

25           *(4)*  Any person, including without limitation the patron, who has

26  received an automated telephone notification or other electronic

27  communication for overdue materials or reserve materials if the person making

28  the request can verify the telephone number or email address to which the

29  notice was sent.

30       *(b)  A library may disclose confidential library records to:*

31           *(1)  The patron; and*

32           *(2)  The parent or legal guardian of a patron who is younger than*

33  *eighteen (18) years of age.*

34

35                   */s/D. Sullivan*

36                   **APPROVED: 3/30/23**