IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, *et al.*,                              PLAINTIFFS

v.                          NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, *et al.*                               DEFENDANTS

**PLAINTIFFS' RESPONSE TO THE CRAWFORD COUNTY
DEFENDANTS' NOTICE OF RELATED CASE**

To the extent the Court is construing the June 27, 2023, Notice of Related Case filed by defendants Crawford County and Chris Keith (the "Crawford County Defendants") as a "Motion to Transfer Case," the motion should be denied because it is procedurally improper, because it is premature, and because it is substantively deficient. *See* Notice (Dkt. # 29).[1]

Plaintiffs bring this case to facially enjoin two provisions of Arkansas' recently enacted Act 372 of 2023, which violates the First and Fourteenth Amendments to the U.S. Constitution. *See* Compl. (Dkt. # 2) at ¶ 1; PI Mot. (Dkt. # 22) at ¶ 1. The Crawford County Defendants now ask the Court to deviate from this Court's default approach to assigning cases, *see* Local Rule 40.1(a), and to instead transfer this action from Judge Timothy L. Brooks "to the docket of the Honorable P.K. Holmes, III," seemingly for consolidation with the pending action *Virden, et al. v. Crawford County, et al.*, Case No. 2:23-cv-2071-PHK – a case that is not about Act 372 at all. Rather, the *Virden* action challenges Crawford County's allegedly unconstitutional treatment of books in its public library *prior to* Act 372's passage; indeed, neither the amended complaint nor the answer in *Virden* even mention Act 372. *See Virden* Am. Compl. (Dkt. # 7); *Virden* Answer

---

[1] An ECF e-mail received by the undersigned counsel on June 28 at 9:46 a.m. reflects that the Court has re-docketed the notice filed on June 27 as a "MOTION TO TRANSFER CASE."

1

(Dkt. # 15). For the reasons given below, the Court should maintain this case's assignment and deny the Crawford County Defendants' request as procedurally improper, premature, and substantively deficient.

I.     **The Crawford County Defendants' Notice Is Procedurally Improper and Premature.**

The Crawford County Defendants request that this action be "transferred to the docket of" Judge Holmes, citing General Order No. 39.[2] *See* Notice at 1-2. But that General Order governs instances in which "a party other than the plaintiff believes a new case should be directly assigned to a judge who handled *a prior closely related case*." *See* Gen. Order No. 39(b)(5) (emphasis added). That is, the General Order applies to situations in which a newly filed action has a close factual relationship with a case that has been *closed*. *See id. Virden* is not a closed case, of course. The Crawford County Defendants assert that Plaintiffs' case is related to a *pending* case. *See* Notice at 2. In this situation, General Order No. 39 has no bearing and "a notice of related case" made pursuant to it "has no effect." *See Sooda v. Cheema*, No. 4:11CV00811 SWW, 2012 WL 423749, at *2 & *2 n.1 (E.D. Ark. Feb. 9, 2012) (denying plaintiffs' effort to have case re-assigned under General Order No. 39 where the purportedly related case was "a pending case, not a prior closed case"). What the Crawford County Defendants filed should similarly be viewed as having no effect because it is not a proper request under General Order No. 39.

General Order No. 39 provides a mechanism "for consolidation of pending cases," *see* Gen. Order No. 39(c), but the Crawford County Defendants have not filed a motion seeking that relief

---

[2] It is not clear to Plaintiffs that General Order No. 39 applies in the Western District. While it is included in the online local rules for the Western District, General Order No. 39 is signed by a judge from the Eastern District and its caption only references the Eastern District. Moreover, Local Rule 40.1 provides only that "[a]ttorneys practicing in the Eastern District of Arkansas should consult General Order 39 . . . for further details on the application of" Local Rule 40.1, which generally governs the assignment of actions. *See* Local Rule 40.1 (Note). For purposes of this response, plaintiffs assume that General Order No. 39 does apply in the Western District.

either in this case or in *Virden*. Even if they had, such relief would not be appropriate because, as discussed below, this case and *Virden* are factually and legally distinct, and consolidation at this point would prejudice the Plaintiffs with delay. *See infra* § II.

Even if the Notice constitutes a proper request under General Order No. 39, the Crawford County Defendants have failed to follow the process set forth therein. That Order commands a party that "believes a new case should be directly assigned to a judge who handled a prior closely related case" to "file a 'Notice of Related Case' *with its first pleading*." *See* Gen. Order No. 39(b)(5) (emphasis added). The Crawford County Defendants' Notice was submitted on its own, without accompaniment by their initial pleading, which has not yet been filed. This provides a further reason to deny their request. *See Sooda*, 2012 WL 423749, at *2 (denying request made pursuant to General Order No. 39 where requesting party failed to follow the procedures set forth therein).

**II.     The Crawford County Defendants' Notice Is Substantively Deficient.**

Beyond these procedural missteps, the Crawford County Defendants' request – and any future motion for consolidation under General Order No. 39(c) – is also substantively deficient for several reasons. First, the Crawford County Defendants contend that transfer or consolidation with *Virden* is necessary because the two lawsuits involve "the same set of facts," which exposes them "to potentially conflicting orders." *See* Notice at 1. But Plaintiffs' case and *Virden* do not involve the same set of facts. In *Virden*, the plaintiffs challenge decisions made by the Crawford County Quorum Court "[i]n late 2022, early 2023" to "plac[e] a prominent color label" on certain LGBTQ+-related books and "mov[e] the books to a separate 'social section.'" *See Virden* Am. Compl. at ¶ 17. Conversely, Plaintiffs in this action seek to stop two provisions in Act 372 from being enforced anywhere in Arkansas, including Crawford County. Act 372 is not mentioned, let

3

alone challenged, in the *Virden* Amended Complaint. *See generally id.* Indeed, it had not yet been signed into law at the time the operative facts in *Virden* took place.

It is true that Plaintiffs' complaint discusses actions Crawford County has taken in the past year to segregate materials in its public library, but Plaintiffs do so only to establish that Crawford County is prepared to forcefully, and unlawfully, take similar steps to implement Act 372. *See* Compl. at ¶¶ 81-82. Plaintiffs do not challenge or seek relief with respect to the conduct Crawford County has already taken, as the *Virden* plaintiffs do. The inclusion of background facts that show the imminent and non-speculative nature of Plaintiffs' harms does not make these cases so closely related as to require transfer or consolidation. *See, e.g.*, *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (finding consolidation under Federal Rule of Civil Procedure 42 to be appropriate where two cases involve "claims and issues sharing common aspects of law or fact" and where consolidation will "avoid unnecessary cost or delay").

Second, the two cases seek entirely different relief. For instance, Plaintiffs ask the Court to prohibit Crawford County and other Defendants from applying Act 372 to establish a novel and unconstitutional mechanism for challenging library materials. *See* Compl. at 32 (prayer for relief). They do not, however, challenge any decisions concerning specific materials, nor do they ask the Court to grant relief at that granular level. Conversely, the plaintiffs in *Virden* "seek[] to enjoin Crawford County from having . . . a Social Section" in the library and ask the court to order the County to restore the books that they have already moved to their original location. *See* Notice at 1; *see also Virden* Am. Compl. at 10 ("Plaintiffs pray that the Court order the Crawford County Library System to restore and maintain its books and future acquisitions to the same administrative controls and procedures as they existed in June 2022."). Despite these stark differences in the nature of relief that might result from these two cases, the Crawford County Defendants assert that

4

conflicting judicial orders will necessarily result if these cases are not decided together. But they never explain why conflict will necessarily result if their library is permitted to maintain a Social Section, but enjoined from implementing Act 372, or vice versa. Nothing Plaintiffs ask for here would require Crawford County to establish or eliminate the Social Section, and nothing the *Virden* plaintiffs request would affect whether Crawford County implements Act 372. Given the differences outlined above, the Court should not credit the Crawford County Defendants' speculative claim.

Third, consolidation of this case with *Virden* will not serve "the interest of judicial economy" merely because the defendants in *Virden* have served an answer in that action. *See* Notice at 2.[3] To the contrary, the Court in this case has entered a scheduling order to facilitate the expeditious resolution of Plaintiffs' pending preliminary injunction motion and is prepared to hear argument on Plaintiffs' motion on July 25. *See* Dkt. # 28. Consolidation with *Virden* might "disrupt the schedule . . . and result in the postponement of the preliminary injunction hearing," which is reason enough to maintain the current case assignments. *See Ouachita Watch League v. Henry*, No. 4:11CV00425 JLH, 2012 WL 12792160, at *2 (E.D. Ark. Feb. 3, 2012) (finding a later filed action to be "more advanced in one critical respect" where a preliminary injunction motion was pending and where a hearing on that motion had been scheduled).

Time is of the essence for the Plaintiffs. Act 372 will take effect on August 1, 2023, and Judge Brooks has already scheduled a July 25 hearing on Plaintiffs' motion for preliminary relief.

---

[3] In support of their request, the Crawford County Defendants cite only one case: *United States v. State of Arkansas*, 4:09-cv-33-JLH (E.D. Ark. May 27, 2010), Dkt. # 62 (the "May 27, 2010 Order"). *See* Notice at 2. That case is inapposite, however, because the court's conclusion that a later filed action was related to an earlier action was based on the plaintiff having engaged in "procedural maneuvering" involving voluntarily nonsuiting a claim and then refiling it. *See* May 27, 2010 Order at 2 n.2. No similar facts are present here.

*See* Sched. Order (Dkt. # 28). While Plaintiffs are, of course, happy to have any judge of the Western District hear this case, Plaintiffs do not want to lose the July 25 hearing that Judge Brooks has already set in view of the fact that Act 372 takes effect a few days later.

## CONCLUSION

For the foregoing reasons, the relief requested in the Notice filed by the Crawford County Defendants should be denied.

Respectfully submitted,

/s/ John T. Adams
David M. Fuqua
Ark. Bar No. 80048
John T. Adams
Ark. Bar No. 2005013
Attorneys for Plaintiffs Central Arkansas Library System, Nate Coulter, and the Eureka Springs Carnegie Public Library
FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
Telephone: (501) 374-0200
E-Mail: dfuqua@fc-lawyers.com
E-Mail: jadams@fc-lawyers.com

Bettina Brownstein
Ark. Bar No. 85019
BETTINA E. BROWNSTEIN LAW FIRM
Attorney for Olivia Farrell, Jennie Kirby, Hayden Kirby, and Leta Caplinger
904 West 2nd Street, Suite 2
Little Rock, AR 72201
Telephone: (501) 920-1764
E-Mail: bettinabrownstein@gmail.com
On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.

Will Bardwell*
Ben Seel*
Aman George*
Orlando Economos*
Attorneys for the Arkansas Library Association, Advocates for All Arkansas Libraries, and Adam Webb, in his individual capacity
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34554
Washington, DC 20043
Telephone: (202) 448-9090
E-Mail: wbardwell@democracyforward.org
E-Mail: bseel@democracyforward.org
E-Mail: ageorge@democracyforward.org
E-Mail: oeconomos@democracyforward.org

Vincent O. Chadick
Ark. Bar No. 94075
Brandon B. Cate
Ark. Bar No. 2001203
Glenn V. Larkin
Ark. Bar No. 2020149
Attorneys for Plaintiff Fayetteville Public Library
QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
E-Mail: bcate@qgtlaw.com
E-Mail: vchadick@qgtlaw.com
E-Mail: glarkin@qgtlaw.com

Michael A. Bamberger*
Kristen Rodriguez*
Rebecca Hughes Parker*
Attorneys for Pearl's Books, LLC, Wordsworth Community Bookstore LLC, American Booksellers Association, Association of American Publishers, Inc., Authors Guild, Inc. Comic Book Legal Defense Fund, and Freedom to Read Foundation
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
E-Mail: michael.bamberger@dentons.com
E-Mail: kristen.rodriguez@dentons.com
E-Mail: rebeccahughes.parker@dentons.com

* *Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 29, 2023, a copy of the foregoing was served upon all counsel of record by filing it in the CM/ECF system.

                                              /s/ John T. Adams
                                              John T. Adams