IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**FAYETTEVILLE PUBLIC LIBRARY,** *et al.*                                                                 **PLAINTIFFS**

vs.                                              No. 5:23-CV-05086-TLB

**CRAWFORD COUNTY, ARKANSAS,** *et al.*                                                            **DEFENDANTS**

## SEPARATE DEFENDANTS CRAWFORD COUNTY AND COUNTY JUDGE CHRIS KEITH'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW Separate Defendants, Crawford County, Arkansas, and Crawford County Judge Chris Keith, in his official capacity ("Crawford County"), by and through their undersigned counsel, and for their Brief in Support of Their Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), state as follows:

### INTRODUCTION

Crawford County has been sued in relation to Act 372, which was recently passed into law by the State of Arkansas. The Plaintiffs in this case include Fayetteville Public Library and a blend of other Arkansas and out-of-state entities and individuals. Plaintiffs' argument is that Act 372 is unconstitutional, and they seek a declaration to that effect. *Doc. 2* at 32.

However, Crawford County is not the proper party from whom Plaintiffs should obtain their requested relief. The State of Arkansas and its Attorney General are tasked with defending and enforcing Arkansas state law. If Plaintiffs want to stop the implementation and enforcement of Act 372, the State of Arkansas is the proper party. There is no case-or-controversy as to Crawford County. These shortcomings are why, in part, Plaintiffs fail to state a claim upon which relief can be granted and lack standing to sue Crawford County. Consequently, Crawford County moves to dismiss the claims against it in Plaintiffs' Complaint.

1

## LEGAL STANDARDS

In federal court**,** every litigant must establish Article III standing. *Counts v. Cedarville School Dist.*, 295 F.Supp.2d 996, 998 (W.D. Ark. April 22, 2003). To establish Article III standing, Plaintiffs must show: (1) an injury-in-fact: an invasion of a legally protected right that is concrete and particularized not hypothetical and conjecture; (2) a causal connection between the injury and conduct complained of; and (3) that a favorable ruling will likely redress the injury. *Id.* Without standing, this Court lacks subject matter jurisdiction over an actual case or controversy. FED. R. CIV. P. 12(b)(1); *Counts*, 295 F.Supp.2d at 998. Because Plaintiffs' action is brought against Act 372 prior to its enforcement, Plaintiffs must show their injury is "sufficiently imminent" and that "there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014); *Dakotans for Health v. Noem*, 52 F.4th 381, 386 (8th Cir. 2022). Plaintiffs' Complaint fails to establish that any of the Plaintiffs have requisite standing to pursue claims against Crawford County in this action.

Crawford County also challenges Plaintiffs' Complaint for failing to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). On a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs' facts are accepted as true and must state a plausible claim on the face of those facts. *Turkish Coal. of Am., Inc. v. Bruininks*, 678 F.3d 617, 623 (8th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiffs' Complaint challenging the constitutionality of Act 372 fails to state a plausible claim against the Crawford County Defendants.

## FACTS

Here are the facts as to Crawford County, accepted as true from the Complaint with all reasonable inferences drawn in Plaintiffs' favor. The Plaintiffs in this case are libraries, library

organizations, and library patrons frequenting various libraries in Arkansas. *Doc. 2* at ¶¶12–28. Only one of the seventeen Plaintiffs, Leta Caplinger, is a resident of Crawford County. *Doc. 2* at ¶18. Plaintiffs spend thirty-three pages of their Complaint describing the various provisions of Act 372 and allege how they are unconstitutional. *Doc. 2*. But Crawford County did not propose, draft, or sign Act 372 into law; Act 372 was drafted and approved by the Arkansas Legislature and Governor Sanders signed the Act into law. *Doc. 2* at ¶8.

Plaintiffs spend a single page (five paragraphs in total) of their Complaint alleging facts against Crawford County. *Doc. 2* at 25–26. Those five paragraphs are summarized below. According to Plaintiffs, Crawford County's library director resigned, and in November 2022, Jeffrey and Tammi Hamby wrote a letter alleging that the former director was "normalizing…homosexual and transexual lifestyles." *Doc. 2* at ¶78. Next, Tammi Hamby and two others were appointed to the Crawford County Library Board, and in January 2023, the Library System moved books into its newly created Social Section.[1] *Doc. 2* at ¶79. Then, certain Crawford County residents demanded the Library System refrain from moving books containing LGBTQ themes; the County attorney responded to those concerns on behalf of the County. *Doc. 2* at ¶82. Plaintiffs rely upon a letter sent by the Crawford County attorney to counsel in another case[2] to give the appearance that "Crawford County insisted that it was within its rights to 'protect children from exposure to materials that might harm their innocence' by segregating materials that, in Crawford County's judgment, 'might' be harmful to some minors." *Doc. 2* at ¶80. However, the

---

[1] The Crawford County Library's new, and fully accessible, Social Section is the topic of another lawsuit pending in this District. *See Virden, et al. v. Crawford County, et al.*, No. 2:23-cv-2071-PKH (W.D. Ark). The Social Section from the Van Buren Branch of the Crawford County Library System is shown in paragraph 7 of the Amended Complaint in that case. *Id.* at *Doc. 7* at ¶17.

[2] Said letter was sent to attorneys Terrance Cain and Brian Meadors who represent the Plaintiffs in *Virden, et al.*, No. 2:23-cv-2071-PKH.

same attorney letter cited by Plaintiffs is actually a response to a pre-suit demand regarding the County Library's new, and fully accessible, Social Section and stated that "Act 372 will make it necessary to continue modifying and changing the library system's policies and procedures." *Doc. 2* at ¶81; *Doc. 2-2*; *Virden, et al. v. Crawford County, et al.*, No. 2:23-cv-2071-PKH, *Doc. 7* (W.D. Ark May 30, 2023). The letter makes clear that new laws are going into effect on August 1, 2023, and will require "creating a section that is not accessible to those under eighteen." *Doc. 2* at ¶81. Finally, upon information and belief, Plaintiffs allege that Crawford County intends to segregate LGBTQ-themed books once Act 372 is in effect. *Doc. 2* at ¶82.

It is upon these most favorable facts that Plaintiffs lodge seven claims against Crawford County and County Judge Chris Keith. These facts, as alleged, still do not state a viable claim against Crawford County.

## ARGUMENT

Crawford County starts by addressing Plaintiffs' shortcomings with respect to standing. Then, Crawford County turns to Plaintiffs' failure to state facts upon which relief can be granted.

### I. Plaintiffs' Claims Do Not Stand As To Crawford County

Every litigant in federal court must establish Article III standing; it is a "jurisdictional prerequisite." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). The core requirement for standing is the existence of an injury-in-fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The other two requirements—causation and redressability—center around it. *Id.* Plaintiffs must establish standing for every claim. *Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952 (8th Cir. 2015). But here, Plaintiffs fail to establish that any of the three requirements for standing are met with respect to the Crawford County Defendants. Each element is addressed below in turn.

### *A. No Immediate Threat or Prosecution From Crawford County*

Plaintiffs bring this case for "prospective First Amendment relief." *Noem*, 52 F.4th at 386. To show injury in this context, Plaintiffs must allege either (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder" or (2) the statute chills Plaintiffs speech. *Id.* Plaintiffs fail to allege either element as to Crawford County.

As to course of conduct and prosecution, Plaintiffs allege that the prosecuting attorney defendants in this case are tasked with enforcing Act 372, including undertaking criminal prosecution. *Doc. 2* at ¶31–58. However, Plaintiffs do not allege that Crawford County will prosecute anyone pursuant to Act 372. *See Doc. 2* at ¶31–58 (alleging that only the prosecuting attorney defendants are tasked with criminal prosecution). That is because Crawford County cannot prosecute under Act 372. Therefore, Plaintiffs' threat of prosecution from the Crawford County Defendants is nonexistent.

As to chilling speech, Plaintiffs have failed to allege that any action undertaken by Crawford County will chill their speech. *Noem*, 52 F.4th at 386; *See Doc. 2.*

Although Plaintiffs do allege that Crawford County "intends" to implement a Challenge Policy pursuant to Act 372, Crawford County has not yet implemented any policies compliant with Act 372. Should Act 372 be enjoined or determined to be unconstitutional, then Crawford County will certainly obey this Court's order and forego implementing a Challenge or Availability Policy in compliance with Act 372. There is no "sufficiently imminent" threat from Crawford County that it will implement policies under Act 372 if the Act is enjoined. *Susan B. Anthony List*, 573 U.S. at 159. To the extent Plaintiffs are worried that Crawford County will continue to implement

its use of Social Sections, which, to be clear, is not compliant with Act 372, that issue is already being litigated in front of Judge Holmes. *Doc. 29*.

In sum, there is no injury-in-fact to Plaintiffs that is concrete and particularized to Crawford County on the face of Plaintiffs' Complaint. There is no chilling of speech, no sufficiently imminent threat of prosecution, nor will Crawford County implement Act 372 if it is enjoined. Plaintiffs are merely using Crawford County as pawns to give context to their lawsuit.[3] Crawford County should not have to spend taxpayer money defending itself when Plaintiffs' alleged injury and grievances lie with the State of Arkansas.

## B. Causation

Should Plaintiffs clear the hurdle of injury-in-fact, they must then show causation. This requires them to show how their injuries are fairly traceable to the challenged actions of Crawford County. *Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 956 (8th Cir. 2015). In pre-enforcement cases like this, causation requires the named defendants to possess authority to enforce the statute. *Id.* at 957–58.

Crawford County does not possess the authority to enforce Act 372. Enforcement of the Act rests with the prosecutors that have been sued by Plaintiffs and with the Attorney General, who is charged to enforce and defend Arkansas's laws. *Doc. 2* at ¶31–58; ARK. CODE ANN. § 25-16-703; FED. R. CIV. P. 5.1. In fact, if Act 372 went into effect and Crawford County did not implement it, then it would possibly be subject to litigation brought on behalf of the State of Arkansas seeking to enforce its laws. The State of Arkansas writes and adopts its laws; Crawford County follows

---

[3] Although outside the bounds of the Complaint, Plaintiffs reveal their true intentions of including Crawford County in this lawsuit in *Doc. 33*. Plaintiffs want to "stop two provisions in Act 372 from being enforced anywhere in Arkansas." *Doc. 33* at 3. Yet, Plaintiffs wrangle Crawford County into this litigation for contextual support: "to establish that Crawford County is prepared to forcefully, and unlawfully, take similar steps to implement Act 372." *Id.* at 4. That allegation is not true. If Act 372 is enjoined, then Crawford County cannot legally implement it and Crawford County should not be required to litigate based on speculative actions.

them. To stop enforcement of the state mandates codified in Act 372, Plaintiffs' causation element lies with the Governor, Attorney General, and prosecutors, those parties who created and will enforce Act 372. Again, Plaintiffs' grievances lie with them. *Doc. 2* at ¶¶8, 31–58.

### *C. Redressability*

Lastly, Plaintiffs want their injuries from Act 372 redressed by having the Act's Availability Provision and Challenge Provision enjoined, and having the same provisions declared unconstitutional. *Doc. 2* at 32, ¶¶2–3. A ruling enjoining the enforcement of those provisions and a favorable declaration for Plaintiffs would stop Act 372. But that would not change the relationship between Plaintiffs and Crawford County. Crawford County does not have in place a Challenge Policy or Availability Policy pursuant to, or in compliance with, Act 372. Nor do Plaintiffs allege as much. *Doc. 2*. What Plaintiffs do allege is that Crawford County only "intends to adopt" such policies. *Doc. 2* at ¶82. At the risk of belaboring the point: if this Court enjoins the Act, then Crawford County will not implement the Act. Crawford County follows only effective state laws. Crawford County is not a necessary or indispensable party the Plaintiffs need in this lawsuit to obtain the relief they seek in their Complaint.

### *D. Injury by Taxpayer Standing*

Plaintiffs may attempt to substitute their shortcomings with traditional Article III standing by arguing taxpayer standing. This is a nonstarter. Taxpayer standing only applies in the context of Establishment Law claims. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 347 (2006). No such claim is made by Plaintiffs in this case.

Plaintiffs have grievances, but they are not with Crawford County. Plaintiffs might have standing to bring their claims against defendants affiliated with the State of Arkansas, but they do not have standing as to Crawford County, who did not draft Act 372, sign it into law, and who are

7

not tasked with defending the enforcement of Act 372. This lack of standing is a jurisdictional defect, and as such Plaintiffs' claims against Crawford County must be dismissed.

## II. Plaintiffs' Claims Are With The State of Arkansas, Not Crawford County

Plaintiffs allege that Act 372 creates procedures for Arkansas's counties that will infringe upon Plaintiffs' First Amendment and Fourteenth Amendment Rights. *Doc. 2.* But as to Crawford County, no such claim for relief exists.

### A. First Amendment

The crux of Plaintiffs' First Amendment claims is that the First Amendment protects the right to access information. *See, e.g.*, *Doc. 2* at ¶83–84. But that crux is not as sturdy as it appears.

**The Jurisprudence.** The proposition for such a right comes from a Supreme Court Opinion called *Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico*, 457 U.S. 853, 866–67 (1982). In *Pico*, Justice Brennan "announced the judgment of the Court" and penned a plurality opinion that concluded that the First Amendment protected the right to receive information. 457 U.S. at 855, 867. But that conclusion is only supported by a total of three justices. It is a 3-to-1-to-1-to-4 holding.[4] And even then, Justice Brennan noted that his rational is narrowed to the high school setting:

> "In sum, the issue before us in this case is a narrow one, both substantively and procedurally. It may best be restated as two distinct questions. First, does the First Amendment impose any limitations upon the discretion of petitioners to remove library books from the Island Trees High School and Junior High School?
>
> *Pico*, 457 U.S. at 863.

The dissent supports such a narrow interpretation:

---

[4] The plurality support for the right to access information is supported by Justices Brennan, Marshall, and Stevens. Justice Blackmun expressly did not join the plurality as to the section containing such a right. Justice Blackmun and Justice White each wrote a separate concurrence. Chief Justice Burger, and Justices Powell, Rehnquist, and O'Conner dissented.

> "It is the very existence of a right to receive information, in the junior high school and high school setting, which I find wholly unsupported by our past decisions and inconsistent with the necessarily selective process of elementary and secondary education."

*Pico*, 457 U.S. at 910 (Justice Rehnquist Dissenting).

*Pico*'s proclamation was only ever supposed to apply in the "junior high school and high school setting." *See id* at 872. As the three-justice plurality stated: "In brief, we hold that *local school boards* may not remove books from the school library shelves simply because they dislike the ideas contained in those books." *Id.* (emphasis added).

With plurality opinions like *Pico*, what is binding on any lower court are the "narrowest grounds" that support the judgment from above. *Jones v. Jegley*, 947 F.3d 1100, 1106 n.3 (8th Cir. 2020). Federal courts remain divided over what exactly to do with *Pico*, despite the rule of narrowest grounds. *See C.K.-W. by & through T.K. v. Wentzville R-IV Sch. Dist.*, 619 F. Supp.3d 906, 913–14 (E.D. Mo. Aug. 5, 2022). The Fifth Circuit holds that Justice White's concurrence is the narrowest grounds because it supports the judgment without touching the constitutional ruling. *Muir v. Alabama Educ. Television Comm'n*, 688 F.2d 1033, 1045 n.30 (5th Cir. 1982). The First Circuit has taken no position on what grounds are narrowest and instead applies the facts of *Pico* to each case on its factual basis. *Griswold v. Driscoll*, 616 F.3d 53, 56–57 (1st Cir. 2010). The Eighth Circuit has also done this. *See Turkish*, 678 F.3d at 623–24. But the Eighth Circuit has not adopted a formal stance on *Pico*, leaving district courts to their own devices. District Courts in Missouri have read *Pico* in conjunction with *Pratt v. Indep. Sch. Dist. No. 831, Forest Lake, Minn.*, 670 F.2d 771 (8th Cir. 1982). *See L. H. v. Indep. Sch. Dist.,* No. 4:22-CV-00801-RK, 2023 WL 2192234 (W.D. Mo. Feb. 23, 2023). Such a reading has resulted in district courts assuming, without adopting, a First Amendment right to access information because *Pratt* most aligned with Justice Brennan's plurality in *Pico*. *Id.* Judge Hendren of the Western District of Arkansas ruled

9

that *Pico* is applicable to school library cases in determining whether a student suffered an injury for purposes of standing. *Counts*, 295 F. Supp.2d at 998–99. There, Judge Hendren held: "a school library is an 'environment especially appropriate for the recognition of the First Amendment rights of students.'" *Id.* at 999 (citing *Pico*, 457 U.S. at 853).

These varying approaches leave Plaintiffs in this case with a nebulous legal basis upon which to bring their restrictive access claim against the Crawford County. Plaintiffs' Complaint assumes that the First Amendment provides protection against restrictive access and assumes *Pico* applies outside of the schoolhouse. *See Doc. 2*. Plaintiffs may attempt to argue that an Eastern District of Arkansas case, *Shipley, Inc. v. Long*, expands *Pico's* right of access to non-school entities. 454 F. Supp.2d 819 (E.D. Ark. 2004); *See Doc. 23*. But that is imprecise, and the law is a precise endeavor.

In *Shipley*, the court never cited or relied on *Pico*, the court was ruling in the context of prior restraints on speech, and the court did not find the entire state statute facially unconstitutional. 454 F. Supp.2d at 831. Specifically, the court stated: "This Court concludes that said language is not facially unconstitutional since it can be constitutionally interpreted in some factual contexts." *Id.* But, the prior restraint issue was a matter of state law and the plaintiffs sued only the prosecuting attorneys to seek their relief. *Id.* at 830.

In this case, the issue and allegations of prior restraint are a matter of state law. *See Doc. 2*. But unlike *Shipley*, Plaintiffs in this case sued Crawford County in addition to the prosecuting attorney defendants. *Doc. 2* at ¶¶29–58. However, Crawford County did not pass Act 372 and is not tasked with its enforcement. Thus, any parallels Plaintiffs hope to draw between *Shipley* and this case must stop short of Crawford County. The prior restraint is a state issue.

Therefore in this lawsuit, Plaintiffs cannot in good faith argue that, based on precedent, the First Amendment protects—outright—the right to receive information in a County Library. Thus, under any set of facts Plaintiffs may allege, their First Amendment claim fails on its face because the First Amendment does not provide the legal protections to which Plaintiffs cling.

**The Facts Against Crawford County.** At this stage, even if this Court assumes that *Pico* does provide Plaintiffs with a legal toehold, Plaintiffs' favorable facts erode any basis for a claim against Crawford County. Crawford County "moved their LGBTQ children's books out of the children's section into a new area within their respective adult sections." *Doc. 2* at ¶79. The "respective adult section" is unrestricted and accessible to all Crawford County Library patrons, and Plaintiffs do not allege that is restricted to only adults. *See Doc. 2* at ¶79.; *Virden, et al. v. Crawford County, et al.*, No. 2:23-cv-2071-PKH, *Doc. 7* at ¶17 (W.D. Ark May 30, 2023) (providing an example of the new Social Section that houses certain LGBTQ books). Plaintiffs do not allege that they have been denied the ability to check out a book or pull one off the shelf and peruse its pages.[5] *See Doc. 2* at ¶79. Plaintiffs do not allege that books have been removed, placed behind the circulation desk, or covered up. *See id.* Anyone visiting a Crawford County Library can access its books and anyone with a library card is able to check out a book. Lastly, Plaintiffs admit that Crawford County has not yet instituted any provision of Act 372 nor did it sign Act 372 into law: (1) "Governor Sanders signed act 372…"; (2) "Crawford County ***intends*** to adopt a policy…that such material *must* be segregated based on…Act 372." *Doc. 2* at ¶82 (emphasis added only as to "intends").

Precedent holds these facts as nonrestrictive. In the guiding case of *Pico*, the school removed books from the library. 457 U.S. at 858, 866, 872. Students were not able to pick the

---

[5] This lack of allegation may be in part that only one Plaintiff lives in Crawford County and is a Crawford County Library patron. *Doc. 2* at ¶18.

11

books off the shelf for perusal or check out the books. *Id.* at 858, 866. The Eighth Circuit recognizes such a removal requirement. In *Turkish*, the Eighth Circuit dismissed an organization's restrictive access claim because its website was not actually removed from a school's internet system; the site was just labeled as unreliable. 678 F.3d at 624. The Court explained that *Pico* was not instructive nor was there a restriction because the Complaint contained "no hint" that students were not free to access the site, email material from the site, or "regale passers-by on the sidewalk with quotes from the…website." *Id.* Lastly, the Western District recognizes that removal is necessary. In *Counts*, the school removed the Harry Potter books from the shelves and required the students "to have parental permission to check out the books." 295 F. Supp.2d at 996. The student-plaintiff was not able to readily access the books in question, and instead had to "locate the librarian, perhaps waiting her turn to consult the librarian, then ask to check out the book and wait while the librarian verifies that she has parental permission to do so, before she can even open the covers of the book." *Id.* at 999. These cases all have a common holding: schools removing books equates to a restriction on access.

In light of the precedent above, Plaintiffs' facts, even if accepted as true, do not state a First Amendment restrictive access claim against Crawford County. Plaintiffs have sued over county libraries, not school libraries. The books at issue in this case remain in the Crawford County library and on the shelves, accessible just like the websites in *Turkish*. The books are not behind a circulation desk, as they were in *Counts*. The books remain accessible for anyone to "review a passage," *id.*, or take them outside and "regale passers-by on the sidewalk." *Turkish*, 678 F.3d at 624. And if Act 372 is enjoined, then the Crawford County Library will not follow the Act. Plaintiffs' allegations as to the Crawford County Defendants are insufficient to support any claims that Crawford County is violating or will violate their rights.

### B. *Fourteenth Amendment*

The second part of Plaintiffs' constitutional claims rest upon the Fourteenth Amendment. *See* Doc. 2 at ¶¶77, 99–103. Plaintiffs argue that Act 372 runs afoul of due process by being vague and lacking judicial review. *Id.* True or untrue, Crawford County is not the proper party for such claims.

On vagueness, Crawford County did not propose the language or terms of Act 372. The State did. Plaintiffs do not allege that: (1) the County drafted Act 372, (2) argued Act 372 in committee, (3) voted for Act 372 in the General Assembly, (4) nor signed Act 372 into law. *Doc. 2* at ¶8. Plaintiffs also do not allege that Crawford County is tasked with implementing or enforcing Act 372. *See* Doc. 2.

On lack of judicial review, the same is true as above: Act 372 is not a local ordinance, rule or law enacted by Crawford County. It is a law created by the State of Arkansas. The inclusion or exclusion of necessary judicial protections within the Act are for the State of Arkansas to oversee. And whether Act 372 is lacking in judicial review is for the State of Arkansas to defend. ARK. CODE ANN. § 25-16-703.

But again, Crawford County did not write nor sign into law any of the provisions of Act 372. It is a matter of state law, and Plaintiffs do not state a claim under the Fourteenth Amendment as to Crawford County. Their fight is with the State of Arkansas.

Plaintiffs have failed to state both a viable First Amendment and Fourteenth Amendment claim against Crawford County. The First Amendment does not protect the right of access outside of a school library; Plaintiffs do not allege any restriction on access by Crawford County; and Plaintiffs' Fourteenth Amendment claims rest on actions by the State of Arkansas. Crawford

County is simply the wrong target for Plaintiffs' grievances; the State of Arkansas is who they need.

## CONCLUSION

Plaintiffs' case against the Crawford County Defendants cannot stand. They fail to provide this Court with enough facts to show they have been injured-in-fact, that any alleged injury was or will be caused by Crawford County, or that it can be redressed in this case. The Crawford County Defendants are not the defendants who justice demands nor are they whom the law requires in this case—they are just following state law.

Even if Plaintiffs did have standing, they rest their claims against Crawford County upon five meager paragraphs. Their First Amendment claims rest upon precedent only found in a schoolhouse and their Fourteenth Amendment issues are targeted at actions undertaken by the State of Arkansas. Crawford County is many things for many people, but it is not a proper party defendant for this case. Plaintiffs want to enjoin the State of Arkansas's Act 372 from going into effect and they cannot obtain that relief from Crawford County. Therefore, their Complaint as to the Crawford County Defendants should be dismissed.

WHEREFORE, Separate Defendants Crawford County, Arkansas, and County Judge Chris Keith, in his official capacity pray that the claims against Crawford County in Plaintiffs' Complaint, *Doc. 2*, be dismissed with prejudice; that Defendants recover their fees, costs and disbursements incurred in defending this action; and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**PPGMR Law, PLLC**

James D. Rankin III, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: Jim@ppgmrlaw.com
       Forrest@ppgmrlaw.com
       Sam@ppgmrlaw.com

*Attorneys for Separate Defendants Crawford County, Arkansas, and County Judge Chris Keith, in his official capacity*