IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY,** *et al.*                                              **PLAINTIFFS**

**vs.**                                           **No. 5:23-CV-05086-TLB**

**CRAWFORD COUNTY, ARKANSAS,** *et al.*                                      **DEFENDANTS**

### SEPARATE DEFENDANTS CRAWFORD COUNTY AND COUNTY JUDGE CHRIS KEITH'Ss RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, OR, IN THE ALTERNATIVE, A TEMPORARY RESTRAINING ORDER

COME NOW Separate Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith ("Crawford County"), in his official capacity, by and through their undersigned counsel, and for their response in opposition to Plaintiffs' Motion for a Preliminary Injunction, or, in the Alternative, a Temporary Restraining Order, *Doc. 22,* state:

### INTRODUCTION

"Nor are these concerns confined to Crawford County." *Doc. 23* at 12. Those are the words of Plaintiffs in arguing for a Preliminary Injunction against the State of Arkansas and Crawford County. *Id.* Plaintiffs are right—based on their papers, their grievances are statewide, not confined to just one county or one library. *See Docs. 2, 22, 33.* As Plaintiffs admit, they want a preliminary injunction stopping Act 372 from going into effect statewide. *Id.* Their global prayer for injunctive relief encompasses Crawford County, along with the seventy-four other Arkansas counties. But Plaintiffs do not pray for any injunctive relief as to Crawford County. *Doc. 23* at 37. Plaintiffs do not allege or argue that any harm has or will come at the behest of Crawford County that is unique to Crawford County. *Docs. 2*, *22*, *23*. Which invokes a question, why are the Crawford County Defendants in this lawsuit?

1

**LEGAL STANDARD**

Preliminary injunctions serve to prevent a change in conditions between parties that may result in irremediable injury. *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 n.5 (8th Cir. 1981) (en banc). The four factors courts must consider when deciding whether to grant a preliminary injunction, which are set forth by Plaintiffs' motion—harm, success, balance, and public interest—are the correct factors. Doc. 23 at 15 (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d at 114). However, these factors, as applied to the Crawford County Defendants, do not show what irreparable harm by Crawford County must be stopped.

**ARGUMENT**

**I. As To Crawford County: No Injunctive Relief Is Warranted**

Plaintiffs pray for no injunctive relief as to Crawford County. Doc. 23 at 37. Instead, they ask that every county, city, school, bookstore, and library be enjoined from following Act 372. *Id.*; Doc. 33 at 3. They do this by asking that Act 372, a state law, to be declared unconstitutional. Doc. 23 at 37. That battle is for the State of Arkansas to fight—not Crawford County. *See* ARK. CODE ANN. § 25-16-703. It is Arkansas, through its Attorney General, that is tasked to defend its laws in Federal court, not Crawford County. *Id.*

**A. *No Irreparable Harm Alleged or Argued***

Plaintiffs have not alleged or argued they will suffer any irreparable harm at the hands of Crawford County. *See Docs. 2, 22, 23*. In fact, Plaintiffs only want Crawford County and the County Judge as Defendants in this case to provide "background facts." Doc. 33 at 4. In doing so, Plaintiffs have forced Crawford County to expend taxpayer monies to defend itself against an injunction where no harm by Crawford County is alleged. If Act 372 is enjoined preliminarily, then Crawford County cannot and will not implement policies required by the Act. Doc. 38-1.

Likewise, if Act 372 is declared unconstitutional and is enjoined permanently, then Crawford County will not implement policies in accordance with the Act. *Id.*

Plaintiffs' perceived threat of irreparable harm at the hands of Crawford County is non-existent. Plaintiffs have not alleged or argued otherwise. Thus, the irreparable harm factor weighs in favor of Crawford County.

### B. Success, Balance, and Public Interest are Nonexistent as to Crawford County

Without any harm, the success, balance, and public interest factors fall by the wayside. Crawford County is the lone county in Plaintiffs' lawsuit. Plaintiffs included Crawford County despite knowledge that they did not need to for them to be successful on the merits. For example, Plaintiffs knew that the Arkansas State Library was making plans to follow Act 372. *Doc. 23* at 12. Yet, Plaintiffs did not sue the State Library. Plaintiffs also knew that they did not have to sue every county in Arkansas in being successful to stop Act 372: "Plaintiffs in this action seek to stop two provisions in Act 372 from being enforced anywhere in Arkansas, including Crawford County." *Doc. 33* at 3. Yet, Plaintiffs have only included Crawford County and not the other seventy-four Arkansas counties. If Plaintiffs believed that they needed all seventy-five counties to stop Act 372, then they would have included them. But Plaintiffs did not believe that it needed them to be successful on the merits of this case, as Crawford County's inclusion was just for "background facts." *Doc. 33* at 4.

Plaintiffs' motives are revealed through their arguments for injunctive relief. Plaintiffs' issues lie with the State of Arkansas, not Crawford County. Here are Plaintiffs' own words:

- "The *State* has known for nearly 20 years that this type of provision is unconstitutional." *Id.* at 18 (emphasis added).
- "Whenever a *state* system of censorship imposes a prior restraint…" *Id.* at 31 (emphasis added).

3

- "Existing *state* laws prohibit evils associated with displaying…" *Id.* at 37 (emphasis added).
- "Laws the *State* considers adequate for decades will remain on the books…" *Id.* (emphasis added).

Plaintiffs make no arguments as to success on the merits as it relates to the Crawford County Defendants. Plaintiffs' grievances are with the State and the State alone.

On the balance of harms and public interest factors, there is nothing for this Court to consider as to Crawford County. Whether the balance of harms tilts one way or another is between Plaintiffs and the State in defending the constitutionality of its laws. Whether the public's interest leans one way or another is also between them. Whatever this Court decides, Crawford County will follow. Crawford County only implements laws that are in effect; injunction by federal decree is not synonymous with "in effect."

With no need for Crawford County to be in this lawsuit for Plaintiffs to be successful, no harm done by Crawford County, no effect as to the balance of harms, and no barring on public interest, Plaintiffs' injunctive relief is not warranted as to Crawford County.

## II. <u>Plaintiffs' Lack of Standing</u>

In arguing for injunctive relief, Plaintiffs argue that they have standing. As to the Crawford County Defendants, Plaintiffs do not. The Crawford County Defendants have addressed the several reasons why in their Motion to Dismiss and accompanying brief, *Docs. 35, 36*. The Crawford County Defendants incorporate by reference and assert those arguments here, as if fully stated herein.

## CONCLUSION

Plaintiffs sued Crawford County in this lawsuit challenging the constitutionality of state law, but do not argue for injunctive relief against the County. They assert no actual harm caused by Crawford County, and they do not need Crawford County to get the relief they want—an

4

injunction against Act 372. Crawford County only enforces state laws that are on the books and not enjoined by a court. *Doc. 38-1*. As stated above, Plaintiffs battle is with the State of Arkansas—Crawford County is merely caught in the crossfire.

      WHEREFORE, Separate Defendants Crawford County, Arkansas and Crawford County Judge Chris Keith responds to Plaintiffs' Motion for a Preliminary Injunction, or, in the Alternative, a Temporary Restraining Order, *Doc. 22,* and ask that any request by the Plaintiffs for an injunction against Crawford County be denied.

Respectfully Submitted,

**PPGMR Law, PLLC**

James D. Rankin III, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: Jim@ppgmrlaw.com
        Forrest@ppgmrlaw.com
        Sam@ppgmrlaw.com

*Attorneys for Separate Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith, in his official capacity*