**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**FAYETTEVILLE PUBLIC LIBRARY,** *et al.*                          **PLAINTIFFS**

vs.                                No. 5:23-CV-05086-TLB

**CRAWFORD COUNTY, ARKANSAS,** *et al.*                         **DEFENDANTS**

**SEPARATE DEFENDANTS CRAWFORD COUNTY AND**
**COUNTY JUDGE CHRIS KEITH'S BRIEF IN SUPPORT**
**OF THEIR MOTION TO EXCLUDE EVIDENCE AND LIMIT TESTIMONY**

COME NOW Separate Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith, in his official capacity (collectively "Crawford County"), by and through their undersigned counsel, and for their Motion to Exclude Evidence and Limit Testimony, states as follows:

## INTRODUCTION

Plaintiffs recently disclosed their witness and exhibit list for the upcoming hearing on their motion for a preliminary injunction. *Doc. 44-1*. Sixteen of Plaintiffs' eighteen proposed exhibits are about Crawford County, its current library policies, and its use of "Social Sections." *Doc. 44-1*. But Crawford County's current library policies and the resulting use of Social Sections are the basis of another lawsuit—*Virden, et al. v. Crawford County, et al*. Crawford County raised this issue previously in its Notice of Related Case. *See Doc. 29*. Plaintiffs assured this Court that their case and the *Virden* did not overlap and were not similar. *Doc. 33*. This Court agreed. *Doc. 41*.

Facts related to Crawford County's current library policies and resulting Social Sections

1

are not appropriate or relevant for the July 25, 2023 hearing—those issues have nothing do with the text of Act 372 which is what is at issue in this case.[1] Therefore, Crawford County moves to exclude such evidence because it is not relevant on this matter and Plaintiffs' facial constitutional challenge of Act 372.

## ARGUMENT

Plaintiffs' motion for a preliminary injunction prays that "Section 1 (the 'Availability Provision') and Section 5 (the 'Challenge Procedure')" of Act 372 be found to "violate the First and Fourteenth Amendments" and for this Court to enjoin those sections from going into effect "anywhere in Arkansas" on August 1, 2023. *Doc. 23* at 2, 37; *Doc. 33* at 3–4. Plaintiffs' motion and its case-in-chief are facial challenges to Act 372; Plaintiffs have argued this repeatedly:

- "Specifically, Plaintiffs seek to preliminarily and permanently enjoin enforcement of, and declare facially unconstitutional and void, Sections 1 and 5 of Act 372 as violations of their rights under the First and Fourteenth Amendments to the U.S. Constitution." *Doc. 2* at ¶1.

- "Plaintiffs bring this case to facially enjoin two provisions of Arkansas' recently enacted Act 372 of 2023, which violates the First and Fourth Amendments to the U.S. Constitution." *Doc. 33* at 1.

In facial challenges, the Eighth Circuit has made clear that "[i]n determining whether a law is facially invalid, courts must be careful not to go beyond the statute's facial requirements[.]" *Keller v. City of Fremont*, 719 F.3d 931, 945 (8th Cir. 2013) (quoting *Wash. State Grange v. Wash. State Rep. Party*, 552 U.S. 442, 449–50 (2008)); *see also Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds*, 530 F.3d 724, 735 (8th Cir. 2008).

However, Plaintiffs' exhibit list for the preliminary injunction hearing on their facial challenge goes well beyond the words contained in Act 372. Plaintiffs include sixteen pieces of

---

[1] Crawford County files its motion to exclude evidence and limit testimony in advance of the July 25, 2023 hearing as not to surprise the Court during the hearing, and allow to the Court ample time to consider Crawford County's arguments.

evidence that speak to a host of issues beyond Act 372, including Crawford County's current policies and resulting use of Social Sections. *Doc. 44-1*. This evidence is not "of consequence" in determining if Act 372 is constitutional and is likely to confuse that issue. FED. R. EVID. 401(b), 403. Thus, Crawford County moves to exclude and limit this evidence and related testimony.

**I. Crawford County moves to exclude Crawford County Library Board Minutes from November 8, 2022, January 10, 2023, and March 14, 2023; and Crawford County Quorum Court Minutes from November 11, 2022, December 19, 2022, January 1, 2023, January 17, 2023, February 21, 2023, and March 13, 2023**

Plaintiffs proposed exhibits 1–3 are copies of Crawford County's Library Board minutes from November 8, 2022, January 10, 2023, and March 14, 2023. *Doc. 44-1* at 3. Plaintiffs' proposed exhibits 7–12 are copies of Crawford County Quorum Court Minutes from November 11, 2022, December 19, 2022, January 1, 2023, January 17, 2023, February 21, 2023, and March 13, 2023. *Id.* at 3, 19–42. These proposed minutes exhibits should be excluded entirely from the July 25, 2023, hearing for two reasons. First, these exhibits are of no consequence in determining whether Act 372, on its face, violates the U.S. Constitution. Second, this evidence is also likely to confuse the issues before the Court and waste time in presenting evidence that bears no weight as to whether Act 372, on its face, violates the U.S. Constitution. Federal Rule of Evidence 401 and 403 excludes such irrelevant exhibits.

As Plaintiffs point out, Act 372 was signed into law on March 31, 2023. *Doc. 23* at 2. The proposed minute exhibits 1–3 and 7–12 precede that date. *See Doc. 44-1* at 3. And as Plaintiffs have fervently argued, Crawford County's actions prior to the passage of Act 372 are at issue in the *Virden* case alone:

- "Rather, the *Virden* action challenges Crawford County's allegedly unconstitutional treatment of books in its public library *prior to* Act 372's passage; indeed neither the amended complaint nor the answer in *Virden* even mention Act 372." *Doc. 33* at 1.

3

- "Conversely, Plaintiffs in this action seek to stop two provisions in Act 372 from being enforced anywhere in Arkansas, including Crawford County. Act 372 is not mentioned, let alone challenged, in the *Virden* Amended Complaint. Indeed, it had not yet been signed into law at the time the operative facts in *Virden* took place." Doc. 33 at 3–4 (citations omitted).

Plaintiffs made it clear in their opposition that this case deals with Act 372 and any conduct or facts that occurred prior to its passage are for the *Virden* litigation. *See* Doc. 33 at 1, 3–4. The Court agreed with Plaintiffs' argument that *Virden* is in part about Crawford County's action *prior* to Act 372's passage. *Doc. 41* at 1.

The proposed minute exhibits 1–3 and 7–12 all occurred prior to Act 372's passage and do not contain any reference to Act 372. The exhibits are simply irrelevant here because they do not contain facts "of consequence" that are within the scope of this litigation or the preliminary injunction Plaintiffs seek at the hearing. FED. R. EVID. 401(b). Their use at the hearing will not tend to make a consequential fact more or less probable because whether Act 372 is facially constitutional is a legal argument alone; the proposed statue says what it says. Allowing such evidence to be presented at the hearing is a waste of time and confuses the single issue before this Court: are Section 1 and Section 5 of Arkansas's Act 372 constitutional? Crawford County's Quorum Court and Library Board minutes dated before Act 372's passage obviously have nothing to do with Act 372 and only detract from answering that question.

Therefore, the proposed Library Board minute exhibits 1–3 (Crawford County's Library Board minutes from November 8, 2022, January 10, 2023, and March 14, 2023) and proposed Quorum Court minute exhibits 7–12 (November 11, 2022, December 19, 2022, January 1, 2023, January 17, 2023, February 21, 2023, and March 13, 2023), should be excluded from any parties' use at the preliminary injunction hearing pursuant to Federal Rule of Evidence 401 and 403.

## II. Crawford County moves to exclude "List of Books in the Crawford County Library 'Social Section'" and "Photographs of the 'Social Section' at CCL Branches"

"Plaintiffs do not challenge or seek relief with respect to the conduct Crawford County has already taken, as the *Virden* plaintiffs do." *Doc. 33* at 4. Plaintiffs made it clear that the relief they seek is not the same as the *Virden* plaintiffs. As Plaintiffs point out, the *Virden* plaintiffs in part "'seek to enjoin Crawford County from having…a Social Section' in the library and ask the court to order the County to restore the books that they have already moved to their original location." *Doc. 33* at 4 (internal citations omitted). And Plaintiffs assured this Court that "[n]othing Plaintiffs ask for here would require Crawford County to establish or eliminate the Social Section…." *Doc. 33* at 5.

It is curious then, why Plaintiffs seek to introduce at the preliminary injunction hearing in this case a "List of Books in the Crawford County Library 'Social Section'" and "Photographs of the 'Social Section' at CCL Branches" (proposed Social Section exhibits 14 and 15). *Doc. 44-1* at 3. According to Plaintiffs, the Social Section concerns the *Virden* case—not this matter. *Doc. 33*. This Court agreed. *Doc. 41*. Crawford County does not wish to revisit whether this case and *Virden* overlap but does seek to hold Plaintiffs to their arguments and the law of the case.

These proposed Social Section exhibits are not relevant to Plaintiffs motion for preliminary injunction because "Plaintiffs seek to preliminarily and permanently enjoin enforcement of, and declare facially unconstitutional and void, Sections 1 and 5 of Act 372 as violations of their rights under the First and Fourteenth Amendments to the U.S. Constitution." *Doc. 2* at ¶1. The introduction of proposed exhibits 14 and 15, and their use at the hearing, will bear no weight on a fact of consequence in answering the singular issue before this Court—the constitutionality of Section 1 and Section 5 of Act 372. The only facts that matter in answering that question are "the

statute's facial requirements." *Keller*, 719 F.3d at 945. These exhibits would only serve to distract from answering that question and waste time.

Plaintiffs made clear that this case is not on the "granular level" of dealing with Social Sections, like *Virden*. *Doc. 33* at 4. However, Plaintiffs now seem eager to plumb the depths of the Social Section in this litigation. Thus, pursuant to *Keller*, *Rounds*, and Federal Rule of Evidence 401 and 403, Crawford County moves to exclude Plaintiffs proposed exhibits 14 and 15 ("List of Books in the Crawford County Library 'Social Section'" and "Photographs of the 'Social Section' at CCL Branches").

### III. Crawford County moves to exclude "November 10, 2022 Letter from Dr. and Mrs. Hamby to Crawford County"

Plaintiffs seek to introduce at the preliminary injunction hearing a letter from Dr. and Mrs. Hamby to Crawford County. *Doc. 44-1* at 3. Crawford County assumes that Plaintiffs' motives to introduce such as letter is to help prove paragraph 78 of their Complaint. *Doc. 2* at ¶78. But such a letter is not relevant to the preliminary injunction nor the case-in-chief.

As to the preliminary injunction, Plaintiffs' request that this Court preliminarily enjoin two sections of Act 372 from going into effect due to their alleged unconstitutionality. *See, e.g.*, *Doc. 2* at ¶1. Plaintiffs bring their injunction based on the face of the Act, thus the only relevant facts for Plaintiffs are the Act's "facial requirements." *Keller*, 719 F.3d at 945. Consequently, a letter sent by non-parties, Dr. and Mrs. Hamby, to their county government is clearly outside the narrow scope of "facial" facts relevant in deciding Plaintiffs' motion for a preliminary injunction. The letter at issue was also sent well before Act 372 was signed into law and makes no reference to Act 372. Plaintiffs assured this Court, things done prior to Act 372's passage are for the *Virden* case: "[t]he *Virden* action challenges Crawford County's allegedly unconstitutional treatment of books in its public library *prior to* Act 372's passage[.]" *Doc. 33* at 1; *see also Doc. 41* at 1.

6

As to their case-in-chief, paragraph 78 of Plaintiffs' Complaint states that the Hamby's sent a letter to Crawford County in November of 2022. *Doc. 2* at ¶78. But Plaintiffs already told this Court that it included such inconsequential facts were for "background" purposes:

> "Plaintiffs do not challenge or seek relief with respect to the conduct Crawford County has already taken, as the *Virden* plaintiffs do. The inclusion of <u>background facts</u> that show the imminent and non-speculative nature of Plaintiffs harms does not make these cases so closely related as to require transfer." *Doc. 33* at 4 (emphasis added).

But such background facts do not make Act 372 more or less constitutional. It is the "statute's facial requirements" that determine whether a law is facially constitutional. *Rounds*, 530 F.3d at 735.

Plaintiffs may rebut Crawford County's arguments to exclude the Hamby Letter because Crawford County included Mrs. Hamby on its potential witness list. *Doc. 44-2*. Plaintiffs' rebuttal is easily dispensed with. Crawford County disclosed its witness list at prior to Plaintiffs on July 18, 2023. Crawford County was aware that Plaintiffs' stated facts as to Mrs. Hamby in their Complaint and included her in its witness list in anticipation that Plaintiffs would attempt to dredge facts related to actions that took place prior to Act 372's passage. Crawford County's inclusion of Mrs. Hamby was not intended to litigate issues outside the scope of Act 372. Rather, listing Mrs. Hamby as a potential witness was meant to hedge against Plaintiffs' potentially out of bounds and out of time arguments. If the Court excludes the Hamby Letter, then it is very unlikely Crawford County will have to call Mrs. Hamby as a witness.[2]

Simply put, the letter at issue has nothing to do with this case or Act 372. Therefore, pursuant to *Keller*, *Rounds*, and Federal Rules of Evidence 401 and 403, Crawford County moves

---

[2] Crawford County reserves the right to call Mrs. Hamby should Plaintiffs go beyond the facial requirements of Act 372.

to exclude Plaintiffs' proposed exhibit 13 ("November 10, 2022 Letter from Dr. and Mrs. Hamby to Crawford County") as its inclusion is not related to Act 372's facial requirements and it is irrelevant to facts at issue at the upcoming hearing hearing and in this case at large.

### IV. Crawford County moves to exclude "Crawford County Library Prior and Revised Reconsideration of Material Policies."

Plaintiffs inclusion of evidence beyond Act 372's "facial requirements" continues with Plaintiffs' proposed exhibit 16 ("Crawford County Library Prior and Revised Reconsideration of Material Policies"). *Keller*, 719 F.3d at 945; *Doc. 44-1*.

Using Crawford County's library policies, both prior and revised, at the preliminary injunction hearing would go beyond the narrow scope of the facial requirements of Act 372. Plaintiffs will likely argue that that Crawford County's future reconsideration policy that will be "as of Act 372" somehow matters to their proof at the upcoming hearing. *Doc. 44-1* at 3. But as Crawford County has said from the beginning, if this Court enjoins Act 372 then any future policy compliant with Act 372 will not be enforced. *See Doc. 38-1*. As to Crawford County's prior, revised, and current policies, none are before this Court in Plaintiffs' motion. Plaintiffs have made clear that their case seeks to "facially enjoin" Act 372 and it is not on the "granular level" of *Virden*'s factual challenge to Crawford County's pre-Act 372 policies. *Doc. 33* at 1, 4.

Harkening back to *Virden*, Crawford County's current Reconsideration Policy and the resulting Social Sections are the central issues in that case. The *Virden* plaintiffs seek to have Crawford County ordered to (1) restore its administrative controls and processes to those that existed in June of 2022 and (2) return categorizing and locating of books to the same methods in use in June 2022. *Virden,* No. 2:23-cv-2071, Docs. 7 at 10, 17 at 5 (W.D. Ark). Their basis is that Crawford County's current administrative policies, including the Reconsideration Policy, and the resulting use of Social Sections are unconstitutional. *Virden,* No. 2:23-cv-2071, Doc. 7 (W.D.

Ark). There is a current pending motion for temporary restraining order and preliminary injunction pending in *Virden* on that exact issue. *Virden,* No. 2:23-cv-2071, Docs. 16, 17 (W.D. Ark). If Crawford County prevails in *Virden*, then its current, non-Act 372 compliant Reconsideration Policies will be considered constitutional.

Plaintiffs assured the Court that their case was different. *Doc. 33*. This Court agreed. *Doc. 41*. Crawford County takes Plaintiffs at their word and respects this Court's ruling: this case is different, as it is only a facial challenge to Act 372, arguing only as to the Act's "statutory requirements." *Keller*, 719 F.3d at 945; *Doc. 33* at 1; *Doc. 2* at ¶1.

Therefore, pursuant to *Keller*, *Rounds*, and Federal Rules of Evidence 401 and 403, Crawford County moves to exclude Plaintiffs proposed exhibit 16 ("Crawford County Library Prior and Revised Reconsideration of Material Policies") as its inclusion is not related to Act 372's facial requirements, it is irrelevant to facts at issue at the hearing and in this case, and whether those policies are constitutional will be decided by Judge Holmes in the *Virden* case.

**V. Crawford County moves to exclude Crawford County Library Board Minutes from May 9, 2023, June 6, 2023, and July 11, 2023, and to limit all testimony of all witnesses to that of Act 372's facial requirements.**

Again, Plaintiffs bring a facial challenge as to Act 372. *Doc. 2* at ¶1; *Doc. 33* at 1. The constitutional issues they raise will be won or lost on the words inscribed within Act 372 because what matters most are "the statute's facial requirements." *Washington State Grange*, 552 U.S. at 450. Facial challenges are disfavored as they "run contrary to the fundamental principle of judicial restraint." *Id.* This is why facial challenges "must be careful not to go beyond" the words on the page. *Id.* So too must the witnesses and the evidence at the hearing not stray far from the text of Act 372.

The witness testimony both live at the hearing and adopted by pleadings should be limited

9

to that of Act 372's requirements. Anything beyond the four-corners of the Act is not relevant to in determining if the Act's provisions are unconstitutional. Allowing testimony about things beyond Act 372's requirements is not of consequence and is a waste of time. FED. R. EVID. 401, 403; *Washington State Grange*, 552 U.S. at 450.

The same is true for the Library Board minutes from May 9th, June 6th, and July 11th of 2023. Although these minutes are from after Act 372 was passed, they yet still prior to its enforcement, the contents of this evidence goes beyond the four-corners of Act 372. Allowing such evidence at the hearing will only waste time as the facts it speaks to are not of consequence in answering the single question before this Court—is Act 372 unconstitutional, on its face?

Crawford County recognizes that Plaintiffs also bring facial challenges rooted in unconstitutional vagueness. *Doc. 2* at 30–31. Such relief depends on how the subjective facts of the plaintiff and the "particular facts at issue" in the case. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010). Crawford County does not seek to hinder Plaintiffs in moving to exclude such evidence and limiting testimony. Instead, Crawford County moves to exclude evidence and limit testimony as to ensure that evidence and testimony only relates to the statutory requirements of Act 372, including whether its language is vague.

Therefore, pursuant to *Washington State Grange*, *Humanitarian Law Project,* and Federal Rules of Evidence 401 and 403, Crawford County moves to exclude Crawford County Library Board Minutes from May 9, 2023, June 6, 2023, and July 11, 2023 and to limit all testimony of all witnesses to that of Act 372's facial requirements.

## CONCLUSION

The upcoming preliminary injunction hearing revolves around a single narrow question— is Act 372, on its face, unconstitutional? However, the majority of Plaintiffs' proposed exhibits

do not touch or concern Act 372. The exhibits and testimony referenced above are not relevant to this case or Plaintiffs' motion for a preliminary injunction. To keep the hearing focused on the relief requested by Plaintiffs, Crawford County moves the Court to order that:

The following evidence is excluded:

- Plaintiffs' proposed exhibits 1–3: Crawford County Library Board Minutes from November 8, 2022, January 10, 2023, and March 14, 2023.

- Plaintiffs' proposed exhibits 7–12: Crawford County Quorum Court Minutes from November 11, 2022, December 19, 2022, January 1, 2023, January 17, 2023, February 21, 2023, and March 13, 2023

- Plaintiffs' proposed exhibits 14 and 15: "List of Books in the Crawford County Library 'Social Section'" and "Photographs of the 'Social Section' at CCL Branches"

- Plaintiffs' proposed exhibit 13: "November 10, 2022, Letter from Dr. and Mrs. Hamby to Crawford County"

- Plaintiffs proposed exhibit 16: "Crawford County Library Prior and Revised Reconsideration of Material Policies."

- Plaintiffs proposed exhibits 4–6: Crawford County Library Board Minutes from May 9, 2023, June 6, 2023, and July 11, 2023

The following testimony is limited:

- All witness testimony both live at the hearing and entered into the record by pleading shall be limited to the facial requirements of Act 372, including whether the Act's language is vague.

WHEREFORE, Separate Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith, in his official capacity requests that its Motion Exclude Evidence and Limit Testimony be granted, that the Court enter an order excluding irrelevant evidence and limiting testimony that goes beyond the scope of this case, and for all other just and proper relief to which it is entitled.

Respectfully Submitted,

**PPGMR Law, PLLC**

James D. Rankin III, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: Jim@ppgmrlaw.com
Forrest@ppgmrlaw.com
Sam@ppgmrlaw.com

*Attorneys for Separate Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith in his official capacity*

12