IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, a political subdivision
in the City of Fayetteville, State of Arkansas;
EUREKA SPRINGS CARNEGIE PUBLIC LIBRARY;
CENTRAL ARKANSAS LIBRARY SYSTEM;
NATE COULTER; OLIVIA FARRELL; JENNIE KIRBY,
as parent and next friend of HAYDEN KIRBY;
LETA CAPLINGER; ADAM WEBB;
ARKANSAS LIBRARY ASSOCIATION;
ADVOCATES FOR ALL ARKANSAS LIBRARIES;
PEARL'S BOOKS, LLC; WORDSWORTH COMMUNITY
BOOKSTORE, LLC d/b/a WORDSWORTH BOOKS;
AMERICAN BOOKSELLERS ASSOCIATION;
ASSOCIATION OF AMERICAN PUBLISHERS, INC.;
AUTHORS GUILD, INC.;
COMIC BOOK LEGAL DEFENSE FUND;
and FREEDOM TO READ FOUNDATION                                        PLAINTIFFS

V.                         CASE NO. 5:23-CV-05086

CRAWFORD COUNTY, ARKANSAS; CHRIS KEITH,
in his official capacity as Crawford County Judge;
TODD MURRAY; SONIA FONTICIELLA; DEVON HOLDER;
MATT DURRETT; JEFF PHILLIPS; WILL JONES;
TERESA HOWELL; BEN HALE, CONNIE MITCHELL,
DAN TURNER, JANA BRADFORD; FRANK SPAIN;
TIM BLAIR; KYLE HUNTER; DANIEL SHUE; JEFF ROGERS;
DAVID ETHREDGE; TOM TATUM, II; DREW SMITH;
REBECCA REED MCCOY; MICHELLE C. LAWRENCE;
DEBRA BUSCHMAN; TONY ROGERS; NATHAN SMITH;
CAROL CREWS; KEVIN HOLMES; CHRIS WALTON;
and CHUCK GRAHAM, each in his or her official capacity
as a prosecuting attorney for the State of Arkansas                    DEFENDANTS

## OPINION AND ORDER

Before the Court are separate Defendants Crawford County, Arkansas and Crawford County Judge Chris Keith's Motion to Dismiss (Doc. 35) and Brief in Support (Doc. 36). Plaintiffs filed a Response in Opposition (Doc. 43), and the Crawford County

1

Defendants filed a Reply (Doc. 49).  On July 25, 2023, the Court held a hearing on the Motion, and following oral argument, the Court took the Motion under advisement.  For the following reasons, the Motion is **DENIED**.

## I.   Standing

Plaintiffs are a collection of public libraries, library organizations, professional librarians, library patrons, booksellers, bookstore patrons, booksellers' associations, and authors' associations. The Motion to Dismiss asserts that they lack standing to sue the Crawford County Defendants.

Standing challenges are made pursuant to Federal Rule of Civil Procedure 12(b)(1).  "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Standing requires: (1) an injury-in-fact, i.e., "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent"; (2) an injury that is "fairly . . . trace[able] to the challenged action of the defendant"; and (3) a showing that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (cleaned up). In a multi-plaintiff suit, only one plaintiff needs to satisfy the constitutional standing requirements. *See Horne v. Flores*, 557 U.S. 433, 446–47(2009).

Plaintiffs bring a lawsuit challenging the constitutionality of Arkansas Act 372, which is set to take effect on August 1, 2023.  *See* 2023 Ark. Acts 372.  According to the Complaint, Section 5 of the Act requires public libraries to establish a process through which any "person affected by [a] material" in the library's collection may challenge the

2

"appropriateness" of that material for continued inclusion in the collection.  (Doc. 2, ¶ 5).  According to the process articulated in Section 5, a challenger must first meet with the librarian to discuss his grievance and the challenge process.  Afterwards, the challenger may file his formal challenge, which in turn is submitted by the librarian to a library committee composed of "the librarian or his or her designee" and other "library personnel." 2023 Ark. Acts 372, § 5(c)(6)(A)–(C).  When the library committee meets to consider the challenge, they must ultimately vote on  "whether the material being challenged shall be relocated within the library's collection to an area that is not accessible to minors under the age of eighteen (18) years."  Id. at  § 11(A).

Then, if the committee rejects the challenge, the challenger may appeal "to the governing body of the county or city by filing a written appeal to the executive head of the governing body of the county or city . . . ."  *Id.* at § 5(c)(12)(A).  The "governing body" is the county's quorum court or the city council, depending on which governing body provides the most funding to the library.  *Id*. at  § 13.  The "executive head" of the governing body is the county judge or the city mayor.  *Id*.  The governing body's decision on appeal is final.  *Id.* at § 5(c)(12)(C)(ii).

Crawford County is the governing body that funds the Crawford County Library System.  Crawford County Judge Chris Keith is the County's executive head.  In that role, County Judge Keith will be required to implement and preside over the appeal process as described in Section 5 once it takes effect.  These facts are undisputed.  At the motion hearing, Crawford County's counsel stated, "We intend to implement Act 372 as written."

Plaintiffs allege that if Section 5 goes into effect, their due process rights under the Fourteenth Amendment and their right to receive speech under the First Amendment will

3

be impaired. They argue that Section 5 is unconstitutionally vague and likely to lead to content-based restrictions on their First Amendment right to receive speech in a public library. One named Plaintiff, Leta Caplinger, is a patron of the Crawford County Library System. "[I]n the First Amendment context, litigants are permitted to challenge a statute not [only] because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'" *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392–93 (1988).

Any county or city in Arkansas which provides a library with the majority of its funding could have been sued in this lawsuit. Crawford County appears to have been named specifically because it has allegedly relocated books in the library collection according to its interpretation of the requirements that Section 5 will impose on the County once the law takes effect.

Crawford County Defendants maintain that if this Court enjoins Section 5, they will follow the Court's order, so there is no need for Crawford County to be a party to this lawsuit. This argument misunderstands the role of federal courts and the remedies they may issue. A federal court cannot strike a statute from the Arkansas Code. *See Steffel v. Thompson*, 415 U.S. 452, 469 (1974). Rather, federal courts may declare statutes invalid and enjoin their enforcement. In so doing, "the court enjoins, in effect, not the execution of the statute, but the acts of the official." *Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923).

There is no dispute that Crawford County Defendants will play a significant role in implementing and enforcing Section 5. *See 281 Care Comm. v. Arneson*, 638 F.3d 621,

632 (8th Cir. 2011) (explaining that a defendant official must have "some connection" to a challenged statute to be a proper party but that official "does not need to be the primary authority to enforce the challenged law").  Therefore, Crawford County and County Judge Keith are proper Defendants:  Crawford County Defendants will act to execute Section 5's provisions, and Ms. Caplinger's alleged injuries will result from the enforcement of Section 5 and will thus be traceable to Crawford County Defendants.

Next, Crawford County Defendants contend that Plaintiffs' injuries are too speculative and hypothetical because they have not happened yet.  Where a plaintiff brings a facial challenge, a prior enforcement action is not required to establish standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014).  "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).  Ms. Caplinger's threatened injury is that "she will be deprived of access to books that she would like to peruse, read, [or] check out . . . and which would otherwise be available."  (Doc. 2, ¶ 18).  This alleged injury is sufficient to confer standing, particularly in view of the other facts alleged in the Complaint concerning Crawford County's interpretation of Section 5, provided by its attorney, and the steps it has already taken to implement Section 5 in anticipation of the law going into effect.  The Complaint alleges that Crawford County Library System has preemptively moved materials that it believes will be subject to challenge under Section 5 to a new section in the library that is not accessible to those under 18.  *See* Doc. 2, ¶¶ 79 & 81.  These materials are described as the library system's "LGBTQ children's books."  *Id.* at ¶ 79.  Accordingly, the Court finds that the injury asserted is concrete, particularized, and

imminent.

As for the redressability of the injury, the Court finds it likely that the injury would be redressed by a favorable decision enjoining Section 5. Crawford County Defendants' standing arguments are without merit.

## II.     Failure to State a Claim

Crawford County Defendants also challenge the Complaint for failing to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). To survive a motion to dismiss, a plaintiff must allege facts that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Their lead argument is that Plaintiffs have no First Amendment right to receive information in a public library and that Crawford County may legally censor and deprive the public access to material at any time and for any reason. They cite no authority for this position. Instead, they cite to *Board of Education, Island Trees Union Free School District No. 26 v. Pico*, 457 U.S. 853, 866–67 (1982), and attempt to explain why that case's holding does not apply to the facts here.

The Court agrees that *Pico* is inapposite; the instant case is about public libraries, and *Pico* was about a school board's authority under the First Amendment to censor school library collections.   Still, *Pico* offers compelling insight. The majority of justices agreed that, even in the school setting, the state's censorship power could not be exercised "in a narrowly partisan or political manner." *See id.* at 870–71 (Brennan, J., plurality opinion); *id.* at 879 (agreeing that the Supreme Court's "precedents command the conclusion that the State may not act to deny access to an idea simply because state

officials disapprove of that idea for partisan or political reasons") (Blackmun, J., concurring); *id.* at 907 ("cheerfully conced[ing]" this point") (Rehnquist, J., dissenting); *id.* at 883 (noting that the trial court should determine "the reason or reasons underlying the school board's removal of the books") (White, J., concurring).  Finally, the Court notes that the freedom of speech "includes not only the right to utter or to print, but the right to distribute, the right to receive, the right to read and freedom of inquiry, freedom of thought."  *Griswold v. Connecticut*, 381 U.S. 479, 482 (1965) (citation omitted).  "[T]he state may not, consistently with the spirit of the First Amendment, contract the spectrum of available knowledge."  *Id.* at 482.

Crawford County Defendants also argue that the only possible reading of the facts in the Complaint is that Plaintiffs meant to bring an as-applied challenge against them but did not.  They somehow argue the Complaint fails to state a claim because it does not state an as-applied challenge.  As previously stated, Plaintiffs have brought a plausible facial challenge to Act 372 against the Crawford County Defendants, and the paragraphs in the Complaint that describe Crawford County's actions to date support Plaintiffs' standing to sue.  Accordingly, Plaintiffs have stated plausible claims for relief.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 35) is **DENIED**.  The Crawford County Defendants shall file their answer to the Complaint by no later than August 14, 2023.

**IT IS SO ORDERED** on this 29th day of July, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE