IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY**, *et al.*                                    **PLAINTIFFS**

vs.                                    No. 5:23-CV-05086-TLB

**CRAWFORD COUNTY, ARKANSAS,** *et al.*                                    **DEFENDANTS**

**SEPARATE DEFENDANTS CRAWFORD COUNTY AND
COUNTY JUDGE CHRIS KEITH'S BRIEF IN SUPPORT
OF THEIR MOTION TO RECONSIDER AND AMEND MEMORANDUM OPINION
AND ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND OPINION AND ORDER DENYING CRAWFORD COUNTY'S
MOTION TO DISMISS**

COME NOW Separate Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith, in his official capacity (collectively "Crawford County"), by and through their undersigned counsel, and for their Brief in Support of their Motion to Reconsider and Amend Memorandum Opinion and Order Granting Plaintiffs' Motion for Preliminary Injunction, *Doc. 53*, and Opinion and Order Denying Crawford County's Motion to Dismiss, *Doc. 52*, state as follows:

**INTRODUCTION**

On July 29, 2023, the Court entered an order preliminarily enjoining Sections 1 and 5 of Arkansas Act 372 and an order denying Crawford County's motion to dismiss. *Doc. 53* at 49; *Doc. 52* at 7. The Court's rulings make certain factual findings as to Crawford County. Some of those findings are based on evidence that was never introduced into the record or argued by opposing counsel. Crawford County respectfully moves the Court to amend these findings in its orders to reflect the evidence properly before the Court.

1

## LEGAL STANDARD

Motions to reconsider or amend an order are governed by Federal Rule of Civil Procedure 60. This Court may correct errors found in its orders by its own motion or motion by litigant. FED. R. CIV. P. 60(a). The grounds for fixing such an error include mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b). A denial for a motion under Rule 60 is reviewed for abuse of discretion. *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013). In this context, an abuse of discretion occurs when courts do not consider relevant factors, consider irrelevant or improper factors, or the court commits clear error in deciding those factors. *Id.*

## ARGUMENT

**I. The Court's Order Granting Plaintiffs Motion for Preliminary Injunction**

The Court's order enjoining Act 372 makes certain factual findings as to Crawford County. However, two of those factual findings consider evidence outside of the record. Therefore, Crawford County respectfully requests that the Court amend its preliminary induction order to correct this oversight.

**Photo Evidence.** First, the Court concluded that there was photographic evidence to prove that Crawford County has engaged in compliance with Act 372:

> "There is photographic evidence to prove Crawford County has already moved many books from the children's section to a restricted "adults-only" section in keeping with its interpretation of Section 5. *See* Plaintiffs Hearing Exhibit 30."

*Doc. 53* at 24. The photographic evidence (Hearing Exhibit 30) cited to in the Court's order was never entered into the record of this case and it was not admitted into evidence at the preliminary injunction hearing. *Doc. 51* at 1. This is reflected in the minutes from the hearing:

| TIME | MINUTES |
|---|---|
| 10:05 AM | Court Convenes |
| | Procedural History by the Court |
| | Argument regarding Motion to Dismiss - Motion taken under advisement |
| | Rule Invoked |
| | CX#1 - Joint Statement of Stipulated Facts |
| | CX#2 - Plaintiffs' previously marked and proffered Exhibit Nos. 1-1, 1-2, 1-3, 28, 29, 31, 32, and 33 (see attached list) |
| | Argument regarding Motion for Preliminary Injunction |
| | PW#1 - Leta Caplinger |
| | PX#s 17 - 27 - Received over Objection (see attached list) |

*Id.* Hearing Exhibit 30 was never proffered by Plaintiffs. To the extent it was, Crawford County objected to it at the hearing, along with Hearing Exhibits 1 and 17–33, by renewing its previous motion to exclude. *Docs. 44, 45*.[1] Plaintiffs also did not produce any witness to lay any foundation for such photographic evidence at the hearing. In the end this Court ruled that the exhibits admitted, and the exhibits taken under advisement, were not relied on in making its decision. *Doc. 53* at 5 n.3.

As to the finding that Crawford County is already using an "'adults only' section" there is no evidence in the record to support such a finding. *Doc. 53* at 24. Crawford County stated previously the Social Section at issue in *Virden* are not restricted to adults only:

> "The *Virden-Crawford County* case centers around Crawford County's use of a new, <u>fully accessible</u>, Social Section to house certain books in the Crawford County Library System."

---

[1] Hearing Exhibit 30 is the same as Plaintiffs' Proposed Exhibit 15 that Crawford County objected to in its Motion to Exclude prior to the hearing. *Compare* 55 at 3 *with* Doc. *44*-1. The numbering is different because the hearing exhibit list includes stipulated exhibits which were not a part of Plaintiffs' proposed exhibit list they circulated prior to the hearing.

*Doc. 29* at 1 (emphasis added). And this Court previously ruled that Crawford County's use of Social Sections does overlap with this case:

> "Plaintiffs respond that transfer is not warranted because the two cases do not overlap: '[T]he *Virden* case challenges Crawford County's allegedly unconstitutional treatment of books in its public library *prior* to Act 372's passage,' while the instant action seeks to 'facially enjoin two provisions of Arkansas' recently enacted Act 372' on constitutional grounds. (Doc. 33, p.1) (emphasis original). The Court agrees."

*Doc. 41* at 1 (emphasis added).

Crawford County's implementation of a Social Section is squarely at issue in the *Virden* case now; and the record in this case contains only evidence that the Social Section is "fully accessible" to all library patrons and not restricted to any patron based on age. *Doc. 29* at 1. Plaintiffs made no argument to the contrary in their briefing for a preliminary injunction. Of the eighteen-times the term "adult(s) only" appears in pleadings and on the record in this case, each is used in relation to Act 372's future requirements, not Crawford County's prior acts. *Doc. 23* at 6, 7, 8, 26 & 30; *Doc. 42* at 7. At the preliminary injunction hearing, Plaintiffs also produced no testimony or evidence that the Social Sections are not fully accessible. The sole Plaintiff who was found to have standing against Crawford County—Leta Caplinger—provided no testimony at the hearing or by the paragraphs stipulated to in her declaration[2] that Crawford County is currently using a "restricted 'adults-only' section." *Doc. 53* at 24. It is undisputed on this record that the Social Section is accessible by any patron of the Crawford County Library.

Without any record evidence that Crawford County's Social Section is restricted to adults only and with Exhibit 30 outside of the record, Crawford County respectfully requests that page 24 of

---

[2] Crawford County stipulated to almost all of Leta Caplinger's declaration except as to paragraphs 10 and 11. *Doc. 55*-1 at ¶1. Plaintiffs did not utilize Ms. Caplinger's live hearing testimony to introduce any of the unstipulated to facts in her deceleration.

4

the Court's order Doc. 53 be revised to remove the paragraph discussing Crawford County's use of an "'adults only' section." *Doc. 53* at 24; FED. R. CIV. P. 60(b).

**Complaint Allegations.** Second, the Court concluded in its ruling on the preliminary injunction that the Complaint stated that Crawford County was segregating books based on viewpoint alone:

> "According to the Complaint, Crawford County's library board, whose members are appointed by County Judge Keith, interpreted Section 5 to mean they were permitted to 'segregate constitutionally protected materials' on the basis of viewpoint alone. (Doc. 2, ¶79)."

*Doc. 53* at 24. However, that allegation appears nowhere in the factual allegations alleged against Crawford County in Plaintiffs' Complaint. *See Doc. 2* at ¶¶78–82. The furthest the Complaint goes is to allege that "on information and belief, Crawford County intends to adopt a policy" based on the requirements of Act 372. *Doc. 2* at ¶82. The letter in response to the demands made in the *Virden* case, and attached to the Complaint in this case, only show that Crawford County will have to modify its library system's policy and procedures once Act 372 "go[es] into effect shortly." *Doc. 2-2*. Any alleged plan to modify the County's current policy to conform to Act 372 shows the current policy stops short of now-enjoined Act 372 requirements.

As to the quoted language—"segregate constitutionally protected materials"—it appears nowhere in Plaintiffs' Complaint in Doc. 2, nor in paragraph 79. The only time the phrase "segregate constitutionally protected materials" is used is when Plaintiffs use it in their opposition to Crawford County's motion to dismiss. *Doc. 43*. Even then, that statement is a summary of Plaintiffs' own argument and is not testimony or proof upon which this court should base its findings. *See id.*

With no record evidence that Crawford County used Section 5 of Act 372 as a basis to "segregate constitutionally protected material" prior to the Act's enforcement, Crawford County

respectfully asks that this court reconsider and remove this paragraph from its preliminary injunction order, as it is based on a mistaken reading of Plaintiffs' Complaint. FED. R. CIV. P. 60(b).

## II. The Court's Order Denying Crawford County's Motion to Dismiss

Lastly, the Court's order denying Crawford County's motion to dismiss makes certain factual conclusion based on the Complaint. However, Plaintiffs' Complaint does not provide the conclusion for which it is relied upon. Therefore, Crawford County respectfully requests that the Court amend its preliminary induction order to correct this oversight.

**Not Accessible To Those Under Eighteen.** This Court concluded in its order denying Crawford County's motion to dismiss that Plaintiffs' Complaint alleged that Crawford County had already moved books to a restricted eighteen-and-older section:

> "The Complaint alleges that Crawford County Library System has preemptively moved materials that it believes will be subject to challenge under Section 5 to a new section in the library that is not accessible to those under 18. *See* Doc. 2, ¶¶ 79 & 81."

*Doc. 52* at 6. However, paragraphs 79, 81, and all paragraphs alleged at Crawford County make no allegation that the new section is off-limits to those younger than eighteen or based on a preemptive interpretation of Section 5. *Doc. 2* at ¶¶79–82. Section 5 of Act 372 is, at best, alleged against Crawford County's future intentions, not prior or current acts:

> "On information and belief, Crawford County <u>intends to adopt a policy</u> that materials containing LGBTQ themes or discussing other "social issues" might harm the innocence of children and that, on that basis, any such materials *must* be segregated based on the viewpoint contained therein <u>once Act 372 goes into effect</u> on August 1."

*Doc. 2* at ¶82 (underline added). There is no allegation that Crawford County jumped the gun on Section 5; the furthest the Complaint goes is alleging that books were moved from the children's-only-section to the "adult sections." *Doc. 2* at ¶79. But "adult section" does not automatically mean "adults *only* section" or "not accessible to those under 18." *Doc. 52* at 6. At

6

the hearing when parties' counsel argued the motion to dismiss, Plaintiffs' counsel made no argument that the new section is restricted to those under eighteen.

And Plaintiffs' counsel could not have—because the new section used by Crawford County, called the Social Section, is open to all patrons of Crawford County Library System. *Doc. 29*. The Social Section is simply housed in the libraries' general areas outside of the children's only section, making them in the "adult section." However, like all material in the general section, books housed in the Social Section remain fully accessible to all patrons regardless of age; and on this record, that fact remains unrefuted.

Crawford County respectfully asks this Court to amend the above-mentioned sentence in its order denying Crawford County's motion to dismiss to remove the conclusion that the Social Section is not accessible to those under eighteen years of age, as it is based on a mistaken reading of Plaintiffs' Complaint. FED. R. CIV. P. 60(b).

## CONCLUSION

According to both Plaintiffs and this Court, Crawford County is litigating two different cases in two different courts on non-overlapping issues. The issues regarding Social Sections and what Crawford County did prior to Act 372 are for the *Virden* case. Thus, factual findings in this case as to these *Virden*-based-issues could possibly prevent Crawford County from fully and fairly litigating such issues and raise potential preclusion concerns.

That concern is not hypothetical either. The *Virden* plaintiffs have already moved for issue preclusion on some of the factual findings discussed above. *Rebecka Virden, et al. v. Crawford County, Arkansas, et al.*, No. 2:23-cv-2071-PKH, Docs. 25, 26 (W.D. Ark. Aug. 2, 2023). To ensure that Crawford County has an opportunity to fully litigate such factual findings and for this Court's order to conform to the evidence properly admitted to the record, Crawford County

respectfully ask for these amendments to this Court's preliminary injunction order and order denying Crawford County's motion to dismiss.

WHEREFORE, Separate Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith, in his official capacity, respectfully request that their Motion to Reconsider and Amend Memorandum Opinion and Order Granting Plaintiffs' Motion for Preliminary Injunction and Opinion and Order Denying Crawford County's Motion to Dismiss be granted, that the Court enter Amended Orders omitting the two paragraphs in its preliminary injunction order and amending the sentence in its order denying the motion to dismiss, as explained above, and for all other just and proper relief to which it is entitled.

Dated: August 7, 2023

                Respectfully Submitted,

                **PPGMR Law, PLLC**

                James D. Rankin III, AR Bar #93197
                Forrest C. Stobaugh, AR Bar #2018186
                Samuel S. McLelland, AR Bar #2020101
                P.O. Box 3446
                Little Rock, AR 72203
                Telephone: (501) 603-9000
                Facsimile: (501) 603-0556
                E-mail: Jim@ppgmrlaw.com
                          Forrest@ppgmrlaw.com
                          Sam@ppgmrlaw.com

                *Attorneys for Separate Defendants Crawford*
                *County, Arkansas, and County Judge Chris Keith,*
                *in his official capacity*