**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**FAYETTEVILLE PUBLIC LIBRARY,** *et al.*                              **PLAINTIFFS**

**vs.**                              **No. 5:23-CV-05086-TLB**

**CRAWFORD COUNTY, ARKANSAS,** *et al.*                              **DEFENDANTS**

**SEPARATE DEFENDANTS CRAWFORD COUNTY AND
COUNTY JUDGE CHRIS KEITH'S ANSWER TO COMPLAINT**

COME NOW Separate Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith ("Crawford County"), in his official capacity, by and through their undersigned counsel, and for their Answer to Complaint state:

1.     Crawford County is without sufficient information to admit or deny Paragraph 1 of the Complaint, therefore denies Paragraph 1 of the Complaint. Act 372 of 2023 speaks for itself.

2.     Crawford County is without sufficient information to admit or deny Paragraph 2 of the Complaint, therefore denies Paragraph 2 of the Complaint. Section 1 of Act 372 speaks for itself.

3.     Paragraph 3 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Crawford County is without sufficient information to admit or deny Paragraph 3 of the Complaint, therefore denies Paragraph 3 of the Complaint.

4.     Crawford County is without sufficient information to admit or deny Paragraph 4 of the Complaint, therefore denies Paragraph 4 of the Complaint. The case cited by Plaintiffs in Paragraph 4 speaks for itself.

5.     Crawford County admits that its libraries, like Plaintiffs' libraries, are "compelled by Act 372" to make changes to its libraries.  Crawford County is without sufficient information

1

to admit or deny the remaining allegations in Paragraph 5 of the Complaint, therefore denies all remaining allegations in Paragraph 5 of the Complaint. Section 5 of Act 372 speaks for itself.

6.      Paragraph 6 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Crawford County is without sufficient information to admit or deny Paragraph 6 of the Complaint, therefore denies Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required Crawford County denies the allegations in Paragraph 7 of the Complaint.

8.      Crawford County admits that Arkansas Governor Sanders signed Act 372 into law on March 31, 2023 and is scheduled to go into effect on August 1, 2023. Crawford County is without sufficient information to admit or deny the remaining allegations in Paragraph 8 of the Complaint, therefore denies all remaining allegations in Paragraph 8 of the Complaint. Act 372 speaks for itself.

9.      Crawford County admits that Plaintiffs have brought this case pursuant to 42 U.S.C § 1983.  Crawford County denies that this Court has subject matter jurisdiction and denies all remaining allegations in Paragraph 9 of the Complaint.

10.      Crawford County is without sufficient information to admit or deny Paragraph 10 of the Complaint, therefore denies Paragraph 10 of the Complaint.

11.      Crawford County admits that the Western District of Arkansas is a, but not the only, proper venue for Plaintiffs' lawsuit. Crawford County denies all remaining allegations in Paragraph 11 of the Complaint.

12.      Crawford County is without sufficient information to admit or deny Paragraph 12 of the Complaint, therefore denies Paragraph 12 of the Complaint.

13.     Crawford County is without sufficient information to admit or deny Paragraph 13 of the Complaint, therefore denies Paragraph 13 of the Complaint.

14.     Crawford County is without sufficient information to admit or deny Paragraph 14 of the Complaint, therefore denies Paragraph 14 of the Complaint.

15.     Crawford County is without sufficient information to admit or deny Paragraph 15 of the Complaint, therefore denies Paragraph 15 of the Complaint.

16.     Crawford County is without sufficient information to admit or deny Paragraph 16 of the Complaint, therefore denies Paragraph 16 of the Complaint.

17.     Crawford County is without sufficient information to admit or deny Paragraph 17 of the Complaint, therefore denies Paragraph 17 of the Complaint.

18.     Crawford County is without sufficient information to admit or deny Paragraph 18 of the Complaint, therefore denies Paragraph 18 of the Complaint.

19.     Crawford County is without sufficient information to admit or deny Paragraph 19 of the Complaint, therefore denies Paragraph 19 of the Complaint.

20.     Crawford County is without sufficient information to admit or deny Paragraph 20 of the Complaint, therefore denies Paragraph 20 of the Complaint including subparts (a) through (f).

21.     Crawford County is without sufficient information to admit or deny Paragraph 21 of the Complaint, therefore denies Paragraph 21 of the Complaint including subparts (a) through (f).

22.     Crawford County is without sufficient information to admit or deny Paragraph 22 of the Complaint, therefore denies Paragraph 22 of the Complaint.

23.     Crawford County is without sufficient information to admit or deny Paragraph 23 of the Complaint, therefore denies Paragraph 23 of the Complaint.

24.     Crawford County is without sufficient information to admit or deny Paragraph 24 of the Complaint, therefore denies Paragraph 24 of the Complaint.

25.     Crawford County is without sufficient information to admit or deny Paragraph 25 of the Complaint, therefore denies Paragraph 25 of the Complaint.

26.     Crawford County is without sufficient information to admit or deny Paragraph 26 of the Complaint, therefore denies Paragraph 26 of the Complaint.

27.     Crawford County is without sufficient information to admit or deny Paragraph 27 of the Complaint, therefore denies Paragraph 27 of the Complaint.

28.     Crawford County is without sufficient information to admit or deny Paragraph 28 of the Complaint, therefore denies Paragraph 28 of the Complaint.

29.     Crawford County admits that it is a County duly formed under the laws of the State of Arkansas.  Crawford County maintains a County Library called the Crawford County Library System.  Crawford County denies all remaining allegations in Paragraph 29 of the Complaint.

30.     Crawford County admits that Chris Keith is the County Judge, the chief executive for Crawford County, and has been sued by Plaintiffs in his official capacity only. Crawford County denies all remaining allegations in Paragraph 30 of the Complaint.

31.     Crawford County is without sufficient information to admit or deny Paragraph 31 of the Complaint, therefore denies Paragraph 31 of the Complaint.

32.     Crawford County is without sufficient information to admit or deny Paragraph 32 of the Complaint, therefore denies Paragraph 32 of the Complaint.

33.     Crawford County is without sufficient information to admit or deny Paragraph 33 of the Complaint, therefore denies Paragraph 33 of the Complaint.

34.     Crawford County is without sufficient information to admit or deny Paragraph 34 of the Complaint, therefore denies Paragraph 34 of the Complaint.

35.     Crawford County is without sufficient information to admit or deny Paragraph 35 of the Complaint, therefore denies Paragraph 35 of the Complaint.

36.     Crawford County is without sufficient information to admit or deny Paragraph 36 of the Complaint, therefore denies Paragraph 36 of the Complaint.

37.     Crawford County is without sufficient information to admit or deny Paragraph 37 of the Complaint, therefore denies Paragraph 37 of the Complaint.

38.     Crawford County is without sufficient information to admit or deny Paragraph 38 of the Complaint, therefore denies Paragraph 38 of the Complaint.

39.     Crawford County is without sufficient information to admit or deny Paragraph 39 of the Complaint, therefore denies Paragraph 39 of the Complaint.

40.     Crawford County is without sufficient information to admit or deny Paragraph 40 of the Complaint, therefore denies Paragraph 40 of the Complaint.

41.     Crawford County is without sufficient information to admit or deny Paragraph 41 of the Complaint, therefore denies Paragraph 41 of the Complaint.

42.     Crawford County is without sufficient information to admit or deny Paragraph 42 of the Complaint, therefore denies Paragraph 42 of the Complaint.

43.     Crawford County is without sufficient information to admit or deny Paragraph 43 of the Complaint, therefore denies Paragraph 43 of the Complaint.

44.     Crawford County is without sufficient information to admit or deny Paragraph 44 of the Complaint, therefore denies Paragraph 44 of the Complaint.

45.     Crawford County is without sufficient information to admit or deny Paragraph 45 of the Complaint, therefore denies Paragraph 45 of the Complaint.

46.     Crawford County is without sufficient information to admit or deny Paragraph 46 of the Complaint, therefore denies Paragraph 46 of the Complaint.

47.     Crawford County is without sufficient information to admit or deny Paragraph 47 of the Complaint, therefore denies Paragraph 47 of the Complaint.

48.     Crawford County is without sufficient information to admit or deny Paragraph 48 of the Complaint, therefore denies Paragraph 48 of the Complaint.

49.     Crawford County is without sufficient information to admit or deny Paragraph 49 of the Complaint, therefore denies Paragraph 49 of the Complaint.

50.     Crawford County is without sufficient information to admit or deny Paragraph 50 of the Complaint, therefore denies Paragraph 50 of the Complaint.

51.     Crawford County is without sufficient information to admit or deny Paragraph 51 of the Complaint, therefore denies Paragraph 51 of the Complaint.

52.     Crawford County is without sufficient information to admit or deny Paragraph 52 of the Complaint, therefore denies Paragraph 52 of the Complaint.

53.     Crawford County is without sufficient information to admit or deny Paragraph 53 of the Complaint, therefore denies Paragraph 53 of the Complaint.

54.     Crawford County is without sufficient information to admit or deny Paragraph 54 of the Complaint, therefore denies Paragraph 54 of the Complaint.

55.     Crawford County is without sufficient information to admit or deny Paragraph 55 of the Complaint, therefore denies Paragraph 55 of the Complaint.

56.     Crawford County is without sufficient information to admit or deny Paragraph 56 of the Complaint, therefore denies Paragraph 56 of the Complaint.

57.     Crawford County is without sufficient information to admit or deny Paragraph 57 of the Complaint, therefore denies Paragraph 57of the Complaint.

58.     Crawford County is without sufficient information to admit or deny Paragraph 58 of the Complaint, therefore denies Paragraph 58 of the Complaint.

59.     Crawford County denies all allegations in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Crawford County denies Paragraph 60 of the Complaint and Act 372 speaks for itself.

61.     Paragraph 61 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Crawford County denies Paragraph 61 of the Complaint and Act 372 speaks for itself.

62.     Paragraph 62 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Crawford County denies Paragraph 62 of the Complaint and Act 372 speaks for itself.

63.     Crawford County is without sufficient information to admit or deny Paragraph 63 of the Complaint, therefore denies Paragraph 63 of the Complaint.

64.     Crawford County is without sufficient information to admit or deny Paragraph 64 of the Complaint, therefore denies Paragraph 64 of the Complaint. The case cited by Plaintiffs speaks for itself.

65.     Paragraph 65 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Crawford County is without sufficient information to admit or deny Paragraph 65 of the Complaint, therefore denies Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Crawford County is without sufficient information to admit or deny Paragraph 66 of the Complaint, therefore denies Paragraph 66 of the Complaint.

67.     Crawford County is without sufficient information to admit or deny Paragraph 67 of the Complaint, therefore denies Paragraph 67 of the Complaint including subparts (a) through (c).

68.     Paragraph 68 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Crawford County is without sufficient information to admit or deny Paragraph 68 of the Complaint, therefore denies Paragraph 68 of the Complaint and Act 372 speaks for itself.

69.     Crawford County is without sufficient information to admit or deny Paragraph 69 of the Complaint, therefore denies Paragraph 69 of the Complaint.

70.     Crawford County is without sufficient information to admit or deny Paragraph 70 of the Complaint, therefore denies Paragraph 70 of the Complaint.

71.     Crawford County is without sufficient information to admit or deny Paragraph 71 of the Complaint, therefore denies Paragraph 71 of the Complaint.

72.     Crawford County is without sufficient information to admit or deny Paragraph 72 of the Complaint, therefore denies Paragraph 72 of the Complaint.

73.     Crawford County is without sufficient information to admit or deny Paragraph 73 of the Complaint, therefore denies Paragraph 73 of the Complaint.

74.     Crawford County is without sufficient information to admit or deny Paragraph 74 of the Complaint, therefore denies Paragraph 74 of the Complaint.

75.     Crawford County is without sufficient information to admit or deny Paragraph 75 of the Complaint, therefore denies Paragraph 75 of the Complaint and Act 372 speaks for itself.

76.     Crawford County is without sufficient information to admit or deny Paragraph 76 of the Complaint, therefore denies Paragraph 76 of the Complaint.

77.     Paragraph 77, including subparts (a) through (c), of the Complaint state legal conclusions to which a response is not required.  To the extent a response is required, Crawford County denies Paragraph 77 of the Complaint including subparts (a) through (c).

78.     Crawford County admits that the Crawford County Library System Director, Deidre Grzymala, resigned in February 2023.  Crawford County admits that its resident Dr. Jeffery Hamby and Mrs. Tammi Hamby have sent letter to Crawford County officials and read statements at Crawford County Quorum Court meetings as private individuals.  Crawford County is without information as to all remaining allegations in Paragraph 78 of the Complaint, therefore denies all remaining allegations in Paragraph 78 of the Complaint.

79.     Crawford County admits that Chris Keith appointed Tammi Hamby to the Crawford County Library Board.  Crawford County admits that Deidre Grzymala moved books, including some LGBTQ themed books, to a newly created, fully accessible, section called the Social Section at each library in the Crawford County Library System. The Social Section, at each branch, is housed in the general library area, not in the children's-only-sections.  Crawford County Library Systems Crawford County denies all remaining allegations in Paragraph 79 of the Complaint.

80.     Crawford County admits that its attorney, Gentry Wahlmeier, sent a letter to Attorney Brian Meadors and Professor Terrence Cain on May 23, 2023.  The letter speaks for itself.  Crawford County denies all remaining allegations in Paragraph 80 of the Complaint.

81.     Crawford County admits that its attorney, Gentry Wahlmeier, sent a letter to Crawford County Library Director Eva White on May 23, 2023.  The letter speaks for itself. Crawford County denies all remaining allegations in Paragraph 81 of the Complaint.

82.     Crawford County denies all allegations in Paragraph 82 of the Complaint.

83.     Crawford County is without sufficient information to admit or deny Paragraph 83 of the Complaint, therefore denies Paragraph 83 of the Complaint.

84.     Crawford County is without sufficient information to admit or deny Paragraph 84 of the Complaint, therefore denies Paragraph 84 of the Complaint.

85.     Crawford County is without sufficient information to admit or deny Paragraph 85 of the Complaint, therefore denies Paragraph 85 of the Complaint.

86.     Crawford County is without sufficient information to admit or deny Paragraph 86 of the Complaint, therefore denies Paragraph 86 of the Complaint.

87.     Crawford County is without sufficient information to admit or deny Paragraph 87 of the Complaint, therefore denies Paragraph 87 of the Complaint.

88.     Crawford County is without sufficient information to admit or deny Paragraph 88 of the Complaint, therefore denies Paragraph 88 of the Complaint.

89.     Crawford County is without sufficient information to admit or deny Paragraph 89 of the Complaint, therefore denies Paragraph 89 of the Complaint.

90.     Crawford County is without sufficient information to admit or deny Paragraph 90 of the Complaint, therefore denies Paragraph 90 of the Complaint.

91.     Crawford County is without sufficient information to admit or deny Paragraph 91 of the Complaint, therefore denies Paragraph 91 of the Complaint.

92.     Crawford County is without sufficient information to admit or deny Paragraph 92 of the Complaint, therefore denies Paragraph 92 of the Complaint.

93.     Crawford County is without sufficient information to admit or deny Paragraph 93 of the Complaint, therefore denies Paragraph 93 of the Complaint.

94.     Crawford County is without sufficient information to admit or deny Paragraph 94 of the Complaint, therefore denies Paragraph 94 of the Complaint.  The statute speaks for itself.

95.     Crawford County is without sufficient information to admit or deny Paragraph 95 of the Complaint, therefore denies Paragraph 95 of the Complaint.

96.     Crawford County is without sufficient information to admit or deny Paragraph 96 of the Complaint, therefore denies Paragraph 96 of the Complaint.

97.     Crawford County is without sufficient information to admit or deny Paragraph 97 of the Complaint, therefore denies Paragraph 97 of the Complaint.

98.     Crawford County is without sufficient information to admit or deny Paragraph 98 of the Complaint, therefore denies Paragraph 98 of the Complaint.

99.     Crawford County is without sufficient information to admit or deny Paragraph 99 of the Complaint, therefore denies Paragraph 99 of the Complaint. The act speaks for itself.

100.     Crawford County is without sufficient information to admit or deny Paragraph 100 of the Complaint, therefore denies Paragraph 100 of the Complaint.

101.     Crawford County is without sufficient information to admit or deny Paragraph 101 of the Complaint, therefore denies Paragraph 101 of the Complaint.

102.    Crawford County is without sufficient information to admit or deny Paragraph 102 of the Complaint, therefore denies Paragraph 102 of the Complaint.

103.    Crawford County is without sufficient information to admit or deny Paragraph 103 of the Complaint, therefore denies Paragraph 103 of the Complaint.

104.    Crawford County is without sufficient information to admit or deny Paragraph 104 of the Complaint, therefore denies Paragraph 104 of the Complaint.

105.    Crawford County denies the "WHEREFORE" paragraph and sub paragraphs (1) through (6) in the Complaint in its entirety.

106.    Crawford County denies all allegations contained in the Complaint not specifically admitted herein.

107.    Crawford County reserves the right to amend the foregoing responses and plead further as litigation continues.

108.    Crawford County reserves the right to plead further, including asserting additional affirmative defenses, counterclaims, third-party claims, or filing motions to dismiss the Complaint for any reason provided by law, equity, constitutional jurisprudence, and FED. R. CIV. P. 8(c), 12(b)–(c).

## AFFIRMATIVE DEFENSES

109.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

110.    Crawford County affirmatively pleads that Plaintiffs have failed to state a cause of action that entitles them to compensatory damages, punitive damages, nominal damages, injunctive relief, and equitable relief.

111.    To the extent that any damages are awarded in this case, Crawford County affirmatively pleads that any damage award should be reduced due to Plaintiffs' failure to mitigate.

112.    Some or all Plaintiffs lack standing to sue Crawford County on the claims alleged in the Complaint.

113.    Crawford County affirmatively pleads that Plaintiffs' claims are barred, wholly or in part, based on Lack of Subject Matter Jurisdiction, Standing, Qualified Immunity, Absolute Immunity, Statutory Immunity, Sovereign Immunity, Lack of Government Action, Limited Forum, Non-Public Forum, Mootness, Justification, Statute of Limitations, Offset and Setoff, and the Common Defense Doctrine.

114.    Equitable tolling does not apply to this case.

115.    Defendants reserve the right to assert additional affirmative defenses or defenses of which they become knowledgeable during the course of discovery.

WHEREFORE, Separate Defendants Crawford County, Arkansas and Crawford County Judge Chris Keith pray that Plaintiffs take nothing from Crawford County by way of Plaintiffs' Complaint, *Doc. 2*, that Plaintiffs' Complaint be dismissed with prejudice; that Crawford County recover their fees, costs and disbursements incurred in defending this action; and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**PPGMR Law, PLLC**

James D. Rankin III, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: Jim@ppgmrlaw.com

Forrest@ppgmrlaw.com
Sam@ppgmrlaw.com

*Attorneys for Separate Defendants Crawford
County, Arkansas, and Crawford County Judge
Chris Keith, in his official capacity*

14