IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


FAYETTEVILLE PUBLIC LIBRARY, a political
subdivision in the City of Fayetteville, State of
Arkansas; EUREKA SPRINGS CARNEGIE PUBLIC
LIBRARY; CENTRAL ARKANSAS LIBRARY
SYSTEM; NATE COULTER; OLIVIA FARRELL;
JENNIE KIRBY, as parent and next friend of HAYDEN
KIRBY; LETA CAPLINGER; ADAM WEBB;
ARKANSAS LIBRARY ASSOCIATION;
ADVOCATES FOR ALL ARKANSAS LIBRARIES;
PEARL'S BOOKS, LLC; WORDSWORTH
COMMUNITY BOOKSTORE LLC d/b/a
WORDSWORTH BOOKS; AMERICAN
BOOKSELLERS ASSOCIATION; ASSOCIATION OF
AMERICAN PUBLISHERS, INC.; AUTHORS
GUILD, INC.; COMIC BOOK LEGAL DEFENSE
FUND; FREEDOM TO READ FOUNDATION                    PLAINTIFFS


V.                          NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS; CHRIS
KEITH, in his official capacity as Crawford County
Judge; TODD MURRAY; SONIA FONTICIELLA;
DEVON HOLDER; MATT DURRETT; JEFF
PHILLIPS; WILL JONES; TERESA HOWELL; BEN
HALE, CONNIE MITCHELL, DAN TURNER, JANA
BRADFORD; FRANK SPAIN; TIM BLAIR; KYLE
HUNTER; DANIEL SHUE; JEFF ROGERS; DAVID
ETHREDGE; TOM TATUM, II; DREW SMITH;
REBECCA REED MCCOY; MICHELLE C.
LAWRENCE; DEBRA BUSCHMAN; TONY
ROGERS; NATHAN SMITH; CAROL CREWS;
KEVIN HOLMES; CHRIS WALTON; and CHUCK
GRAHAM, each in his or her official capacity as a
prosecuting attorney for the State of Arkansas;             DEFENDANTS


**PLAINTIFFS' RESPONSE TO THE COUNTY DEFENDANTS' MOTION TO
RECONSIDER AND AMEND**

**INTRODUCTION**

Defendants Crawford County and County Judge Chris Keith (collectively, the "County Defendants") have moved the Court to strike certain factual statements from the Court's Memorandum Opinion and Order granting a preliminary injunction ("PI Order") (Doc. 53) and its Opinion and Order denying the County Defendant's Motion to Dismiss (Doc. 52) ("Order on MTD"). *See* County Defs.' Mot. to Reconsider and Amend. (Doc. 55); County Defs.' Reconsideration Br. ("Reconsideration Br.") (Doc. 56). Importantly, the County Defendants do not suggest the Court should have reached a different outcome in either order. Indeed, their requested relief makes clear that their motion has little to do with this case; their requested edits to the Court's orders are sought to enable their defense of a motion filed in a separate action. *See* Reconsideration Br. at 7 (discussing a motion for issue preclusion filed in *Virden v. Crawford County*, No. 2:23-cv-2071-PKH).

The County Defendants complain that, unless their motion is granted, they will be unable to "fully and fairly litigat[e]" their defense in *Virden* because of the Court's factual findings in this matter. The only prejudice they have identified, however, is a motion pending in *Virden* that seeks issue preclusion. *See* Reconsideration Br. at 7. Nothing in this case prevents the County Defendants from arguing to the *Virden* Court that the Court's preliminary factual findings and its characterization of Plaintiffs' complaint should not have preclusive effect in the *Virden* case.

Ultimately, the Court's factual determinations—both the findings made in support of its order granting a preliminary injunction, as well as the inferences drawn in support of its order denying the County Defendants' Motion to Dismiss—are sound and amply supported by the record before the Court. The Court should thus deny the County Defendants' motion and require the County Defendants to litigate matters filed before the *Virden* Court in the *Virden* matter.

**LEGAL STANDARD**

A district court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record," and "may do so on motion or on its own." Fed. R. Civ. P. 60(a). "On motion and just terms," the Court may also "relieve a party or its legal representative from a final judgment, order, or proceeding," Fed. R. Civ. P. 60(b), in certain "'exceptional circumstances.'" *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting *Atkinson v. Prudential Property Co.*, 43 F.3d 367, 371 (8th Cir. 1994)).

**ARGUMENT**

As an initial matter, the Court should deny the County Defendants' motion because, although the County Defendants mention Rule 60(a) *and* (b), their supporting arguments address only Rule 60(b). *See* Reconsideration Br. at 5-7 (citing Fed. R. Civ. P. 60(b)). "However, Rule 60(b) only applies to motions for relief from 'a final judgment, order, or proceeding.'" *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (quoting Fed. R. Civ. P. 60(b)). It is thus an inappropriate vehicle for relief from interlocutory orders, like the Court's orders granting Plaintiffs' preliminary injunction motion and denying the County Defendants' motion to dismiss. *See K.C. ex rel. Africa H. v. Shipman*, 716 F.3d 107, 117 n.3 (4th Cir. 2013) ("'[A] preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b).'" (quoting *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000)).

To the extent the County Defendants' motion is properly presented, the Court should nevertheless deny it for the following reasons.

2

I.      **Order Granting Plaintiff's Motion for Preliminary Injunction**

The County Defendants ask the Court to remove two paragraphs from its PI Order, which they contend rely on extra-record evidence.

a.      **Photographic Evidence**

The County Defendants first ask the Court to remove from its PI Order the assertion that "'[t]here is photographic evidence to prove Crawford County has already moved many books from the children's section to a restricted 'adults-only' section in keeping with its interpretation of Section 5.'" Reconsideration Br. at 2 (quoting PI Order at 24 (citing Plaintiffs' Hearing Exhibit 30)). The County Defendants argue that this assertion should be removed from the PI Order because (1) Plaintiffs' Hearing Exhibit 30 was never admitted at the July 25, 2023 hearing and (2) "there is no evidence in the record" to support "the finding that Crawford County is already using an 'adults-only' section" in its libraries or (3) that access to that section is "restricted." *Id.* at 3-5 (citing PI Order at 24).

It is true that the proffered photographs in Exhibit 30 were never entered into the record at the hearing, but their inclusion or exclusion hardly matters because the Court's citation to them merely supports its finding "that Plaintiffs' concerns about Section 5 curtailing their right to receive constitutionally protected speech in the public library are not speculative." PI Order at 23. That broader finding is amply supported by other evidence in the record, both photographic and documentary.

For starters, Plaintiffs' Exhibit 30 was not the only photographic evidence of the Crawford County Library's "Social Section." A photo in a *Northwest Arkansas Democrat Gazette* newspaper article, tendered as Plaintiffs' Exhibit 1-1, also shows what the "Social Section" looks like and some of the titles contained therein. *See* Pls.' Ex. 1-1 (Tomas Saccente, *Crawford County Library*

*Board Looks to Create New A Public Comment Policy After Increased Engagement At Meetings*, N.W. Ark. Democrat Gazette (May 14, 2023)); July 25, 2023 Mot. Hr'g Mins. (Doc. 51) (noting placement of Pls.' Ex. 1-1 in Court's Exhibit 2 ("CX#2")).[1]

Beyond the photographic evidence depicting Crawford County's "Social Section," the record before the Court also contains Crawford County Quorum Court and Crawford County Library ("CCL") Board meeting minutes, which were admitted at the July 25, 2023 hearing and provide written evidence describing the "Social Section":

- Pls.' Ex. 24 (Dec. 19, 2022 Crawford County Quorum Court Meeting Minutes), at 5-6 (describing a proposed compromise with the Quorum Court, pursuant to which the former CCL library director had her staff "take the LGBT books out of the children section and make an LGB section for itself, so families that who want to check out those books can go over there and check them out and for the ones that don't want to see it its not in the children's section").[2]

- Pls.' Ex. 18 (Jan. 10, 2023 Crawford County Library Board Meeting Minutes), at 2 (describing a compromise with the Quorum Court pursuant to which "the Library has agreed to put the Books in an Adult Section labeled S and have color labels on books requiring parental guidance").[3]

- Pls.' Ex. 22 (July 11, 2023 Crawford County Library Board Meeting Minutes), at 2 (approving changes to the form used to challenge library materials "to conform to Act 372" and adopting measures to ensure the "[p]lacement of materials in each branch library to conform to Act 372").[4]

*See also* July 25, 2023 Mot. Hr'g Mins. (noting that Plaintiffs' Exhibits 17-27 were "Received over Objection").

---

[1] The newspaper article contained in Plaintiffs' Exhibit 1-1 was "tendered to the Court" but not admitted at the hearing, as the Court reserved judgment on whether the exhibits placed in CX#2 "may be properly considered or not." *See* July 25, 2023 Hr'g Tr. (Doc. 57) at 43:13-17. The Court did not consider this article in its PI Order, *see* PI Order at 5 n.3, but certainly could have. As the Court acknowledged at the hearing, newspaper articles are among the self-authenticating items of evidence that "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902, 902(6); *see also* July 25, 2023 Hr'g Tr. at 38:17-20; *Cottier v. City of Martin*, 2004 U.S. Dist. LEXIS 31564, at *5 (D.S.D. June 7, 2004).

[2] See attached as Exhibit 1 to this Response.

[3] See attached as Exhibit 2 to this Response.

[4] See attached as Exhibit 3 to this Response.

The Court did not discuss these documents in its PI Order, but they contain additional "evidence to prove Crawford County has already moved many books from the children's section to a restricted 'adults-only' section in keeping with its interpretation of Section 5." *See* PI Order at 24; *see also* County Defs.' Answer Compl. (Doc. 58) at ¶ 79 (admitting that the prior CCL director "moved books, including some LGBTQ themed books," out of the children's section and into a new "Social Section").

These documents—the County Defendants' own records—further refute the County Defendants' contention that the Court lacked an evidentiary basis to conclude that an "adults only" section had been established at CCL. *See* Reconsideration Br. 3. Indeed, what they make clear is that Crawford County officials have, since the outset, described the section into which controversial and disfavored materials would be segregated as an "Adult Section." *See* Pls.' Ex. 18 (Jan. 10, 2023 Crawford County Library Board Meeting Minutes), at 2 ("Compromise with Quorum Court – Outlined by Grzymala the Library has agreed to put the Books in an *Adult Section* labeled S and have color labels on books requiring parental guidance." (emphasis added)); *see also* Pls.' Ex. 19 (March 14, 2023 Crawford County Library Board Meeting Minutes), at 2 (discussing whether challenged books would be removed "to the *adult section*" (emphasis added)).[5]

Finally, the County Defendants object that the Court's characterization of the "Social Section" as "restricted" is unsupported by the factual record. *See* Reconsideration Br. at 4. But the Court did not attempt to define the degree of the Social Section's restrictiveness or draw conclusions about whether it crosses a constitutional line. *See* PI Order at 24. There is therefore nothing in the Court's characterization that goes beyond the record here. Whether the "Social Section" constitutes an unconstitutionally restrictive scheme is an issue for the *Virden* Court, rather

---

[5] See attached as Exhibit 4 to this Response.

than this case, as the County Defendants readily acknowledge. *See* Reconsideration Mot. at 4.

Thus, there was no reason for Plaintiffs to submit evidence concerning the extent of the "Social

Section" restrictions. Plaintiffs have repeatedly explained that, for purposes of *this* case, the

content of material placed into that segregated collection is relevant insofar as it illustrates the

County Defendants' willingness to engage in the kind of viewpoint discrimination that Section 5

of Act 372 encourages and enables. *See* Pls.' Ex. 1-2 (May 23, 2023 email from Crawford County

attorney, Gentry Wahlmeier); July 25, 2023 Mot. Hr'g Mins. (noting placement of Plaintiffs'

Exhibit 1-2 into CX#2).[6] But the *restrictiveness* of the County Defendants' pre–Act 372 actions is

of little importance here, since their conduct going forward would be governed by Section 5—and

that provision's restrictiveness is evident from the text of the law, which requires that covered

material be moved "to an area that is not accessible to minors under the age of eighteen (18) years."

*See* Ark. Act 372 § 5(c)(11)(A).

### b. Complaint Allegations

Next, the County Defendants ask the Court to remove the following paragraph from its PI

Order:

> According to the Complaint, Crawford County's library board, whose members are appointed by County Judge Keith, interpreted Section 5 to mean they were permitted to "segregate constitutionally protected materials" on the basis of viewpoint alone.

Motion at 5 (quoting PI Order at 24 (citing Compl. (Doc. 2) at ¶ 79)). The County Defendants

argue that allegation is not in Plaintiffs' Complaint and that there is "no record evidence" to support

---

[6] The Court has not ruled on the admissibility of Plaintiffs' Exhibit 1-2 and did not rely on this document in its PI Order. However, the County Defendants confirmed at the July 25, 2023 hearing that Mr. Wahlmeier authored this document within the scope of his duties on behalf of Crawford County. *See* July 25, 2023 Hr'g Tr. at 48:3-4. They now admit this in their answer. *See* Answer Compl. at ¶¶ 80-81. Accordingly, the Court may consider Plaintiffs' Exhibit 1-2 as part of the record in this case.

the finding "that Crawford County used Section 5 of Act 372 as a basis to 'segregate constitutionally protected material' prior to the Act's enforcement." *Id.*

However, the PI Order accurately and fairly summarizes the allegations of the Complaint which, particularly when read in conjunction with exhibits attached thereto, sufficiently allege that, prior to Act 372 taking effect, the County Defendants had moved books containing disfavored viewpoints and signaled their intention to make books containing disfavored viewpoints entirely unavailable to minors once Act 372 took effect. *See* Compl. at ¶¶ 79-82. Furthermore, the Court's summary of the allegations in the complaint—without stating that it found this particular allegation to be true—cannot possibly harm the County Defendants and, thus, provides no reason to reconsider or amend the PI Order. That is especially true where Plaintiffs have supplied adequate evidence to establish these allegations for purposes of their preliminary injunction motion, including through evidence introduced at the hearing (and discussed above). *Supra* at 4-5.

Ultimately, whether or not the Court preserves the citations to the complaint or Plaintiffs' Exhibit 30 and the accompanying text, the PI Order should not substantively change because the Court's broader conclusion—"that Plaintiffs' concerns about Section 5 curtailing their right to receive constitutionally protected speech in the public library are not speculative," PI Order at 23—is well-supported by the record before the Court.

## II.    The Court's Order Denying Crawford County's Motion to Dismiss

Finally, the County Defendants ask the Court to strike the following statement from the Order on MTD:

> The Complaint alleges that Crawford County Library System has preemptively moved materials that it believes will be subject to challenge under Section 5 to a new section in the library that is not accessible to those under 18.

Reconsideration Br. at 6 (quoting Order on MTD at 5 (citing Compl. at ¶¶ 79, 81)). This is a fair

7

summary of the allegations in the complaint, which allege that, prior to Act 372 taking effect, Crawford County had moved books containing disfavored LGBTQ-themed viewpoints to a separate area in CCL; justified that action on the basis of the County Defendants' belief that doing so would "protect[] children from exposure to materials that might harm their innocence"; and indicated that further changes were coming as a result of Act 372. *See* Compl. at ¶¶ 79-81.

The County Defendants once again key in on the Court's characterization of the Social Section as "not accessible to those under 18." *See* Reconsideration Br. at 6. But, regardless of whether the County Defendants made the "Social Section" inaccessible, Section 5 would have—by its statutory terms—obligated them to create a section entirely inaccessible to minors in which challenged and removed books would be placed starting August 1, 2023, as they were allegedly planning to do in order to comply with the new law. *See* Compl. at ¶¶ 7, 77, 79-81. That is enough to sustain the Court's conclusion that Plaintiffs' alleged injuries are "concrete, particularized, and imminent." Order on MTD at 5-6. It is worth emphasizing once more that, for all of their quibbling with the Court's word choice, the County Defendants do not actually argue that the Court reached the wrong conclusion. *See* Reconsideration Br. Nor can the County Defendants possibly suffer any prejudice from the Court's summary of the complaint's allegations, which does not purport to make a final determination as to the truth of those alleged facts.

## CONCLUSION

For the foregoing reasons, the Court should deny the County Defendants' motion (Doc. 55).

Respectfully submitted,

/s/ John T. Adams
David M. Fuqua
Ark. Bar No. 80048
John T. Adams
Ark. Bar No. 2005013
Attorneys for Plaintiffs Central Arkansas
Library System, Nate Coulter, and the Eureka
Springs Carnegie Public Library
FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
Telephone: (501) 374-0200
E-Mail: dfuqua@fc-lawyers.com
E-Mail: jadams@fc-lawyers.com


Bettina Brownstein
Ark. Bar No. 85019
BETTINA E. BROWNSTEIN LAW FIRM
Attorney for Olivia Farrell, Jennie Kirby,
Hayden Kirby, and Leta Caplinger
904 West 2nd Street, Suite 2
Little Rock, AR 72201
Telephone: (501) 920-1764
E-Mail: bettinabrownstein@gmail.com
On Behalf of the Arkansas Civil Liberties Union
Foundation, Inc.


Will Bardwell*
Ben Seel*
Aman George*
Orlando Economos*
Attorneys for the Arkansas Library Association,
Advocates for All Arkansas Libraries, and Adam
Webb, in his individual capacity
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34554
Washington, DC 20043
Telephone: (202) 448-9090
E-Mail: wbardwell@democracyforward.org
E-Mail: bseel@democracyforward.org
E-Mail: ageorge@democracyforward.org
E-Mail: oeconomos@democracyforward.org

Vincent O. Chadick
Ark. Bar No. 94075
Brandon B. Cate
Ark. Bar No. 2001203
Glenn V. Larkin
Ark. Bar No. 2020149
Attorneys for Plaintiff Fayetteville Public
Library
QUATTLEBAUM, GROOMS & TULL
PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
E-Mail: bcate@qgtlaw.com
E-Mail: vchadick@qgtlaw.com
E-Mail: glarkin@qgtlaw.com


Michael A. Bamberger*
Kristen Rodriguez*
Rebecca Hughes Parker*
Attorneys for Pearl's Books, LLC,
Wordsworth Community Bookstore LLC,
American Booksellers Association,
Association of American Publishers, Inc.,
Authors Guild, Inc. Comic Book Legal
Defense Fund, and Freedom to Read
Foundation
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
E-Mail: michael.bamberger@dentons.com
E-Mail: kristen.rodriguez@dentons.com
E-Mail: rebeccahughes.parker@dentons.com


* *Admitted pro hac vice*

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 21, 2023, a copy of the foregoing was served upon all counsel of record contemporaneously with its filing in the CM/ECF system.

*/s/ John T. Adams*
John T. Adams