**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**FAYETTEVILLE PUBLIC LIBRARY, a political subdivision**
**in the City of Fayetteville, State of Arkansas;**
**EUREKA SPRINGS CARNEGIE PUBLIC LIBRARY;**
**CENTRAL ARKANSAS LIBRARY SYSTEM;**
**NATE COULTER; OLIVIA FARRELL; JENNIE KIRBY,**
**as parent and next friend of HAYDEN KIRBY;**
**LETA CAPLINGER; ADAM WEBB;**
**ARKANSAS LIBRARY ASSOCIATION;**
**ADVOCATES FOR ALL ARKANSAS LIBRARIES;**
**PEARL'S BOOKS, LLC; WORDSWORTH COMMUNITY**
**BOOKSTORE, LLC d/b/a WORDSWORTH BOOKS;**
**AMERICAN BOOKSELLERS ASSOCIATION;**
**ASSOCIATION OF AMERICAN PUBLISHERS, INC.;**
**AUTHORS GUILD, INC.;**
**COMIC BOOK LEGAL DEFENSE FUND;**
**and FREEDOM TO READ FOUNDATION**                      **PLAINTIFFS**

**V.**                      **CASE NO. 5:23-CV-05086**

**CRAWFORD COUNTY, ARKANSAS; CHRIS KEITH,**
**in his official capacity as Crawford County Judge;**
**TODD MURRAY; SONIA FONTICIELLA; DEVON HOLDER;**
**MATT DURRETT; JEFF PHILLIPS; WILL JONES;**
**TERESA HOWELL; BEN HALE, CONNIE MITCHELL,**
**DAN TURNER, JANA BRADFORD; FRANK SPAIN;**
**TIM BLAIR; KYLE HUNTER; DANIEL SHUE; JEFF ROGERS;**
**DAVID ETHREDGE; TOM TATUM, II; DREW SMITH;**
**REBECCA REED MCCOY; MICHELLE C. LAWRENCE;**
**DEBRA BUSCHMAN; TONY ROGERS; NATHAN SMITH;**
**CAROL CREWS; KEVIN HOLMES; CHRIS WALTON;**
**and CHUCK GRAHAM, each in his or her official capacity**
**as a prosecuting attorney for the State of Arkansas**                      **DEFENDANTS**

## OPINION AND ORDER

Before the Court is a Motion for Reconsideration (Doc. 55) filed by separate

Defendants Crawford County, Arkansas, and Crawford County Judge Chris Keith

("Crawford County Defendants").  According to Federal Rule of Civil Procedure 60(a),

"The court may correct a clerical mistake or a mistake arising from oversight or omission

1

whenever one is found in a judgment, order, or other part of the record." Crawford County Defendants ask the Court to correct certain clerical errors they have identified in the Order granting Plaintiffs' motion for preliminary injunction (Doc. 53) and in the Order denying Crawford County Defendants' motion to dismiss (Doc. 52).

## I.    Requested Corrections to Preliminary Injunction Order (Doc. 53)

In the Order granting Plaintiffs' motion for preliminary injunction, the Court made the following finding:

> There is photographic evidence to prove Crawford County has already moved many books from the children's section to a restricted "adults-only" section in keeping with its interpretation of Section 5. *See* Plaintiffs' Hearing Exhibit 30.

(Doc. 53, p. 24).

Crawford County Defendants agree that many books were moved from the children's section to the adult section of the library. They disagree that the children's books were removed to a "restricted adults-only section," as the Court described in its Order. They also point out that Plaintiffs' Hearing Exhibit 30, which the Court cited in support of this fact, was not admitted into evidence during the hearing.

To the extent Crawford County Defendants would rather the Order state that children's books were moved to the "adult section" rather than to a "restricted adults-only section," the Court declines; this distinction is immaterial to the Court's decision to grant preliminary injunctive relief. Given the evidence before the Court at this stage in the proceedings, Plaintiffs have established a likelihood of success in proving that the books in question were, indeed, moved to an area where they were restricted from children's ability to access them easily and where only adults tend to browse.

Turning to Exhibit 30, the Court agrees it was not admitted into evidence and

acknowledges Defendants' point.[1]  However, the error is not of substantive significance for several reasons:

- Other exhibits received in evidence establish the same proposition.[2]  For example:

  - Plaintiffs' Exhibit 18 contains the minutes of the Crawford County Library Board that describe a compromise with the Quorum Court where "the Library . . . agreed to put the [children's] Books in an Adult Section labeled S and have color labels on books requiring parental guidance."

  - Plaintiffs' Exhibit 22 contains the minutes of the Crawford County Library Board approving changes to the form used to challenge library materials "to conform to Act 372" and adopting measures to ensure the

---

[1] During the July 25 hearing, the parties stipulated to the introduction of numerous exhibits.  *See* Joint Statement of Stipulated Facts, received as Court's Exhibit 1. Plaintiffs then identified several other exhibits they sought to be received in evidence (as previously listed on Plaintiffs' Exhibit List and produced to Defendants and the Court prior to the hearing)—specifically including "a list of books currently in the Crawford County social section and *photos of that section*." (Doc. 57, pp. 33–35) (emphasis added).  Defendants objected.  *Id*. at pp. 35–39.  After considerable back and forth, Plaintiffs ultimately proffered their Exhibits numbered 28, 29, 31, 32, and 33.  *Id*. at pp. 41–43. The Court collectively included these proffered exhibits as part of Court's Exhibit 2, stating that it would take admissibility rulings under advisement.  *Id*. at p. 43.  Exhibit 30 was not included in the proffer. The error here is that the Court misconstrued its own notes to mean that Defendants were only objecting to the exhibits that were collectively captured by Court's Exhibit 2, i.e., they were *not* objecting to Exhibit 30.  However, upon closer review of the transcript, it is true that Plaintiffs did not clearly offer their proposed Exhibit 30 into evidence.  *Compare* Doc. 57, pp. 34–35 *with id*. at pp. 41–43. Nevertheless, the error is not of substantive significance because, among other reasons, Plaintiffs *did* proffer a substantially similar photograph.  See Doc. 22-1, p. 7 (re-marked as Plaintiffs' Hearing Exhibit 1-1); Doc. 57, pp. 45–46.

[2] During the July 25 hearing, the Court provisionally received Plaintiffs' Exhibits 17–27 in evidence, subject only to Defendants' relevancy objections—which the Court took under advisement.  *See* Doc. 57, p. 60.  To the extent not previously stated, the Court finds all exhibits referenced in its Preliminary Injunction Order (and now this Order) to be relevant to the issues and defenses before the Court and therefore properly considered under Rules 401 and 403.

"[p]lacement of materials in each branch library to conform to Act 372."

- o And Plaintiffs' Exhibit 24 contains the minutes of the Crawford County Quorum Court noting that former Crawford County Library Director Diedre Grzymala had her staff "take the LGBT books out of the children section and make an LGB section for itself, so families that who [sic] want to check out those books can go over there and check them out and for the ones that don't want to see it its [sic] not in the children's section."

- Plaintiffs *did* proffer Exhibit 1-1, a photograph of similar substance and context (and offered for the same proposition) to the one depicted in Exhibit 30. *See* Doc. 22-1, p. 7; Doc. 57, pp. 45–46. Further, it is relevant to the same finding stated in the Court's Order.[3]

- The Crawford County Defendants requested—and were granted—the opportunity to compare Plaintiffs' proffered exhibits with their own originals to verify accuracy and completeness. *See* Doc. 57, p. 61. The Court assumes all such exhibits are authentic since the Crawford County Defendants have not informed the Court otherwise.

- In its Answer, filed on August 14, 2023, Crawford County admits that certain of the books in question were moved "to a newly created, fully accessible, section called the Social Section at each library in the Crawford County Library System." (Doc. 58, ¶ 79).

The Court thus restates its conclusion from the Preliminary Injunction Order:

---

[3] The Court finds Exhibit 1-1 is self-authenticating under Federal Rule of Evidence 902(6) because the photograph is part of a newspaper article. Consequently, to the extent necessary, the Court receives Plaintiffs' proffered Exhibit 1-1 into evidence in accordance with the relaxed standards applied to the consideration of proffered evidence in a preliminary injunction hearing. *See* footnote 5, *infra*.

"Plaintiffs' concerns about Section 5 curtailing their right to receive constitutionally protected speech in the public library are not speculative," and they have "satisf[ied] standing requirements at this stage in the proceedings."  (Doc. 53, pp. 23–24).

Lastly, Crawford County Defendants contend the Court errantly quoted the Complaint at Paragraph 79 when finding it likely that Crawford County segregated "constitutionally protected materials" "on the basis of viewpoint alone."  *See* Doc. 53, p. 24.   Defendants are correct that the words "segregate constitutionally protected materials" do not appear in Paragraph 79 of the Complaint and should not have been placed in quotation marks in the Court's Order. However, here, too, the Court stands by its finding that Crawford County is likely to have segregated constitutionally protected materials on the basis of viewpoint.  Paragraph 79 of the Complaint quotes a newspaper article that reported Crawford County "moved their LGBTQ children's books out of the children's section into a new area within their respective adult sections."  (Doc. 2, ¶ 79).[4] Further, the minutes of the Crawford County Quorum Court, which were admitted in evidence at the evidentiary hearing, indicate that children's books were removed from the children's section and placed in the adult section because of the books' LGBTQ themes.

Following the July 25 hearing,  the Court was left with five days to issue (what turned out to be) a 49-page ruling before the effective date of Act 372.  Despite the Court's best efforts, time compression is no proofreaders' friend, which is why the Court acknowledges and appreciates Defendants' stewardship of the record. But as explained, *supra*, the exhibit-reference and word-choice errors at issue here are immaterial to the

---

[4] As explained above, the newspaper article appearing to meet this description was proffered and (now) received by the Court as Plaintiffs' Exhibit 1-1.

Court's conclusions in its Preliminary Injunction Order.[5]  The request to amend the Order is therefore **DENIED**.

## II.    Requested Corrections to Order Denying Motion to Dismiss (Doc. 52)

The Court's Order denying Crawford County Defendants' motion to dismiss included the following observation:

> The Complaint alleges that Crawford County Library System has preemptively moved materials that it believes will be subject to challenge under Section 5 to a new section in the library that is not accessible to those under 18.  *See* Doc. 2, ¶¶ 79 & 81.

(Doc. 52, p. 5).  Again, Crawford County Defendants dispute that the segregated books were "not accessible to those under 18."  Like in Section I, *supra*, the Court finds no material error in its characterization of the claims in the Complaint and **DENIES** Crawford County Defendants' request to issue a correction.

## III.    Conclusion

For the reasons explained above, **IT IS ORDERED** that Crawford County Defendants' Motion for Reconsideration (Doc. 55) is **DENIED**.

---

[5] Additionally, Crawford County Defendants are reminded that the Court's findings of fact in the preliminary injunction Order are not binding at trial on the merits.  The findings are *preliminary*.  *See Henderson v. Bodine Aluminum, Inc.,* 70 F.3d 958, 962 (8th Cir. 1995) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).  Furthermore, the evidence that was admitted during the hearing on July 25, 2023, was subject to a relaxed evidentiary standard unlike that which would be required at trial.  *See Camenisch*, 451 U.S. at 395 (noting approval of "less formal" procedures at the preliminary injunction phase of proceedings, since the purpose of such proceedings "is merely to preserve the relative positions of the parties until a trial on the merits can be held"); *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.,* 51 F.3d 982, 985 (11th Cir. 1995) ("At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction."); *Asseo v. Pan Am. Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986) (explaining that hearsay materials are often received in preliminary injunction proceedings and finding their use "appropriate given the character and objectives of the injunctive proceeding" and the need for expediency).

**IT IS SO ORDERED** on this 26th day of September, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE