IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, a political
subdivision in the City of Fayetteville, State of
Arkansas; EUREKA SPRINGS CARNEGIE PUBLIC
LIBRARY; CENTRAL ARKANSAS LIBRARY
SYSTEM; NATE COULTER; OLIVIA FARRELL;
JENNIE KIRBY, as parent and next friend of HAYDEN
KIRBY; LETA CAPLINGER; ADAM WEBB;
ARKANSAS LIBRARY ASSOCIATION;
ADVOCATES FOR ALL ARKANSAS LIBRARIES;
PEARL'S BOOKS, LLC; WORDSWORTH
COMMUNITY BOOKSTORE LLC d/b/a
WORDSWORTH BOOKS; AMERICAN
BOOKSELLERS ASSOCIATION; ASSOCIATION OF
AMERICAN PUBLISHERS, INC.; AUTHORS
GUILD, INC.; COMIC BOOK LEGAL DEFENSE
FUND; FREEDOM TO READ FOUNDATION                                        PLAINTIFFS

V.                          NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS; CHRIS
KEITH, in his official capacity as Crawford County
Judge; TODD MURRAY; SONIA FONTICIELLA;
DEVON HOLDER; MATT DURRETT; JEFF
PHILLIPS; WILL JONES; TERESA HOWELL; BEN
HALE, CONNIE MITCHELL, DAN TURNER, JANA
BRADFORD; FRANK SPAIN; TIM BLAIR; KYLE
HUNTER; DANIEL SHUE; JEFF ROGERS; DAVID
ETHREDGE; TOM TATUM, II; DREW SMITH;
REBECCA REED MCCOY; MICHELLE C.
LAWRENCE; DEBRA BUSCHMAN; TONY
ROGERS; NATHAN SMITH; CAROL CREWS;
KEVIN HOLMES; CHRIS WALTON; and CHUCK
GRAHAM, each in his or her official capacity as a
prosecuting attorney for the State of Arkansas;                         DEFENDANTS

## JOINT RULE 26(f) REPORT

Plaintiffs Fayetteville Public Library, Eureka Springs Carnegie Public Library, Central Arkansas Library System, Nate Coulter, Olivia Farrell, Jennie Kirby as parent and next friend of Hayden Kirby, Leta Caplinger, Adam Webb, Arkansas Library Association, Advocates for all Arkansas Libraries, Pearl's Books, LLC, Wordsworth Community Bookstore LLC d/b/a Wordsworth Books, American Booksellers Association, Association of American Publishers, Inc., Authors Guild, Inc., Comic Book Legal Defense Fund, and Freedom to Read Foundation (collectively, the "Plaintiffs"); Crawford County, Arkansas and Chris Ketih, in his official capacity as Crawford County Judge (collectively, the "County Defendants"); and Todd Murray, Sonia Fonticiella, Devon Holder, Matt Durrett, Jeff Phillips, Will Jones, Teresa Howell, Ben Hale, Connie Mitchell, Dan Turner, Jana Bradford, Frank Spain, Tim Blair, Kyle Hunter, Daniel Shue, Jeff Rogers, David Ethredge, Tom Tatum, II, Drew Smith, Rebecca Reed McCoy, Michelle C. Lawrence, Debra Buschman, Tony Rogers, Nathan Smith, Carol Crews, Kevin Holmes, Chris Walton, and Chuck Graham, each in his or her official capacity as a prosecuting attorney for the State of Arkansas (collectively, the "Prosecutor Defendants") hereby submit this Joint Rule 26(f) Report pursuant to the Federal Rules of Civil Procedure and the Initial Scheduling Order in this case (Doc. 64).

1

1. **Plaintiffs' Statement of the Case**

Plaintiffs sue to enjoin enforcement of, and declare facially unconstitutional and void, Sections 1 and 5 of Arkansas Act 372 of 2023 as violations of their rights under the First and Fourteenth Amendments. This Court's July 29, 2023, Memorandum Opinion and Order on Plaintiffs' Motion for Preliminary Injunction ("PI Mem. Op.") (Doc. 53), at pages 3 through 18, accurately sets forth a statement of this case. Plaintiffs incorporate that summary by reference.

Section 1 criminalizes making available, providing, or showing a minor an item that meets the definition of "harmful to minors." Section 1 would force libraries and bookstores to segregate from their general patrons and customers any item that might be deemed harmful to the youngest minor, even if there is no constitutional basis for limiting its availability to older minors or adults. Where libraries and booksellers lack the space or resources to construct segregated "adults only" areas, their only choices will be to remove all materials which might be deemed harmful to their youngest, least developed patrons or customers, or to exclude minors completely from the premises. Section 1 is overbroad, vague, and an unconstitutional prior restraint.

Section 5 requires that public libraries establish a process through which any "person affected by [a] material" in their collection can challenge the "appropriateness" of that material's inclusion in the library's main collection and force public libraries to segregate or remove a substantial amount of material that is protected as to adults and older minors. Section 5 is unconstitutionally vague, is a content-based restriction that fails to the meet the level of scrutiny required of such restrictions, lacks a mechanism for judicial review, as is required for content-based licensing schemes, and discriminates on the basis of viewpoint.

This Court found that Sections 1 and 5 likely violate the First and Fourteenth Amendments and preliminarily enjoined their enforcement.

      **2a.**      **County Defendants' Statement of the Case**

This case is about whether Arkansas's Act 372 is unconstitutional on its face. Plaintiffs seek to have two sections of the Act—Section 1 and Section 5—declared unconstitutional as violating the First and Fourteenth Amendment of the U.S. Constitution. Plaintiffs only seek relief against the County Defendants as to enjoining Section 5 and do not assert that Section 1 is even applicable to the County Defendants.

Crawford County does not necessarily take a position as to the facial constitutionality of Arkansas's Act 372. That issue is between Arkansas and the Plaintiffs. Therefore, the proper party for Plaintiffs' case is the State of Arkansas and not Crawford County.

For the County Defendants, this case primarily centers on whether every Plaintiff has Article III Standing for each form of relief sought. The County Defendants do not believe that Plaintiffs have satisfied the jurisdictional prerequisite of Article III standing, which is discussed more in depth in Schedule B.

### 2b. Prosecutor Defendants' Statement of the Case

First, Section 1 of Act 372 of 2023 was passed to protect minors from materials that are obscene to them. It does so by making it a misdemeanor to "furnish[]" to a minor material that is obscene to minors. Ark. Code Ann. § 5-27-212(b). The U.S. Supreme Court, over half a century ago, confirmed the States' interest in protecting minors from material that is obscene to them, holding that "[o]bscenity is not within the area of protected speech or press," including when a statute "defin[es] the obscenity of material on the basis of its appeal to minors under 17." *Ginsberg v. New York*, 390 U.S. 629, 635, 643 (1968). Thus, variable-obscenity laws, like Section 1, are only subject to rational-basis review and should be upheld. *Id.* at 641–43. Notably, the Plaintiffs concede that an almost identical statute is constitutional. *See* Br. Supp. Mot. Prelim. Inj. 37, ECF No. 23. Moreover, Section 1 is not a prior restraint, overbroad, or vague.

Second, public libraries exist because the State has created an avenue for them to exist. Ark. Code Ann. §§ 13-2-101 *et seq.* Thus, the State may define the bounds within which public libraries operate. *White Cnty. v. Cities of Judsonia, Kensett, and Pangburn*, 251 S.W.3d 275, 279 (Ark. 2007). Section 5 of Act 372 is a mundane use of that power, creating guardrails for how public libraries select, relocate, and retain materials. Ark. Code Ann. § 13-2-106. In other words, Section 5 is a form of government speech. *Shurtleff v. City of Boston*, 142 S. Ct. 1583, 1589–90 (2022). Selecting, relocating, and retaining library materials is nothing new. The unelected Library Plaintiffs are already adding and removing materials on their own whims and without any oversight. *E.g.* Order 6, ECF No. 53 (explaining that Section 5 "will shift ultimate censorship authority from [unelected] professional librarians to politically elected [officials]"). Section 5 makes those decisions democratically accountable, without removing or banning materials. § 13-2-106. Further, Section 5 is not a prior restraint.

      **3.**    **Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**  No.

      **4.**    **Are there any Objections to the *timing* of Rule 26(a) Initial Disclosures?** The Parties agree that initial disclosures will be made on or before November 17, 2023.

      **5.**    **Agreed Document Productions.**

The County Defendants will provide, before or along with their Initial Disclosure, Bates-numbered electronic copies of the signed minutes from the Crawford County Quorum Court and Crawford County Library Board from November 1, 2022 until August 31, 2023, and a list of the books in the Crawford County Library Social Section as of June 1, 2023, and as of the current date.

      **6.**    **Discovery.**

      **6(a).**    **How many months are reasonably necessary to complete discovery— as measured from the date of the Case Management Hearing?** The parties anticipate that discovery should be limited and take 120 days from the date of the Case Management Hearing to complete.

      **6(b).**    **Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules?  If so, please explain.** No.

      **6(c).**    **Do the parties seek to increase the maximum number of depositions allowed per side?  If yes, please explain the necessity and state how many depositions per side are proposed**. No. With the goal of an expedited discovery period, the Parties hereby agree that the following groupings of Parties may take two depositions per group: (1) Plaintiffs, (2) County Defendants, and (3) Prosecutor Defendants. Depositions of expert witnesses are not included in this limitation. Beyond this, the Parties must seek leave of the Court.

      **6(d).**    **Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex.  If your answer is "Complex," then please complete and attach Schedule A.** The Parties anticipate that electronic discovery in this case will be (ii) fairly simple and routine.

      **6(e).**    **Do you anticipate the use of Expert Witnesses at trial?  If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).** Yes. The Prosecutor Defendants anticipate offering expert testimony. The Parties propose that expert

disclosures are made on or before December 15, 2023, and that rebuttal expert disclosures are made on or before January 30, 2023, or 20 days after any deposition of an expert witness, whichever is later.

**6(f).    Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?**

☒ No.

☐ Yes. The parties stipulate to entry of the Court's standard protective order.

☐ Yes. The parties stipulate to entry of a modified version of the Court's standard protective order.

**7.    State the parties' best estimate as to the number of days reasonably necessary to fully try the case.**

The Parties anticipate filing cross-motions for summary judgment. The Parties propose that the Court set the deadline for dispositive motions as 45 days after the close of discovery. To the extent that the Court determines that questions of fact remain for trial and does not grant summary judgment, the Parties anticipate that a trial would last no more than three days and possibly less. To the extent that the Court determines that questions of fact remain for trial and does not grant summary judgment, depending on what the Court identifies as factual questions for a trial, the Parties will confer as to whether this case can be tried on the papers and a stipulated record in lieu of an in-person trial.

**8.    State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.**

Yes, but the Parties agree to a shorter period. Specifically, the Parties propose that 30 days – measured from the case management hearing – should be the deadline to add parties and/or amend the pleadings.

**9.    Settlement Prospects.**

The prospects for settlement are unknown. The Parties have no immediate expectation of settlement but remain open to exploring settlement opportunities.

**10.    Special Issues and Schedules.**

_X_    **Federal Jurisdiction is Disputed**.

___    **Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00.**

___    **Diversity Jurisdiction case where any party is a non-corporate entity (*i.e.* LLCs, LLPs, General Partnerships, Trusts, Estates, etc.)**.

___    **Original action filed in this Court based on Diversity Jurisdiction where Plaintiff has named one or more "John Doe" Defendant(s)**.

___    **Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act.**

___    **Complaint seeks recovery for personal injuries and/or wage loss.**

**11.    Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?**

Yes.

**12.    Magistrate Judge Jurisdiction.  Have all counsel discussed with their clients and each other the option of consenting to Magistrate Judge jurisdiction?  Answer "Yes" or "No."**

The Parties have discussed the option of consenting to Magistrate Judge jurisdiction and do not consent to the option of the Magistrate Judge presiding over this case.

## Schedule B

## Federal Jurisdiction Disputed

Pursuant to the Court's instructions for Rule 26(f) Reports, the parties provide the following information regarding Defendants' dispute as to subject matter jurisdiction:

1. **Joint Statement.**

It is Crawford County's and the Prosecuting Attorneys' position that Plaintiffs lack Article III standing, depriving the Court of subject matter jurisdiction. *See City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007) (finding that Article III standing is a "jurisdictional prerequisite"). Plaintiffs assert that they have adequately demonstrated their standing to sue. *See Virginia v. American Booksellers Ass'n,*, 484 U.S. 383, 392-393 (1988) ("[I]n the First Amendment context, '[l]itigants ... are permitted to challenge a statute not [only] because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'").

2. **Crawford County's Statement.**

The Court lacks subject matter jurisdiction over this case. Specifically, no Plaintiff has Article III standing to assert a facial challenge of Act 372 against Crawford County. Every Plaintiff must meet the three elements of Article III Standing—injury, causation, and redressability. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017). These elements must be met for each form of relief sought. *Id.* Standing is never dispensed in gross and must be determined on a plaintiff-by-plaintiff basis. *Id.* In cases involving multiple Plaintiffs, at least one Plaintiff must have standing as to all forms of relief requested in the Complaint. *Id.*

No Plaintiff has standing as to all forms of relief sought in this case. As an example, Leta Caplinger has been preliminarily found to have standing as to Crawford County. *See Doc. 52* at 4–5. However, Leta Caplinger would not have Article III standing as to the Prosecutor Defendants located outside of her Judicial District. Thus, there exists no Plaintiff with standing as to all forms of relief, including relief sought against Crawford County.

Plaintiffs' requested relief is to have Act 372 enjoined based only on the face of the statute—not as applied to Crawford County. *Doc. 2* at ¶1. However, Plaintiffs have no injury, causal connection, or redressability as to Crawford County because Crawford County is not the drafter, enactor, or enforcer of Arkansas state law. The ultimate enforcer of Act 372 is the State of Arkansas itself through its Attorney General. The State of Arkansas wrote Act 372, and it is tasked with ultimately enforcing it.

In sum, Plaintiffs lack Article III standing, meaning the Court lacks subject matter jurisdiction over Plaintiffs' claims.

### 3. Prosecuting Attorneys' Statement.

First, the Plaintiffs don't have an injury in fact to challenge Section 1. In *Virginia v. American Booksellers Ass'n*, the plaintiffs had standing because, "if their interpretation of the statute [was] correct," the "16 books [that they introduced and] that *they believed* were examples of books the amended statute covered" would have been regulated. 484 U.S. 383, 390–92 (1988). Here, the Plaintiffs believe that their materials are "constitutionally protected." *See, e.g.*, Pls.' Mot. Prelim. Inj., Ex. 9, at ¶ 7; *id.*, Ex. 16, at ¶ 4. Section 1, however, addresses furnishing obscenity to minors, which "is not protected expression." *Ginsberg v. New York*, 390 U.S. 629, 641 (1968). Thus, the Plaintiffs' materials aren't subject to Section 1's regulations, and their only concern is that someone "could" or "might" misinterpret the statute. *E.g.*, Compl. ¶¶ 2, 12. That's not enough.

9

*See Dakotans for Health v. Noem*, 52 F.4th 381, 386 (8th Cir. 2022) (explaining, in relevant part, that a plaintiff's actions must be "proscribed by a statute").

Second, for the Section 5 challenge, there is no injury, causation, or redressability. There is no injury because any injury is behind a five-steps-removed hypothetical: *if* someone challenges library materials, *and if* the material is relocated, *and if* the relocation is based solely on viewpoint, *and if* a Plaintiff wanted to view that material, *and if* the material is constitutionally protected, *then* the Library Plaintiffs will have to relocate the material and the Patron Plaintiffs will have to walk to a different location in the library. *See Mitchell v. Dakota County Social Services*, 959 F.3d 887, 896 (8th Cir. 2020) (holding that a single-step hypothetical failed to establish an injury in fact). Further, any injury is not traceable to the Defendants or redressable by the Court. Instead, any injury will be traceable to the Library Plaintiffs themselves or other libraries because libraries—not the Defendants—implement Section 5. *Miller v. Thurston*, 967 F.3d 727, 735 (8th Cir. 2020). And thus, without any Defendant enforcing Section 5, there is no relief that gets the Plaintiffs what they want. *California v. Texas*, 141 S. Ct. 2104, 2115–16 (2021).

4. **Plaintiffs' Statement.**

In the context of a First Amendment challenge, the "standing inquiry is lenient and forgiving," particularly with regards to "the doctrine's first element: injury-in-fact." *Dakotans for Health v. Noem*, 52 F.4th 381, 386 (8th Cir. 2022) (internal quotations and citations omitted). "[W]hen . . . threatened enforcement effort implicates First Amendment rights, the [standing] inquiry tilts dramatically toward a finding of standing." *Id*. (internal quotations and citations omitted). The law does not require Plaintiffs to "await and undergo a criminal prosecution as the sole means of seeking relief." *Holder v. Humanitarian Law Proj.*, 561 U.S. 1, 15 (2010) (internal quotation and citation omitted). "In the pre-enforcement context…[c]hilling a plaintiff's speech

is a constitutional harm adequate to satisfy the injury-in-fact requirement." *Speech First, Inc. v. Fenves*, 979 F3d 319, 330-331 (5th Cir. 2020).

Plaintiff librarians and booksellers have shown that Section 1 of Act 372 creates a risk of prosecution and burdens their ability to conduct ordinary First Amendment protected activities. The fact that Section 1 limits access to material that is constitutionally protected as to older minors and adults clearly puts Plaintiffs' materials and Plaintiffs at risk to criminal liability. *See Shipley, Inc. v. Long,* 359 Ark. 208, 195 S.W.3d 911 (2004). Plaintiff librarians have made a similar showing regarding Section 5. Library patrons have described their interest in accessing materials that will be moved and removed as a result of the challenged provisions, and the manner in which Section 5's imbalanced design denies them a right to petition their government based entirely on their viewpoint.

Crawford County misstates the law by asserting that "at least one Plaintiff must have standing as to *all forms of relief* requested in the Complaint." *Supra* at 9 (emphasis added). The case Crawford County cites, *Town of Chester, N.Y. v. Laroe Ests., Inc*., 581 U.S. 433, 439 (2017), actually holds that "when there are multiple plaintiffs . . . [a]t least one plaintiff must have standing to seek *each form* of relief requested in the complaint." *Id*. (emphasis added). The Court previously explained this rule: "In a multi-plaintiff suit, only one plaintiff needs to satisfy the constitutional standing requirements." PI Mem. Op. at 20 n. 22 (Doc. 53) (citing *Horne v. Flores*, 557 U.S. 433, 446–47 (2009)); *see also* Memorandum Opinion and Order at Crawford County's Motion to Dismiss at 2 (Doc. 52) (same). Because at least one Plaintiff has standing to seek each form of relief requested, the Court has subject-matter jurisdiction to hear this case. *See* PI Mem. Op. at 20-24.

Respectfully submitted,

/s/ John T. Adams
David M. Fuqua
Ark. Bar No. 80048
John T. Adams
Ark. Bar No. 2005013
Attorneys for Plaintiffs Central Arkansas Library System, Nate Coulter, and the Eureka Springs Carnegie Public Library
FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
Telephone: (501) 374-0200
E-Mail: dfuqua@fc-lawyers.com
E-Mail: jadams@fc-lawyers.com

Bettina Brownstein
Ark. Bar No. 85019
BETTINA E. BROWNSTEIN LAW FIRM
Attorney for Olivia Farrell, Jennie Kirby, Hayden Kirby, and Leta Caplinger
904 West 2nd Street, Suite 2
Little Rock, AR 72201
Telephone: (501) 920-1764
E-Mail: bettinabrownstein@gmail.com
On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.

Will Bardwell*
Ben Seel*
Aman George*
Orlando Economos*
Jeffrey B. Dubner*
Attorneys for the Arkansas Library Association, Advocates for All Arkansas Libraries, and Adam Webb, in his individual capacity
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34554
Washington, DC 20043
Telephone: (202) 448-9090
E-Mail: wbardwell@democracyforward.org
E-Mail: bseel@democracyforward.org
E-Mail: ageorge@democracyforward.org
E-Mail: oeconomos@democracyforward.org

Vincent O. Chadick
Ark. Bar No. 94075
Brandon B. Cate
Ark. Bar No. 2001203
Glenn V. Larkin
Ark. Bar No. 2020149
Attorneys for Plaintiff Fayetteville Public Library
QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
E-Mail: bcate@qgtlaw.com
E-Mail: vchadick@qgtlaw.com
E-Mail: glarkin@qgtlaw.com

Michael A. Bamberger*
Kristen Rodriguez*
Rebecca Hughes Parker*
Attorneys for Pearl's Books, LLC, Wordsworth Community Bookstore LLC, American Booksellers Association, Association of American Publishers, Inc., Authors Guild, Inc. Comic Book Legal Defense Fund, and Freedom to Read Foundation
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
E-Mail: michael.bamberger@dentons.com
E-Mail: kristen.rodriguez@dentons.com
E-Mail: rebeccahughes.parker@dentons.com

* *Admitted pro hac vice*

TIM GRIFFIN
Attorney General

/s/ Noah P. Watson
Noah P. Watson
Ark. Bar No. 2020251
Senior Assistant Attorney General

Christine A. Cryer
Ark. Bar No. 2001082
Senior Assistant Attorney General

John O. Payne
Ark. Bar No. 97087
Deputy Attorney General

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-1019
(501) 682-2591 fax
noah.watson@arkansasag.gov
christine.cryer@arkansasag.gov
john.payne@arkansasag.gov

*Attorneys for the Prosecuting Attorneys*


PPGMR Law, PLLC

/s/ Samuel S. McLelland
James D. Rankin III, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: Jim@ppgmrlaw.com
Forrest@ppgmrlaw.com
Sam@ppgmrlaw.com

*Attorneys for Separate Defendants Crawford County, Arkansas, and County Judge Chris Keith, in his official capacity*

13