IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


**FAYETTEVILLE PUBLIC LIBRARY, a political subdivision
in the City of Fayetteville, State of Arkansas;
EUREKA SPRINGS CARNEGIE PUBLIC LIBRARY;
CENTRAL ARKANSAS LIBRARY SYSTEM;
NATE COULTER; OLIVIA FARRELL; JENNIE KIRBY,
as parent and next friend of HAYDEN KIRBY;
LETA CAPLINGER; ADAM WEBB;
ARKANSAS LIBRARY ASSOCIATION;
ADVOCATES FOR ALL ARKANSAS LIBRARIES;
PEARL'S BOOKS, LLC; WORDSWORTH COMMUNITY
BOOKSTORE, LLC d/b/a WORDSWORTH BOOKS;
AMERICAN BOOKSELLERS ASSOCIATION;
ASSOCIATION OF AMERICAN PUBLISHERS, INC.;
AUTHORS GUILD, INC.; COMIC BOOK LEGAL DEFENSE FUND;
and FREEDOM TO READ FOUNDATION**                                        **PLAINTIFFS**

V.                               CASE NO. 5:23-CV-05086

**CRAWFORD COUNTY, ARKANSAS; CHRIS KEITH,
in his official capacity as Crawford County Judge;
TODD MURRAY; SONIA FONTICIELLA; DEVON HOLDER;
MATT DURRETT; JEFF PHILLIPS; WILL JONES;
TERESA HOWELL; BEN HALE, CONNIE MITCHELL,
DAN TURNER, JANA BRADFORD; FRANK SPAIN;
TIM BLAIR; KYLE HUNTER; DANIEL SHUE; JEFF ROGERS;
DAVID ETHREDGE; TOM TATUM, II; DREW SMITH;
REBECCA REED MCCOY; MICHELLE C. LAWRENCE;
DEBRA BUSCHMAN; TONY ROGERS; NATHAN SMITH;
CAROL CREWS; KEVIN HOLMES; CHRIS WALTON;
and CHUCK GRAHAM, each in his or her official capacity
as a prosecuting attorney for the State of Arkansas**                     **DEFENDANTS**


**CASE MANAGEMENT ORDER**

A Case Management Hearing was conducted on November 28, 2023. After a review of the parties' Rule 26(f) Joint Report, and based on discussions with counsel

during the hearing, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1. **TRIAL SET DURING THE COURT'S OCTOBER 15, 2024 TRIAL TERM**

The trial of this matter is scheduled for a **BENCH TRIAL** in **FAYETTEVILLE, ARKANSAS**, at the call of the Court during a **Two Week Trial Term which begins on OCTOBER 15, 2024,[1] at 9:00 a.m.** The parties have indicated that the case will take three (3) days to try. The case may be called up and tried at any point during the term; however, a more precise starting date will be set as the trial term approaches. If for some reason the case is "bumped" because the Court cannot accommodate all trials set for the term, then the case will be re-set and tried during the *"back-up"* **trial date which is set for the week of DECEMBER 16, 2024, at 9:00 a.m.**

2. **FINAL PRE-TRIAL CONFERENCE**

A Final Pre-Trial Conference shall be conducted pursuant to the provisions of Rule 16(e) on **OCTOBER 4, 2024, beginning at 9:00 a.m.**

3. **AMENDMENT OF PLEADINGS**

Leave to amend pleadings and/or to add or substitute parties shall be sought no later than **DECEMBER 28, 2023**.

---

[1] Mr. Watson presently has a conflict with *Morris v. State* (USDC ED AR - Judge Baker) the week of October 21, 2024. Mr. Watson should email Chambers with the status of his conflict on or before **SEPTEMBER 6, 2024**.

**4.	EXPERT DISCLOSURES**

The deadline to provide expert witness disclosures and written reports pursuant to Rule 26(a)(2) is **DECEMBER 15, 2023**.  The deadline to provide disclosures and reports of rebuttal experts (*i.e.* whose testimony will be offered solely to contradict or rebut the expert opinions offered by an opposing expert) is **JANUARY 30, 2024**.

**5.	DISCOVERY**

The parties have agreed to limit fact witness depositions to two depositions per party "group."  See Doc. 69 at ¶ 6(c).  Expert depositions are not included in this limitation.

The discovery deadline is **APRIL 1, 2024**.  The parties may conduct discovery beyond this date if all parties are in agreement to do so.  To avoid later misunderstandings, such agreements should be reduced to a writing which describes the type, scope, and length of the extended period of discovery.  That said, the Court will not resolve any disputes which may arise in the course of extended discovery.

All discovery requests must be propounded sufficiently in advance of the discovery deadline to allow for a timely response.  Witnesses and exhibits not identified and produced in response to Rule 26(a)(1) Initial Disclosures, and/or in response to subsequent discovery requests, may not be used at trial except in extraordinary circumstances.  The Court will not grant a continuance because a party does not have time in which to depose a lay or expert witness.

**6.	MOTION DEADLINES**

(a)	**Summary Judgment.**  The deadline to file dispositive motions is **MAY 15, 2024.**

(b) **_Daubert._** If applicable, _Daubert_ and related expert disqualification motions should be filed no later than **MAY 15, 2024**.

(c) **Discovery Motions**. Prior to filing a discovery motion the parties must (i) engage in a substantive good faith effort to amicably resolve the dispute without court intervention (to include at least one verbal discussion), and then, if necessary, (ii) the parties must schedule a conference call with the Court to discuss the dispute. In the event a discovery dispute cannot be informally resolved by the Court, then a formal motion must be filed sufficiently in advance of the discovery deadline to allow for a proper response time under the rules. The length of any such motions and supporting memorandum shall not exceed ten (10) pages in length (excluding exhibits). A response to a discovery motion, with the same page limitations, should be promptly filed.

(d) **Motions in Limine** must be filed on or before **SEPTEMBER 20, 2024.** Responses must be filed within seven (7) days thereafter. Motions submitted after the deadline may be denied solely on that ground. Briefs in Support of such motions and responses shall not exceed three (3) pages per ruling sought, except on leave of Court for good cause shown.

**7.    MEMORANDUM BRIEFS**

Page limits for discovery motions and liminal motions are noted above. Memorandum briefs filed in support or in response to other types of motions must not exceed **twenty-five (25) pages** in length, without leave of court and for good cause shown. Over-length briefs filed without advance leave may be stricken _sua sponte_. Reply briefs

require leave of Court, except with respect to motions for summary judgment. Reply briefs must not exceed **seven (7) pages** in length.

**8.      PRETRIAL DISCLOSURE SHEET**

Pursuant to the provisions of Rule 26(a)(3), the parties shall simultaneously file Pretrial Disclosures on **SEPTEMBER 6, 2024**, in a form consistent with the outline contained in Local Rule 26.2.

**9.      DEPOSITIONS TO BE USED AT TRIAL PURSUANT TO RULE 32[2]**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **SEPTEMBER 6, 2024**. The opposing party must then provide notice of objections and/or counter-designations by **SEPTEMBER 13, 2024**. These designations and objections should not be filed with the Court, but rather exchanged by the parties. The parties shall then confer in good faith to resolve any objections to designations.

Any unresolved objections shall be made by a joint written motion filed no later than **SEPTEMBER 20, 2024**. Instructions for preparing the joint motion and the form to be used are posted on the Court's website at http://www.arwd.uscourts.gov/judge-brooks-forms. Objections will be resolved during the Final Pre-Trial Conference.

**10.     PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The parties must confer in advance regarding proposed Findings of Fact and Conclusions of Law in an attempt to narrow areas of disagreement. The parties shall jointly file agreed findings of fact, and, for each cause of action, the agreed legal

---

[2]Depositions to be used solely for impeachment are not contemplated by the requirements of this paragraph.

elements/basis, clearly marked "STIPULATED FACTS AND AGREED BASIS OF APPLICABLE LAW," on or before **OCTOBER 1, 2024**. With regard to disputed facts and/or applicable law, the parties shall simultaneously file trial briefs which identify all pertinent facts in dispute and explain the nature and basis of any disputed legal issues, and/or disputed application of law to agreed and/or disputed facts. Trial briefs must be filed by no later than **OCTOBER 8, 2024**.

**11.   WITNESS AND EXHIBIT LISTS**

Each party shall submit "final" witness and exhibit lists to the Court by no later than **SEPTEMBER 27, 2024**. The lists should be in the format as posted on the Court's website at http://www.arwd.uscourts.gov/judge-brooks-forms. Witnesses shall be grouped together under headings indicating whether they "will be called" or merely "may be called" to testify.

Trial Exhibits must be identified, numbered, provided, and made available to opposing counsel in advance of the deadline. Counsel must then review and confer for the purpose of identifying any exhibits to which agreement or objections are contemplated. The final numbered exhibit list provided to the Court should therefore indicate—for each applicable exhibit—whether opposing counsel intends to "agree" (subject to proponent laying proper foundation) or "object" to its introduction. Prior to trial, the parties shall further confer and identify which, if any, of the agreed exhibits may be stipulated into evidence *in mass* at the beginning of the trial. Please promptly notify the Court via email as to which exhibits will be received in this manner.

Each party shall provide a notebook of its final proposed exhibits(numbered, indexed, and tabbed) to Chambers by no later than **OCTOBER 4, 2024**.

12. **DEADLINES**

The deadlines set forth above are firm. Extensions and/or continuances will not be considered absent very compelling circumstances.

13. **SUMMARY TABLE AND FORMS**

A table summarizing the deadlines is attached. In the event of a discrepancy between this Order and the summary table, the deadline set forth in the Order is controlling. The forms are available for download on the Court's public website - http://www.arwd.uscourts.gov/judge-brooks-forms.

14. **COMMUNICATION WITH COURT REGARDING TRIAL OR SETTLEMENT**

Settlements should be immediately reported to the Court.[3] Please communicate any late developing settlement or problems/issues (*i.e.* over the weekend prior to trial) to the Courtroom Deputy, Sheri Craig, at (479) 695-4460 or *tlbinfo@arwd.uscourts.gov*. In the event of settlement, advise Ms. Craig immediately. The parties are further advised that the case will not be removed from the trial docket until an order of dismissal has been entered.

**IT IS SO ORDERED** this 1st day of December, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[3]This is especially true when there are ripe motions pending. Prompt notification is also of great help to the Court in the management of remaining cases set for a given trial term.

## **DATES AND DEADLINES**

| HEARINGS AND TRIAL DATE | |
|---|---|
| FINAL PRE-TRIAL CONFERENCE | 10/4/24 |
| **TRIAL DATE (Two Week Trial Term beginning on)** | **10/15/24** |
| "BACK-UP" TRIAL DATE | 12/16/24 |
| **DISCOVERY** | |
| AMEND PLEADINGS/ADD OR SUBSTITUTE PARTIES | 12/28/23 |
| EXPERT WITNESS DISCLOSURES/REPORTS | 12/15/23 |
| REBUTTAL EXPERT WITNESS DISCLOSURES/REPORTS | 1/30/24 |
| **DISCOVERY DEADLINE** | **4/1/24** |
| **MOTIONS** | |
| **DISPOSITIVE MOTIONS** | **5/15/24** |
| DAUBERT AND RELATED MOTIONS REGARDING EXPERT OPINION TESTIMONY (if applicable) | 5/15/24 |
| **FINAL TRIAL PREPARATIONS** | |
| PRETRIAL DISCLOSURES (per format of Local Rule 26.2) | 9/6/24 |
| MOTIONS IN LIMINE | 9/20/24 |
| DEPOSITION DESIGNATIONS (exchanged) | 9/6/24 |
| DEPOSITION COUNTER-DESIGNATIONS (exchanged) | 9/13/24 |
| JOINT MOTION TO EXCLUDE DEPOSITION TESTIMONY | 9/20/24 |
| PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (submitted to the Court via email) | 10/1/24 |
| TRIAL BRIEF | 10/8/24 |
| WITNESS AND EXHIBIT LISTS (submitted to the Court via email) | 9/27/24 |
| EXHIBITS NOTEBOOK (INDEXED AND TABBED) TO CHAMBERS | 10/4/24 |