IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY,** *et al.*                                              **PLAINTIFFS**

vs.                                              No. 5:23-CV-05086-TLB

**CRAWFORD COUNTY, ARKANSAS,** *et al.*                                              **DEFENDANTS**

**SEPARATE DEFENDANTS CRAWFORD COUNTY AND JUDGE CHRIS KEITH'S
MOTION TO STRIKE CERTAIN ALLEGATIONS AND DISMISS**

COME NOW Separate Defendants, Crawford County, Arkansas, and Crawford County Judge Chris Keith, in his official capacity (collectively "Crawford County"), by and through undersigned counsel, and for their Motion to Strike Certain Allegations in Plaintiffs' Amended Complaint and to Dismiss Plaintiffs' Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(6), and (f), state:

**INTRODUCTION**

Plaintiffs' Amended Complaint asserts the same claim against Crawford County as their original Complaint—that Act 372 of the Regular Session of the 94th General Assembly is unconstitutional on its face, and Crawford County should be enjoined from implementing it. Crawford County, like every other library that is a Plaintiff in this case[1], would have to implement Act 372 if the Act is not enjoined. The only difference between Crawford County and the Library Plaintiffs is that the Library Plaintiffs chose to seek an injunction against implementing the Act. Plaintiffs chose to sue to stop Act 372 and Crawford County did not. This leaves Crawford County defending itself against a law it did not draft or ever seek to implement. However, Plaintiffs' Amended Complaint attempts to create the illusion that Crawford County did implement Act 372

---

[1] Such Plaintiffs include Fayetteville Public Library, Eureka Springs Carnegie Public Library, Central Arkansas Library System,

1

before its enforcement, by creating the Social Section in its county libraries. Plaintiffs' Amended Complaint adds facts regarding the Social Section, but reality reveals that such facts predate Act 372's introduction into the legislature and passage. The Social Section facts have no bearing as to what the face of Act 372 means. Thus, such facts should be struck from Plaintiffs' Amended Complaint, as they are immaterial to this litigation.

## LEGAL STANDARDS

The Court enjoys broad discretion in deciding whether to grant a motion to strike. *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021). Allegations in Plaintiffs' Second Amended Complaint may be stricken if "redundant, immaterial, impertinent, or scandalous" and "allegations may stricken if they have no real bearing on the case.[]" *Hooks v. Saltgrass Arkansas, Inc.*, 2022 WL 2541039 at *2 (E.D. Ark. July 7, 2022). Allegations are redundant when a statement of fact or allegation is "wholly foreign to the issue[.]" *Resol. Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). Allegations are considered immaterial when they have no essential relationship to the claim for relief. *Hooks v. Saltgrass Arkansas, Inc.*, 2022 WL 2541039 at *2 (E.D. Ark. July 7, 2022). Lastly, allegations which "do not pertain to the issues in question" are considered impertinent. *Id.*

Crawford County also moves to dismiss Plaintiffs' Amended Complaint for reasons previously argued: lack of Article III standing and failing to state a claim. *See Docs. 35*, *36*, *43 & 49*. In considering a motion to dismiss, this Court accepts Plaintiffs' facts as true and those facts must establish a claim for relief and satisfy the three elements of Article III standing. *Turkish Coal. of Am., Inc. v. Bruininks*, 678 F.3d 617, 623 (8th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Counts v. Cedarville School Dist.*, 295 F.Supp.2d 996, 998 (W.D. Ark. April 22, 2003); *see Doc. 36* at 2.

**ARGUMENT**

I. <u>Plaintiffs' Immaterial Allegations Should Be Struck</u>

Plaintiffs' Amended Complaint bolsters their allegations against Crawford County as to the County's use of Social Sections. *See Doc. 75.* But such allegations, specifically paragraphs 7, 80, 81, 82, and 83 are immaterial to Plaintiffs' facial challenge of Act 372. *Id.* at ¶1. Paragraph 82, for example, adds that "approximately 263 books have been placed in the 'Social Sections' of the CCL branches" and certain LGBTQ books have allegedly been placed in the Social Section as well. *Id.* at ¶82. But such an allegation does not make the words of Act 372 more or less constitutional; it does not make Crawford County more or less likely to enforce Act 372. Plaintiffs' previous arguments, and an undisputed timeline of events, make it clear that Plaintiffs' Social Section allegations are not material for their case.

    A. **Plaintiffs' Previous Arguments About The Social Section**

When Crawford County moved to consolidate this case with *Virden et al. v. Crawford County, et al.*, No. 2:23-cv-2071 (W.D. Ark.) (Holmes, J.) due to the overlapping facts regarding the Social Section, Plaintiffs argued that there was no overlap:

> Plaintiffs do not challenge or seek relief with respect to the conduct Crawford County has already taken, as the *Virden* plaintiffs do. Doc. 33 at 4. Nothing Plaintiffs ask for here would require Crawford County to establish or eliminate the Social Section[.] *Id.* at 5.

Thus, according to Plaintiffs, the Social Section and Act 372 are separate matters for separate courts.

Then, when Crawford County moved to be dismissed from this lawsuit because Plaintiffs' factual allegations centered on the creation of the Social Section instead of the words of Act 372, Plaintiffs argued that such allegations were for supporting other allegations:

3

> And, as Plaintiffs have already explained, facts concerning the constitutionally suspect 'Social Section' are relevant only to provide a concrete basis for Plaintiffs further allegations that the County Defendant will carry that viewpoint discrimination forward through their implementation of the Challenge Procedure once that law goes into effect on August 1, 2023. *Doc. 43* at 17.

Of course, Plaintiffs' argument would first require a finding by this Court that the Social Section constitutes viewpoint discrimination for Plaintiffs to then prove that Crawford County was going to "carry [it] forward." *Id.* But such determination runs counter to what Plaintiffs had "already explained," when they clearly stated that the Social Section facts were merely included for context, not for legal determination. *Doc. 43* at 17; *Doc. 33*.

When Plaintiffs replied in support of their motion for a preliminary injunction, Plaintiffs attempted to eradicate the need for Social Section allegations because implementation was imminent, arguing:

> Crawford County does not dispute that it intends to implement the Challenge Procedure and thus there is no dispute about the injury's imminence. *Doc. 42* at 9.

That remains Crawford's intention today—to implement all state laws that are in effect. *See Doc. 38* at 4.

The record in this case is clear, Crawford County would enforce Act 372 because it has to, just like every Library Plaintiff in this case. *Doc. 75* at ¶5; s*ee Doc. 43* at 6. If the Library Plaintiffs or Crawford County had a choice, there would not be a case-or-controversy to decide. The Library Plaintiffs and Crawford County could simply choose not to enforce Act 372, but, again, the Library Plaintiffs and Crawford County do not have a choice. That is the basis of Plaintiffs' lawsuit. Yet it is Crawford County that must defend itself in this lawsuit because Plaintiffs have chosen to plead facts about Crawford County's pre-Act 372 actions and then argue they are of no consequence to this litigation. Plaintiffs cannot have it both ways.

B.  **A Timeline of Events**

In addition to the arguments presented by Plaintiffs regarding the Social Section, the undisputed timeline of events further shows that allegations regarding the Social Section have no bearing on this case because they occurred before the Act was even filed:

> December 22, 2022: Deidre Gryzmala, the Crawford County Library Director, states at the Quorum Court meeting that she was going to move certain children's books out of the library branches' children's section and into a different section due to the ongoing concerns of the community. *Doc. 42-2* at 6.
>
> January 10, 2023: Deidre Gryzmala states at the Crawford County Library Board meeting that she moved certain children's books into the newly created Social Section at all five library branches. *Doc. 22-1* at 5; *See also* Exhibit 18 to Preliminary Injunction Hearing.
>
> January 19, 2023: Arkansas Senator D. Sullivan introduces Senate Bill 81, which would go on to become Act 372 of 2023.[2]
>
> March 31, 2023: Governor Sanders signs Act 372 into law. *Doc. 75* at ¶8.
>
> May 23, 2023: Crawford County Attorney Gentry Wahlmeier sends letters to the attorneys in the *Virden* case and to the Crawford County Library Board and Interim Director. Mr. Wahlmeier's letters explained that Act 372 had been signed into law and was slated to go into effect, which would require Crawford County Library System to create and amend its current policies to comply with Act 372. *Docs. 75-2, 75-3*.

As the timeline shows, the Social Section was created well in advance of Act 372 ever being *introduced* as Senate Bill 81, let alone passed as Act 372. Therefore, Plaintiffs' allegations about the Social Sections have no bearing on their facial challenge of Act 372.

---

[2] https://www.arkleg.state.ar.us/Bills/Detail?id=SB81&ddBienniumSession=2023%2F2023R

C.  **Plaintiffs' Allegations Surrounding the Social Section Should Struck for Being Immaterial, Redundant, Impertinent, and Having No Bearing on this Case**

Plaintiffs' allegations in paragraphs 7, 80, 81, 82, and 83 are immaterial, redundant, impertinent, and have no bearing on this case.

Allegations are considered immaterial when they have no essential relationship to the claim for relief. *Hooks*, 2022 WL 2541039 at *2. Plaintiffs' claim for relief is for Act 372 to be declared unconstitutional and enjoin the Defendants from implementing the Act. *Doc. 75* at 32. Plaintiffs' arguments make it clear that their relief has no essential or important relationship with Crawford County's use of a Social Section:

> Nothing Plaintiffs ask for here would require Crawford County to establish or eliminate the Social Section. *Doc. 33* at 5.

If this lawsuit's relief does not affect Social Sections, then allegations surrounding the Social Section are of no consequence or relationship to this case.

Second, allegations are considered redundant when the allegation is "wholly foreign to the issue[.]" *Resol. Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). The issue for this case is whether Act 372 can be implemented constitutionally. *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017). The constitutionality of the Act does not turn on Crawford County's use of Social Sections; it turns on the words of the Act. The Social Section was created well in advance of Act 372's initial introduction into the Arkansas General Assembly and the Social Section does not comply with Act 372's requirements. *Docs. 75-2, 75-3*. Both legally and factually the issue of Act 372's constitutionality rests with the words of the Act, not with the actions of Crawford County before the Act's creation.

Third, Plaintiffs' allegations surrounding the Social Section are impertinent because they do not pertain to the factual issues in question. *Hooks*, 2022 WL 2541039 at *2. The only factual

issue Plaintiffs had to prove as to Crawford County was that the County would implement Act 372. That fact has been proven on this record: Crawford County like the Library Plaintiffs, would have to implement Act 372 if it was found to be constitutional. *Doc. 78* at ¶85; *Doc. 38* at 4; *Doc. 38-1*. The only other factual issues for this case are the words of Act 372, which does not contain the term "Social Section." *Doc. 75-1*. Thus, Plaintiffs' factual allegations surrounding the Social Section do not in any way pertain to the factual or legal issues that remain in question.

Lastly, allegations that have no bearing on a case should be stricken. *Hooks*, 2022 WL 2541039 at *2. Plaintiffs could successfully litigate their claims without proving the factual allegations in paragraphs 7, 80, 81, 82, and 83 as to Crawford County. Plaintiffs only seek to enjoin Crawford County's implementation of Section 5 of Act 372 based on the face of Act 372. *Doc. 75* at ¶1. But that is all Plaintiffs seek as to Crawford County and Section 5, as there are no other public libraries Plaintiffs seek to enjoin. Plaintiffs' allegations surrounding Crawford County's use of Social Sections has zero relevance or weight in proving the elements of Plaintiffs' facial challenge. Such facts have no bearing on this case and should be struck from Plaintiffs' Amended Complaint.

**II. Motion to Dismiss**

Plaintiffs' Amended Complaint does not remedy their lack of Article III standing and failure to state a claim for relief upon which relief may granted. Crawford County adopts and incorporates by reference its previous arguments in *Doc. 35*, *36*, and *49* and asserts them against Plaintiffs' Amended Complaint as if fully stated and argued herein.

**CONCLUSION**

Crawford County takes Plaintiffs at their word: "Nothing Plaintiffs ask for here would require Crawford County to establish or eliminate the Social Section[.]" *Id.* at 5. Moreover, Plaintiffs unequivocally rebuked the notion that this case is about Social Sections in response to the County's earlier Notice of Related Case. The facts about the Social Section are simply not material or pertinent for Plaintiffs in pleading or proving their facial challenge of Act 372. Plaintiffs should be taken at their word and their allegations in paragraphs 7, 80, 81, 82, and 83 should be struck as immaterial, redundant, impertinent, and because they have no bearing on this case. FED. R. CIV. P. 12(f).

WHEREFORE, Crawford County prays that Plaintiffs' Amended Complaint, *Doc. 75*, be dismissed with prejudice; that paragraphs 7, 80, 81, 82, and 83 of Plaintiffs' Amended Complaint be struck as immaterial, redundant, impertinent, or for having no bearing on this case; that Defendants recover their fees, costs, and disbursements incurred in defending this action; and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**PPGMR Law, PLLC**

James D. Rankin III, AR Bar #93197
Forrest C. Stobaugh, AR Bar #2018186
Samuel S. McLelland, AR Bar #2020101
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: Jim@ppgmrlaw.com
Forrest@ppgmrlaw.com
Sam@ppgmrlaw.com

*Attorneys for Defendants*