## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, a political subdivision
in the City of Fayetteville, State of Arkansas;
EUREKA SPRINGS CARNEGIE PUBLIC LIBRARY;
CENTRAL ARKANSAS LIBRARY SYSTEM;
NATE COULTER; OLIVIA FARRELL; HAYDEN KIRBY;
MIEL PARTAIN, in her own capacity and as parent and
next friend of MADELINE PARTAIN; LETA CAPLINGER;
ADAM WEBB; ARKANSAS LIBRARY ASSOCIATION;
ADVOCATES FOR ALL ARKANSAS LIBRARIES;
PEARL'S BOOKS, LLC; WORDSWORTH COMMUNITY
BOOKSTORE LLC d/b/a WORDSWORTH BOOKS;
AMERICAN BOOKSELLERS ASSOCIATION;
ASSOCIATION OF AMERICAN PUBLISHERS, INC.;
AUTHORS GUILD, INC.; COMIC BOOK LEGAL DEFENSE
FUND; and FREEDOM TO READ FOUNDATION          **Plaintiffs**

### Case No. 5:23-cv-05086-TLB

CRAWFORD COUNTY, ARKANSAS;
CHRIS KEITH, in his official capacity as Crawford County Judge;
TODD MURRAY; SONIA FONTICIELLA; DEVON HOLDER;
MATT DURRETT; JEFF PHILLIPS; WILL JONES;TERESA HOWELL;
BEN HALE; CONNIE MITCHELL; DAN TURNER; JANA BRADFORD;
FRANK SPAIN; TIM BLAIR; KYLE HUNTER; DANIEL SHUE;
JEFF ROGERS; DAVID ETHREDGE; TOM TATUM, II; DREW SMITH;
REBECCA REED MCCOY; MICHELLE C. LAWRENCE;
DEBRA BUSCHMAN; TONY ROGERS; JOSHUA ROBINSON[1];
CAROL CREWS; KEVIN HOLMES; CHRIS WALTON; and
CHUCK GRAHAM, each in his or her official capacity as
a prosecuting attorney for the State of Arkansas.          **Defendants**

### THE PROSECUTING ATTORNEYS' ANSWER

The Prosecuting Attorneys, for their answer to the Plaintiffs' first amended complaint,

state:

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Joshua Robinson, in his official capacity, is automatically substituted as a party as successor to Nathan Smith, in his official capacity.

## Introduction[2]

1.      The Prosecuting Attorneys admit that Paragraph 1 states the type of relief the Plaintiffs seek, but they deny the Plaintiffs are entitled to such relief and deny the remainder of the allegations in Paragraph 1.

2.      The first sentence of Paragraph 2 is a legal conclusion to which the Prosecuting Attorneys are not required to respond, but to the extent they must respond, the Prosecuting Attorneys admit the first sentence to the extent its characterizations are consistent with the law and deny it to the extent its characterizations are inconsistent with the law. The Prosecuting Attorneys deny the remainder of the allegations in Paragraph 2.

3.      The Prosecuting Attorneys deny the allegations in Paragraph 3.

4.      The Prosecuting Attorneys deny the allegations in Paragraph 4.

5.      The Prosecuting Attorneys deny the allegations in Paragraph 5.

6.      The Prosecuting Attorneys deny the allegations in Paragraph 6.

7.      The Prosecuting Attorneys deny the allegations in Paragraph 7.

8.      The Prosecuting Attorneys admit that Governor Sanders signed Act 372 on March 31, 2023, and that the Act became effective on August 1, 2023, subject to the Court's preliminary injunction. The Prosecuting Attorneys deny the remainder of the allegations in Paragraph 8.

## Jurisdiction and Venue

9.      The Prosecuting Attorneys deny the allegations in Paragraph 9.

---

[2] The Prosecuting Attorneys use the headings in the Complaint for the reader's ease, and to the extent it is required, they deny all allegations that could be implied from the headings.

10.     The Prosecuting Attorneys admit that the Plaintiffs are seeking the stated remedies but deny any implication that they are entitled to such remedies. The Prosecuting Attorneys deny the remainder of the allegations in Paragraph 10.

11.     The Prosecuting Attorneys admit the allegations in Paragraph 11.

## Parties

12.     The Prosecuting Attorneys admit that the Fayetteville Public Library (FPL) is a municipal public library and political subdivision in the City of Fayetteville. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of FPL's allegation that it has materials that could be deemed harmful to minors or inappropriate. The Prosecuting Attorneys deny that Act 372 is an unconstitutional regulation of any such material that does exist. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of FPL's allegations that it will have to change its physical layout to comply with Act 372, that it intentionally arranges its layout in a way to be welcoming and open, or that it will be at risk of violating Act 372 without making physical changes to the layout. The Prosecuting Attorneys deny that FPL's and its patrons' First Amendment rights will be adversely affected by Act 372, that FPL may sue on behalf of its patrons, and the remainder of the allegations in Paragraph 12.

13.     The Prosecuting Attorneys admit that the Eureka Springs Carnegie Public Library (ESCPL) is a municipal public library. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of ESCPL's allegation that it has materials that could be deemed harmful to minors or inappropriate. The Prosecuting Attorneys deny that Act 372 is an unconstitutional regulation of any such material that does exist. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of ESCPL's allegations that it will have to change its physical layout to comply with Act 372, that it intentionally arranges its

layout in a way to be welcoming and open, or that it will be at risk of violating Act 372 without making physical changes to the layout. The Prosecuting Attorneys deny that ESCPL's and its patrons' First Amendment rights will be adversely affected by Act 372, that ESCPL may sue on behalf of its patrons, and the remainder of the allegations in Paragraph 13.

14.     The Prosecuting Attorneys admit that the Central Arkansas Library System (CALS) is a public entity formed by the political subdivisions identified in Paragraph 14. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of CALS's allegation that it has materials that could be deemed harmful to minors or inappropriate. The Prosecuting Attorneys deny that Act 372 is an unconstitutional regulation of any such material that does exist. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of CALS's allegations that it will have to change its physical layout to comply with Act 372, that it intentionally arranges its layout in a way to be welcoming and open, or that it will be at risk of violating Act 372 without making physical changes to the layout. The Prosecuting Attorneys deny that CALS's and its patrons' First Amendment rights will be adversely affected by Act 372, that CALS may sue on behalf of its patrons, and the remainder of the allegations in Paragraph 14.

15.     The Prosecuting Attorneys deny that Act 372 unconstitutionally regulates conduct. They lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 15.

16.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 16.

17.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 17.

18.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 18.

19.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 19.

20.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 20.

21.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 21.

22.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or

information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 22, including its subparts.

23.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 23, including its subparts.

24.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.     The Prosecuting Attorneys deny that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 30.

31.     The Prosecuting Attorneys admit that Crawford County is a county in Arkansas, and they lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 31.

32.     The Prosecuting Attorneys deny that County Judge Keith is solely responsible for the implementation of Act 372 and admit the remainder of the allegations in Paragraph 32.

33.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 33.

34.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 34.

35.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 35.

36.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 36.

37.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 37.

38.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 38.

39.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 39.

40.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 40.

41.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 41.

42.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 42.

43.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 43.

44.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 44.

45.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 45.

46.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 46.

47.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 47.

48.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 48.

49.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 49.

50.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 50.

51.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 51

52.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 52.

53.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 53.

54.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 54.

55.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 55.

56.     The Prosecuting Attorneys deny the allegations in Paragraph 56.

57.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 57.

58.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 58.

59.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 59.

60.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law and admit the remainder of the allegations in Paragraph 60.

61.     The Prosecuting Attorneys deny that all of Act 372 is a criminal law. As to those portions that involve criminal law, the Prosecuting Attorneys admit that they will treat Act 372 as they do any other criminal law. The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about how they will exercise their discretion and legal authority in any particular situation.

## FACTUAL ALLEGATIONS
### The Availability Provision

62.     Paragraph 62 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit that the

quoted portion is from Act 372, § 1; admit the Plaintiffs' characterizations of Section 1 to the extent they are consistent with the law; and deny the Plaintiffs' characterizations of Section 1 to the extent they are inconsistent with the law.

63.     Paragraph 63 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys deny the allegations.

64.     Paragraph 64 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit that the quoted portion is the definition of "harmful to minors"; admit the Plaintiffs' characterizations of Section 1 to the extent they are consistent with the law; and deny the Plaintiffs' characterizations of Section 1 to the extent they are inconsistent with the law.

65.     Paragraph 65 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit that the quoted portion is from Arkansas Code Annotated § 5-68-502; admit the Plaintiffs' characterizations of the statute to the extent they are consistent with the law; and deny the Plaintiffs' characterizations of the statute to the extent they are inconsistent with the law.

66.     Paragraph 66 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit that the quoted portion is from Arkansas Code Annotated § 5-68-502; admit the Plaintiffs' characterizations of the statute to the extent they are consistent with the law; and deny the Plaintiffs' characterizations of the statute to the extent they are inconsistent with the law.

67.     Paragraph 67 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the quoted words come from Act 372, § 1 and deny the remainder of the allegations in Paragraph 67.

68.     Paragraph 68 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys deny the allegations in Paragraph 68.

69.     Paragraph 69 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys deny the allegations in paragraph 69, including its subparts.

**The Challenge Procedure**

70.     Paragraph 70 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit that the quoted language is from Act 372, § 5; admit the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law; and deny the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

71.     Paragraph 71 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

72.     Paragraph 72 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

73.     Paragraph 73 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs'

characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs'
characterizations of Section 5 to the extent they are inconsistent with the law.

74.     Paragraph 74 is a legal conclusion to which the Prosecuting Attorneys are not re-
quired to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs'
characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs'
characterizations of Section 5 to the extent they are inconsistent with the law.

75.     Paragraph 75 is a legal conclusion to which the Prosecuting Attorneys are not re-
quired to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs'
characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs'
characterizations of Section 5 to the extent they are inconsistent with the law.

76.     Paragraph 76 is a legal conclusion to which the Prosecuting Attorneys are not re-
quired to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs'
characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs'
characterizations of Section 5 to the extent they are inconsistent with the law.

77.     Paragraph 77 is a legal conclusion to which the Prosecuting Attorneys are not re-
quired to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs'
characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs'
characterizations of Section 5 to the extent they are inconsistent with the law.

78.     Paragraph 78 is a legal conclusion to which the Prosecuting Attorneys are not re-
quired to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs'
characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs'
characterizations of Section 5 to the extent they are inconsistent with the law.

79.     The Prosecuting Attorneys deny the allegations in Paragraph 79, including its sub-parts.

## Crawford County

80.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the allegations in Paragraph 80.

81.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the allegations in Paragraph 81.

82.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the allegations in Paragraph 82.

83.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the allegations in Paragraph 83.

84.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the allegations in Paragraph 84.

85.     The Prosecuting Attorneys lack knowledge or information sufficient to form a belief about the allegations in Paragraph 85.

## CLAIMS FOR RELIEF
### Count I – Adult Access

86.     Paragraph 86 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

87.     The Prosecuting Attorneys deny the allegations in Paragraph 87.

88.     Paragraph 88 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

## Count II – Older Minor Access

89.     Paragraph 89 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

90.     Paragraph 90 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

91.     Paragraph 91 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

## Count III – Prior Restraint (Section 1)

92.     Paragraph 92 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

93.     The Prosecuting Attorneys deny the allegations in Paragraph 93.

94.     The Prosecuting Attorneys deny the allegations in Paragraph 94.

95.     The Prosecuting Attorneys deny the allegations in Paragraph 95.

96.     The Prosecuting Attorneys deny the allegations in Paragraph 96.

## Count IV – Void for Vagueness (Section 1)

97.     Paragraph 97 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

98.     Paragraph 98 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

## Count V – Prior Restraint (Section 5)

99.     Paragraph 99 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

100.     Paragraph 100 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

101.     Paragraph 101 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the

Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

## Count VI – Void for Vagueness (Section 5)

102.    Paragraph 102 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

103.    Paragraph 103 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

104.    Paragraph 104 is a legal conclusion to which the Prosecuting Attorneys are not required to respond. To the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of the law to the extent they are consistent with the law and deny the Plaintiffs' characterizations to the extent they are inconsistent with the law.

## Count VII – Lack of Judicial Review (Section 5)

105.    Paragraph 105 is a legal conclusion to which the Prosecuting Attorneys are not required to respond, but to the extent they must respond, the Prosecuting Attorneys admit the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

106.    Paragraph 106 is a legal conclusion to which the Prosecuting Attorneys are not required to respond, but to the extent they must respond, the Prosecuting Attorneys admit the

Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and deny the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

## Irreparable Harm

107.    Paragraph 107 is a legal conclusion to which the Prosecuting Attorneys are not required to respond, but to the extent they must respond, the Prosecuting Attorneys deny the allegations.

## Prayer for Relief

108.    The Prosecuting Attorneys deny that the Plaintiffs are entitled to any of the requested relief in the WHEREFORE clause, including its subparts.

109.    The Prosecuting Attorneys deny every allegation that is not specifically responded to in this answer to the Plaintiffs' amended complaint.

## AFFIRMATIVE DEFENSES

110.    The Prosecuting Attorneys affirmatively assert that the Court lacks subject-matter jurisdiction.

111.    The Prosecuting Attorneys affirmatively assert that the Plaintiffs lack standing.

112.    The Prosecuting Attorneys affirmatively assert that the Plaintiffs' claim is unripe for judicial review.

113.    The Prosecuting Attorneys affirmatively assert that the Plaintiffs failed to state facts upon which relief can be granted.

114.    The Prosecuting Attorneys reserve the right to amend this pleading and to assert additional affirmative defenses to which they are entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By: John Payne
   Ark. Bar No. 97097
   Deputy Attorney General

   Christine A. Cryer
   Ark. Bar No. 2001082
   Senior Assistant Attorney General

   Noah P. Watson
   Ark. Bar No. 2020251
   Senior Assistant Attorney General

   Arkansas Attorney General's Office
   323 Center Street, Suite 200
   Little Rock, Arkansas 72201
   (501) 682-1019
   (501) 682-2591 fax
   john.payne@arkansasag.gov
   christine.cryer@arkansasag.gov
   noah.watson@arkansasag.gov

   *Attorneys for the Prosecuting Attorneys*