# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY**, a political subdivision
in the City of Fayetteville, State of Arkansas; et al.　　　　　　　　　　**Plaintiffs**

**Case No. 5:23-cv-05086-TLB**

**CRAWFORD COUNTY, ARKANSAS**; et al.　　　　　　　　　　**Defendants**

## THE PROSECUTING ATTORNEYS'
## MOTION FOR SUMMARY JUDGMENT

The Prosecuting Attorneys, for their Motion for Summary Judgment, state:

1.　　The Defendants are entitled to summary judgment under Federal Rule of Civil Procedure 56 because there is no genuine dispute regarding any material fact and they are entitled to judgment as a matter of law.

2.　　First, the Plaintiffs lack standing to challenge Section 1 of Act 372 of 2023 because they have not identified any item that they possess or want to possess that is regulated by Section 1. Therefore, there is no likelihood of injury. For the same reason, the Plaintiffs' case against Section 1 is not ripe for judicial review.

3.　　Second, the Plaintiffs lack standing to challenge Section 5 of Act 372 of 2023. The Section 5 challenges are brought only by the Library Plaintiffs, and any alleged injury to them will not be caused by the Defendants. Similarly, the claim is not ripe for review because there is no guarantee they will be injured.

4.　　Third, the Plaintiffs' challenge to Section 1 related to adults' access fails because binding caselaw has squarely ruled that statutes like Section 1 do not restrict adults' First Amendment rights. *See Upper Midwest Bookseller Ass'n v. City of Minneapolis*, 780 F.2d 1389 (8th Cir. 1985).

5. Fourth, the Plaintiffs' challenge to Section 1 related to older minors' access fails because minors have historically been treated as a class, and there is no constitutional requirement that minors must be treated on the personalized "developmental maturity" of each minor.

6. Fifth, Section 1 does not bar speech, so it is not a prior restraint.

7. Sixth, the terms "presents," "provides," and "makes available" do not make Section 1 vague; these are ordinary words that people of ordinary intelligence can understand.

8. Seventh, the Library Plaintiffs' challenges to Section 5 fail as a whole because (1) library curation is government speech and (2) as political subdivisions, public libraries cannot wield the Constitution in opposition to the powers the State has granted them.

9. Eighth, Section 5 is not a prior restraint because it does not penalize speech at all—neither before nor after is occurs.

10. Ninth, the term "appropriateness" does not make Section 5 vague for two reasons: (1) in context, "appropriateness" clearly relates to whether a material was "appropriate" under the public libraries' own criteria for selection of materials to include in their collections and (2) the Library Plaintiffs use the word "appropriate," or its derivatives, 27 times in their current policies; they cannot now conveniently claim they don't know what the word means.

11. A brief in support is being filed contemporaneously to this motion and is incorporated by reference, along with the following exhibits:

- Exhibit 1: Deposition of Nate Coulter
- Exhibit 2: Central Arkansas Library System – Documents Produced
- Exhibit 3: Fayetteville Public Library – Documents Produced
- Exhibit 4: Eureka Springs Carnegie Public Library – Documents Produced
- Exhibit 5: Adam Webb – Documents Produced
- Exhibit 6: Deposition of Eva White

- Exhibit 7: Deposition of County Judge Chris Keith
- Exhibit 8: Deposition of Miel Partain
- Exhibit 9: Deposition of Madeline Partain
- Exhibit 10: Deposition of Leta Caplinger
- Exhibit 11: Central Arkansas Library System – Written Discovery Responses
- Exhibit 12: Fayetteville Public Library – Written Discovery Responses
- Exhibit 13: Eureka Springs Carnegie Public Library – Written Discovery Responses
- Exhibit 14: Wordsworth Books – Written Discovery Responses
- Exhibit 15: Pearl's Books, LLC – Written Discovery Responses
- Exhibit 16: Freedom to Read Foundation – Written Discovery Responses
- Exhibit 17: Comic Book Legal Defense Fund – Written Discovery Responses
- Exhibit 18: Authors Guild, Inc. – Written Discovery Responses
- Exhibit 19: American Booksellers Association – Written Discovery Responses
- Exhibit 20: Association of American Publishers – Written Discovery Responses
- Exhibit 21: Arkansas Library Association – Written Discovery Responses
- Exhibit 22: Adam Webb – Written Discovery Responses
- Exhibit 23: Advocates of All Arkansas Libraries – Written Discovery Responses
- Exhibit 24: Olivia Farrell – Written Discovery Responses
- Exhibit 25: Miel Partain – Written Discovery Responses
- Exhibit 26: Madeline Partain – Written Discovery Responses
- Exhibit 27: Leta Caplinger – Written Discovery Responses

WHEREFORE, the Prosecuting Attorneys respectfully request that the Court grant their Motion for Summary Judgment and for any and all other just and proper relief to which they may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General


By:    Noah P. Watson
Ark. Bar No. 2020251
Deputy Attorney General

John Payne
Ark. Bar No. 97097
Deputy Attorney General

Christine A. Cryer
Ark. Bar No. 2001082
Senior Assistant Attorney General

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-1019
(501) 682-2591 fax
noah.watson@arkansasag.gov
john.payne@arkansasag.gov
christine.cryer@arkansasag.gov

*Attorneys for Defendants*