IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, a political subdivision in the City of Fayetteville, State of Arkansas; EUREKA SPRINGS CARNEGIE PUBLIC LIBRARY; CENTRAL ARKANSAS LIBRARY SYSTEM; NATE COULTER; OLIVIA FARRELL; HAYDEN KIRBY; MIEL PARTAIN, in her own capacity and as parent and next friend of MADELINE PARTAIN; LETA CAPLINGER; ADAM WEBB; ARKANSAS LIBRARY ASSOCIATION; ADVOCATES FOR ALL ARKANSAS LIBRARIES; PEARL'S BOOKS, LLC; WORDSWORTH COMMUNITY BOOKSTORE LLC d/b/a WORDSWORTH BOOKS; AMERICAN BOOKSELLERS ASSOCIATION; ASSOCIATION OF AMERICAN PUBLISHERS, INC.; AUTHORS GUILD, INC.; COMIC BOOK LEGAL DEFENSE FUND; and FREEDOM TO READ FOUNDATION

PLAINTIFFS

v.    NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS; CHRIS KEITH, in his official capacity as Crawford County Judge; TODD MURRAY; SONIA FONTICIELLA; DEVON HOLDER; MATT DURRETT; JEFF PHILLIPS; WILL JONES; TERESA HOWELL; BEN HALE, CONNIE MITCHELL, DAN TURNER, JANA BRADFORD; FRANK SPAIN; TIM BLAIR; KYLE HUNTER; DANIEL SHUE; JEFF ROGERS; DAVID ETHREDGE; TOM TATUM, II; DREW SMITH; REBECCA REED MCCOY; MICHELLE C. LAWRENCE; DEBRA BUSCHMAN; TONY ROGERS; JOSHUA ROBINSON; CAROL CREWS; KEVIN HOLMES; CHRIS WALTON; and CHUCK GRAHAM, each in his or her official capacity as a prosecuting attorney for the State of Arkansas

DEFENDANTS

# CENTRAL ARKANSAS LIBRARY SYSTEM'S RESPONSES TO THE PROSECUTING ATTORNEYS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Plaintiff Central Arkansas Library System ("CALS"), by and through its attorneys, for its responses to Prosecuting Attorneys' First Set of Interrogatories and Requests for Production of Documents, states as follows:

## PRELIMINARY STATEMENTS, RESERVATIONS OF RIGHTS, AND GENERAL OBJECTIONS

1. CALS has not completed its investigation of the facts relating to this case or completed formal discovery. Accordingly, there may exist information and responsive documents of which CALS does not yet have knowledge or has not yet located, identified, or reviewed. All of the following responses are therefore based only on such information and documents currently known or available to CALS after reasonable inquiry. Upon further investigation, CALS reserves the right to alter, amend, or supplement certain facts or information set forth in the following responses.

2. CALS objects generally to each and every discovery request to the extent that the request purports, through definitions otherwise, to impose burdens and duties on CALS that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure.

3. CALS objects generally to each and every discovery request to the extent that the request purports to require disclosure of information subject to the attorney-client or other applicable privileges ("privileged information"). Such privileged information is exempt from discovery.

4. CALS objects to each and every discovery request to the extent that the request calls for information or documents prepared in anticipation of litigation or for trial, on the grounds that

INTERROGATORIES

**INTERROGATORY NO. 1:** Identify 20 items in your collection that you believe are subject to regulation under Section 1 of Act 372 of 2023.

**RESPONSE:** CALS objects to Interrogatory No. 1 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. Furthermore, CALS objects to Interrogatory No. 1 as confusing, vague, and unduly burdensome because it requires CALS to draw legal conclusions about the extent to which materials in its collection is subject to regulation under Section 1 of Act 372, a law that CALS alleges is unconstitutionally vague.

CALS also objects that its ability to identify books in its collection that are subject to Act 372 would be greatly enhanced if it had the benefit of the Prosecutor Defendants' response to Plaintiffs' first set of discovery requests, which should clarify, among other things, the Prosecutor Defendants' views on the applicability of Act 372 to a list of frequently challenged books. Understanding how the Prosecutor Defendants, who are tasked with interpreting and enforcing Act 372, understand that law will help CALS more accurately determine which books in its collection are likely to trigger a prosecution under Section 1 of Act 372, if they are made generally available to library patrons, regardless of age.

Without waiving these objections, CALS notes that it has in its collection the following 20 books, which meet the definition of "materials" under Act 372 and appear in its collection. In providing this list, CALS emphasizes that its ability to identify books to which Act 372 Section 1 applies is limited by the unconstitutional vagueness of that law. CALS chose books which may be deemed by the prosecutors to be harmful to minors 8 years old, as required under *Shipley, Inc. v.*

*Long*, 359 Ark. 208, 195 S.W.3d 911 (Ark. 2004), although they are, in CALS' view, constitutionally protected as to older minors.

1. *Beloved* by Toni Morrison
2. *The Handmaid's Tale* by Margaret Atwood
3. *Lolita* by Vladimir Nabokov
4. *Lady Chatterley's Lover* by D. H. Lawrence
5. *The Awakening* by Kate Chopin
6. *The Bell Jar* by Sylvia Plath
7. *The Group* by Mary McCarthy
8. *Peyton Place* by Grace Metalious
9. *The Glass Castle* by Jeannette Walls
10. *Bastard Out of Carolina* by Dorothy Allison
11. *Their Eyes Were Watching God* by Zora Neale Hurston
12. *Call Me By Your Name* by Andre Aciman
13. *Sons and Lovers* by D. H. Lawrence
14. *An American Tragedy* by Theodore Dreiser
15. *Portnoy's Complaint* by Philip Roth
16. *The Absolutely True Diary of a Part-Time Indian* by Sherman Alexie
17. *Tropic of Cancer* by Henry Miller
18. *I Know Why the Caged Bird Sings* by Maya Angelou
19. *Madame Bovary* by Gustave Flaubert
20. *Looking For Alaska* by John Green

**INTERROGATORY NO. 2:** For each item identified in response to Interrogatory No. 1, identify the chapter numbers, timestamps, or other specific indicator that you believe make the item subject to Section 1.

**RESPONSE:** CALS objects to Interrogatory No. 2 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. CALS further objects to Interrogatory No. 2 as confusingly worded, vague, and unduly burdensome because it requires CALS to draw legal conclusions about the extent to which items in its collection are subject to regulation under Section 1 of Act 372, a law that CALS alleges is unconstitutionally vague. Moreover, determining if an item is "harmful to minors" – and, thus, is subject to Act 372's restrictions on its availability –

requires that the item be "taken as a whole," *Miller v. California*, 413 U.S. 15, 24 (1973), and considered in the context of the age and maturity of the specific minor to whom the material is made available, *see Ginsberg v. New York*, 390 U.S. 629, 631-32 (1968). Prelim. Inj. Op. (Doc. 53) at 27 ("Act 372's definition of 'harmful to minors' precisely tracks the Supreme Court-approved definitions from *Ginsberg* and *Miller*").

Accordingly, it is not possible to identify which portions of the books CALS has identified in its answer to Interrogatory No. 1 might cause one of the Prosecutor Defendants to initiate a prosecution without reading the books in their entirety, which amounts to thousands of pages. The burden to CALS of that undertaking far outweighs any possible need the Prosecutor Defendants might have for CALS' views on this subject. Accordingly, without waiving any objections and for the reasons stated above, CALS declines to identify specific chapter numbers, timestamps, or other specific indicators that would make the books identified above subject to Section 1.

**INTERROGATORY NO. 3:** Are you and your employees required to follow the American Library Association's Code of Ethics?

**RESPONSE:** CALS objects to Interrogatory No. 3 because it is vaguely worded and fails to specify what it means to be "required to follow the American Library Association's Code of Ethics," which is a non-binding framework that does not purport to dictate specific courses of action or outcomes. CALS also objects to the extent that Interrogatory No. 3 seeks information about the ethical obligations of its employees or librarians in the State of Arkansas, which is publicly available and could be easily obtained by the Prosecutor Defendants. Without waiving these objections, CALS states that its employees are not required to follow the American Library Association's Code of Ethics in any formal or binding sense. Indeed, the ALA Code of Ethics is

not, by its terms, a binding ethical obligation, but rather purports to "guide ethical decision making" through "broad statements" of principle. *See* https://www.ala.org/tools/ethics.

**INTERROGATORY NO. 4:** If you and your employees are required to follow the American Library Association's Code of Ethics, who requires compliance with that Code of Ethics?

**RESPONSE:** See the response to the previous Interrogatory.

**INTERROGATORY NO. 5:** Identify who creates your policies related to the selection, relocation, and retention of materials in your collection.

**RESPONSE:** CALS' Board of Directors creates its policies related to selection, retention, and relocation of materials.

**INTERROGATORY NO. 6:** Identify every person who has expressed their intent to you to challenge library materials under Section 5 of Act 372 of 2023.

**RESPONSE:** CALS objects to Interrogatory No. 6 to the extent it calls for CALS to disclose "[l]ibrary records which contain names or other personally identifying details regarding the patrons of public, school, academic, and special libraries and library systems supported in whole or in part by public funds," which Arkansas law provides "shall be confidential and shall not be disclosed except as permitted by this subchapter." Ark. Code Ann. § 13-2-703. CALS further objects to this request as unduly burdensome and not proportional to the Prosecutor Defendants' needs. CALS also objects that the request is vague because it does not specify the form that a qualifying expression must take.

**INTERROGATORY NO. 7:** Identify all polices you have related to whether minors may browse your collection with or without adult supervision.

**VERIFICATION**

I, Nate Coulter, am the Director of CALS. I am authorized to make this verification for and on behalf of CALS with regard to CALS' responses herein. I have reviewed these responses and am informed and believe that the matters stated therein are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 18, 2024 at Little Rock, Arkansas.

/s/ Nate Coulter
Nate Coulter

## CERTIFICATE OF SERVICE

  I, John T. Adams, hereby certify that a true and correct copy of the foregoing has been served via email on all counsel of record on March 18, 2024.

                /s/ John T. Adams
                John T. Adams