# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY, a**
political subdivision in the City of Fayetteville,
State of Arkansas; et al.                                                **PLAINTIFFS**

vs.                           CASE NO. 5:23-cv-05086-TLB

**CRAWFORD COUNTY, ARKANSAS et al.**                            **DEFENDANTS**

## FAYETTEVILLE PUBLIC LIBRARY'S OBJECTIONS AND RESPONSES TO THE PROSECUTING ATTORNEYS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, plaintiff Fayetteville Public Library ("FPL") provides these objections and responses to the Prosecuting Attorneys' First Set of Interrogatories and Requests for Production.

**INTERROGATORY NO. 1:**
Identify 20 items in your collection that you believe are subject to regulation under Section 1 of Act 372 of 2023.

**RESPONSE TO INTERROGATORY NO. 1:**
FPL objects to Interrogatory No. 1 because Act 372 of 2023 is not in effect and, thus, it regulates nothing. FPL also objects to Interrogatory No. 1 as vague in that the law itself is vague. FPL is unable to "[i]dentify 20 items in [its] collection that" may be "subject to regulation under Section 1 of Act 372 of 2023" because Act 372's Availability Provision does not define what it means to "make [an item] available " to minors and, therefore, Act 372 is too vague to understand. The Court ruled in its July 29, 2023, Memorandum Opinion and Order that "Section 1" includes "certain terms" that "are too vague to be understood in relation to the other terms." The Court further ruled that "Section 1's use of 'presents,' 'makes available,' and 'shows' leaves librarians and booksellers unsure about whether placing books known to contain

sexual content on the bookshelves may subject them to liability once a minor walks through the front door." The Court further ruled that there "is no clarity on what affirmative steps a bookseller or librarian must take to avoid a violation." Defendants should count FPL as being among the librarians unsure what Section 1 of Act 372 prohibits because of its vagueness, lack of clarity, and overbreadth. Theoretically, many items in FPL's collection could be "subject to regulation under Section 1 of Act 372" depending on how Act 372 is interpreted and the age of a minor and Act 372 may be interpreted in any number of ways. Indeed, the Court's July 29, 2023, Memorandum Opinion and Order identified James Joyce's classic novel *Ulysses* as being the type of work that could be subject to Act 372.

**INTERROGATORY NO. 2:**
For each item identified in response to Interrogatory No. 1, identify the chapter numbers, timestamps, or other specific indicator that you believe make the item subject to Section 1.

**RESPONSE TO INTERROGATORY NO. 2:**
FPL objects to Interrogatory No. 2 because Act 372 of 2023 is not in effect and, thus, it regulates nothing. FPL also objects to Interrogatory No. 2 as vague in that the law itself is vague. FPL refers to its response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**
Are you and your employees required to follow the American Library Association's Code of Ethics?

**RESPONSE TO INTERROGATORY NO. 3:**
No.

**INTERROGATORY NO. 4:**
If you and your employees are required to follow the American Library Association's Code of Ethics, who requires compliance with that Code of Ethics?

**RESPONSE TO INTERROGATORY NO. 4:**
FPL refers to its response to Interrogatory No. 3.

**INTERROGATORY NO. 5:**
Identify who creates your policies related to the selection, relocation, and retention of materials in your collection.

**RESPONSE TO INTERROGATORY NO. 5:**
FPL staff creates and recommends policies to the FPL Board of Trustees who may approve those policies.

**INTERROGATORY NO. 6:**
Identify every person who has expressed their intent to you to challenge library materials under Section 5 of Act 372 of 2023.

**RESPONSE TO INTERROGATORY NO. 6:**
None. Act 372 has not gone into effect. In any event, no person has made any objection while citing Section 5 of Act 372.

**INTERROGATORY NO. 7:**
Identify all policies you have related to whether minors may browse your collection with or without adult supervision.

**RESPONSE TO INTERROGATORY NO. 7:**
FPL does not believe that it has specific policies "related to whether minors may browse [its] collection with or without adult supervision." Produced herewith are the following policies that may be considered relevant to the request in Interrogatory No. 7: (1) Policy: Collection Development; (2) Policy: Reconsideration of Library Materials; (3) Code of Conduct; (4) Children at the Library; (5) Library Bill of Rights; (6) The Freedom to Read; and (7) The Freedom to View.

# VERIFICATION

I, David Johnson, am the Executive Director of FPL. I am authorized to make this verification for and on behalf of FPL with regard to TruckSmarter's responses herein. I have reviewed these responses and am informed and believe that the matters stated therein are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 18, 2024 at Fayetteville, Arkansas.

/s/ David Johnson<br>
David Johnson

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of March, 2024, I served the foregoing on all defense counsel of record, including counsel for the propounding parties, Noah P. Watson, *via* e-mail.

      /s/ Brandon B. Cate