IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, a political
subdivision in the City of Fayetteville, State of
Arkansas, et al.

                                                                                   PLAINTIFFS

v.                      NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, et. al

                                                                                  DEFENDANTS

## PLAINTIFF ASSOCIATION OF COMIC BOOK LEGAL DEFENSE FUND'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PROSECUTING ATTORNEY DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the Western District of Arkansas, Plaintiff Comic Book Legal Defense Fund ("CBLDF") by and through its undersigned counsel, hereby objects and responds to Plaintiff's First Set of Interrogatories and Requests for Production to CBLDF as follows:

## GENERAL STATEMENT

These responses are made solely for the purpose of this action, and are made without waiving: (a) the right to object, on the grounds of competency, proprietary, admissibility, privilege, relevance and/or materiality, or any other proper grounds, to the use of these responses for any purpose in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or requests for

# SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:** Identify the name, address, telephone number, and dates of membership for every one of your members located in Arkansas.

**RESPONSE:** CBLDF objects to this Interrogatory because it is overly broad and seeks personally identifiable information (name, address, telephone number and dates of membership for every member located in Arkansas) that is not relevant to the claims or defense in this case or the injury that Act 372 will cause to CBLDF and its members, whose books are sold throughout Arkansas. CBLDF further objects to the Interrogatory in that it is vague and confusing as to the meaning of "member," the meaning of "located in" and specifies no applicable time period. Accordingly, no response is provided.

**INTERROGATORY NO. 2:** Identify 20 items of your members' publications that you or they believe are subject to regulation under Section 1 of Act 372 of 2023.

**RESPONSE**: CBLDF objects to Interrogatory No. 2 as confusing, vague, and unduly burdensome because a) it is not clear what constitutes an item of a publication and b) it requires CBLDF to draw legal conclusions about the extent to which such items are subject to regulation under Section 1 of Act 372, a law that CBLDF alleges is unconstitutionally vague. CBLDF also objects that its ability to identify such items considered by Prosecutor Defendants to be subject to Act 372 would be greatly enhanced if it had the benefit of the Prosecutor Defendants' response to Plaintiffs' first set of discovery requests, which should clarify, among other things, the Prosecutor Defendants' views on the applicability of Act 372 to a list of frequently challenged books. Understanding how the Prosecutor Defendants, who are tasked with interpreting and

enforcing Act 372, understand that law will help CBLDF more accurately determine if such items are likely to trigger a prosecution under Section 1 of Act 372, if they are made generally available to readers, regardless of age.

Without waiving these objections, CBLDF provides the following list of books, which meet the definition of "materials" under Act 327 and are or have been sold by former or current CBLDF "members." In providing this list of books to which Act 372 Section may apply, CBLDF chose books which hypothetically may be deemed by the prosecutors to be harmful to minors 8 years old, as required under *Shipley, Inc. v. Long*, 359 Ark. 208, 195 S.W.3d 911 (Ark. 2004), although they are, in CBLDF's view, at least constitutionally protected as to older minors and adults.

- Anne Frank's Diary: The Graphic Adaptation, by Ari Folman and David Polonsky
- Assassination Classroom by Yusei Matsui
- Drama by Raina Telgemaier
- Flamer by Mike Curato
- Fun Home by Alison Bechdel
- Goblin Slayer by Komu Kagyu and Kousuke Kurose
- Heartstopper by Alice Oseman
- Kiss Number 8 by Colleen AF Venable
- Laura Dean Keeps Breaking Up with Me by Mariko Tamaki
- Let's Talk About It: The Teen's Guide to Sex, Relationships, and Being a Human by Erika Moen and Matthew Nolan
- Maus by Art Speigelman
- My Friend Dahmer by Derf Backderf
- My Hero Academia by Kohei Horikoshi

7

- Persepolis by Majane Satrapi

- Saga by Brian K. Vaughn and Fiona Staples

- Shirley Jackson's The Lottery: The Authorized Graphic Adaptation by Miles Hyman

- Speak: The Graphic Novel by Laurie Halse Anderson and Emily Carroll

- The Handmaid's Tale: The Graphic Novel by Margaret Atwood and Renee Nault

- This One Summer by Mariko Tamaki

**INTERROGATORY NO. 3:** For each item identified in response to Interrogatory No. 2, identify the chapter numbers, timestamps, or other specific indicator that you or they believe make the item subject to Section 1.

**RESPONSE:** CBLDF objects to Interrogatory No. 3 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. CBLDF further objects to Interrogatory No. 3 as confusingly worded, vague, and unduly burdensome because it requires CBLDF to draw legal conclusions about the extent to which items its members publishes are subject to regulation under Section 1 of Act 372, a law that CBLDF alleges is unconstitutionally vague. Moreover, determining if an item is "harmful to minors" – and, thus, is subject to Act 372's restrictions on its availability – requires that the item be "taken as a whole," Ark. Code Ann. 5-68-501(2); *Miller v. California*, 413 U.S. 15, 24 (1973), and considered in the context of the age and maturity of the specific minor to whom the material is made available, *see Ginsberg v. New York*, 390 U.S. 629, 631-32 (1968). Prelim. Inj. Op. (Doc. 53) at 27 ("Act 372's definition of 'harmful to minors' precisely tracks the Supreme Court-approved definitions from Ginsberg and Miller").

Accordingly, it is not possible to identify which portions of the books CBLDF has identified in its answer to Interrogatory No. 2 might cause one of the Prosecutor Defendants to initiate a prosecution.

Thus, without waiving any objections and for the reasons stated above, CBLDF declines to identify specific chapter numbers, timestamps, or other specific indicators that would make the books identified above subject to Section 1 of Act 372.

**INTERROGATORY NO. 4:** Identify the factual basis for your and your members' belief that you or your members will be subject to prosecution under Section 1 of Act 372 of 2023.

**RESPONSE**: Act 372 creates a reasonable apprehension among Arkansas retailers, school officials, library administrators and others that they and their employees may be at risk of prosecution under Section 1 for permitting minors to view or access constitutionally protected material that might be deemed "harmful to minors" under the statue. Determining what books may cross this vague line is not at all clear, especially in light of recent mischaracterizations of certain graphic novels as obscene, pornographic, or otherwise "harmful to minors" despite the books' demonstrable and widely recognized serious value for minors. In fact, this Court ruled in its July 29, 2023, Memorandum Opinion and Order (ECF 53) that "Section 1" includes "certain terms" that "are too vague to be understood in relation to the other terms." The Court further ruled that "Section 1's use of 'presents,' 'makes available,' and 'shows' leaves librarians and booksellers unsure about whether placing books known to contain sexual content on the bookshelves may subject them to liability once a minor walks through the front door." The Court further ruled that there "is no clarity on what affirmative steps a bookseller or librarian must take to avoid a violation." There are no tenable choices for libraries and bookstores to comply with this vague law.

/s/ Michael A. Bamberger

Michael A. Bamberger*
Kristen Rodriguez*
Rebecca Hughes Parker*
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
E-Mail: michael.bamberger@dentons.com
E-Mail: kristen.rodriguez@dentons.com
E-Mail: rebeccahughes.parker@dentons.com

*Admitted pro hac vice*

*Attorneys for Pearl's Books, LLC, Wordsworth Community Bookstore LLC, American Booksellers Association, Association of American Publishers, Inc., Authors Guild, Inc. Comic Book Legal Defense Fund, and Freedom to Read Foundation*

## CERTIFICATE OF SERVICE

I, Rebecca Hughes Parker, certify that a copy of the foregoing responses has been served via email on the counsel of record in this case on March 18, 2024.

/s/ Rebecca Hughes Parker
Rebecca Hughes Parker