IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, a political
subdivision in the City of Fayetteville, State of
Arkansas, et al.

                        PLAINTIFFS

v.         NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, et. al

                        DEFENDANTS

## **PLAINTIFF AUTHORS GUILD'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PROSECUTING ATTORNEY DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the Western District of Arkansas, Plaintiff Authors Guild, by and through its undersigned counsel, hereby objects and responds to Prosecuting Attorneys Defendants' First Set of Interrogatories and Requests for Production to Authors Guild as follows:

## **GENERAL STATEMENT**

These responses are made solely for the purpose of this action, and are made without waiving: (a) the right to object, on the grounds of competency, proprietary, admissibility, privilege, relevance and/or materiality, or any other proper grounds, to the use of these responses for any purpose in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or requests for

15. Authors Guild's Specific Objections and Responses to the Requests are made subject to and without waiving, the foregoing General Objections, which are incorporated by reference into each of the below Responses.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

**INTERROGATORY NO. 1:** Identify the name, address, telephone number, and dates of membership for every one of your members located in Arkansas.

**RESPONSE:** Authors Guild objects to this Interrogatory because it is overly broad and seeks personally identifiable information (name, address, telephone number and dates of membership for every member located in Arkansas) that is not relevant to the claims or defenses in this case or the injury that Act 372 will cause to Authors Guild and its members, whose books are sold throughout Arkansas. Authors Guild further objects to the Interrogatory in that it is vague and confusing as to the meaning of "member" and specifies no applicable time period. Accordingly, no response is provided beyond the Declaration of Mary Rasenberger (ECF 22-12), which states that there are 32 members of Authors Guild located in Arkansas.

**INTERROGATORY NO. 2:** Identify 20 items of your members' publications that you or they believe are subject to regulation under Section 1 of Act 372 of 2023.

**RESPONSE**: Authors Guild objects to Interrogatory No. 2 as confusing, vague, and unduly burdensome because a) it is not clear what constitutes an item of a publication; b) it requires Authors Guild to draw legal conclusions about the extent to which materials authored by its members are subject to regulation under Section 1 of Act 372, a law that Authors Guild alleges is unconstitutionally vague. Authors Guild also objects that its ability to identify books authored by

6

its members that may be considered by the Prosecutor Defendants to be subject to Act 372 would be greatly enhanced if it had the benefit of the Prosecutor Defendants' response to Plaintiffs' first set of discovery requests, which should clarify, among other things, the Prosecutor Defendants' views on the applicability of Act 372 to a list of frequently challenged books. Understanding how the Prosecutor Defendants, who are tasked with interpreting and enforcing Act 372, understand that law will help Authors Guild more accurately determine which books its members have authored are likely to trigger a prosecution under Section 1 of Act 372, if they are made generally available to library and bookstore patrons, regardless of age.

Without waiving these objections, Authors Guild provides the following list of books, which meet the definition of "materials" under Act 327 and are written by present or former Authors Guild members. In providing this list of books to which Act 372 Section may apply, Authors Guild chose books which may be deemed by the prosecutors to be harmful to minors 8 years old, as required under *Shipley, Inc. v. Long*, 359 Ark. 208, 195 S.W.3d 911 (Ark. 2004), although they are, in Authors Guild's view, at least constitutionally protected as to older minors and adults.

- Beloved by Morrison, Toni
- Breathless by Niven, Jennifer
- Collateral by Hopkins, Ellen
- Forever by Blume, Judy
- Sanctuary by Faulker, William
- Speak: The Graphic Novel by Anderson, Laurie Halse
- The Absolutely True Diary of a Part-Time Indian by Alexie, Sherman
- The Color Purple, by Walker, Alice

7

**INTERROGATORY NO. 3:** For each item identified in response to Interrogatory No. 2, identify the chapter numbers, timestamps, or other specific indicator that you or they believe make the item subject to Section 1.

**RESPONSE:** Authors Guild objects to Interrogatory No. 3 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. Authors Guild further objects to Interrogatory No. 3 as confusingly worded, vague, and unduly burdensome because it requires Authors Guild to draw legal conclusions about the extent to which items its members author are subject to regulation under Section 1 of Act 372, a law that Authors Guild alleges is unconstitutionally vague. Moreover, determining if an item is "harmful to minors" – and, thus, is subject to Act 372's restrictions on its availability – requires that the item be "taken as a whole," *Miller v. California*, 413 U.S. 15, 24 (1973), and considered in the context of the age and maturity of the specific minor to whom the material is made available, *see Ginsberg v. New York*, 390 U.S. 629, 631-32 (1968). Prelim. Inj. Op. (Doc. 53) at 27 ("Act 372's definition of 'harmful to minors' precisely tracks the Supreme Court-approved definitions from Ginsberg and Miller").

Thus, it is not possible to identify which portions of the books Authors Guild has identified in its answer to Interrogatory No. 2 might cause one of the Prosecutor Defendants to initiate a prosecution without reading the books in their entirety.

Accordingly, without waiving any objections and for the reasons stated above, Authors Guild declines to identify specific chapter numbers, timestamps, or other specific indicators that would make the books identified above subject to Section 1 of Act 372.

**CERTIFICATE OF SERVICE**

      I, Rebecca Hughes Parker, certify that a copy of the foregoing document has been served via email on the counsel of record on this case on March 18, 2024.

                                        /s/ Rebecca Hughes Parker
                                        Rebecca Hughes Parker