IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, a political
subdivision in the City of Fayetteville, State of
Arkansas, et al.

                          PLAINTIFFS

v.        NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, et. al

                          DEFENDANTS

**PLAINTIFF AMERICAN BOOKSELLER ASSOCIATION'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PROSECUTING ATTORNEY DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the Western District of Arkansas, Plaintiff American Booksellers Association ("ABA"), by and through its undersigned counsel, hereby objects and responds to Prosecuting Attorneys Defendants' First Set of Interrogatories and Requests for Production to ABA as follows:

**GENERAL STATEMENT**

These responses are made solely for the purpose of this action, and are made without waiving: (a) the right to object, on the grounds of competency, proprietary, admissibility, privilege, relevance and/or materiality, or any other proper grounds, to the use of these responses for any purpose in whole or in part, in any subsequent proceeding in this action or any other action; (b)

# SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:** Identify the name, address, telephone number, and dates of membership for every one of your members located in Arkansas.

**RESPONSE: The** ABA objects to this Interrogatory because it is overly broad and seeks personally identifiable information (name, address, telephone number and dates of membership for every member located in Arkansas) that is not relevant to any causes or defenses in this action. ABA further objects to the Interrogatory in that it is vague and confusing as to the meaning of "member," and specifies no applicable time period.

Accordingly, no response is provided beyond the Declaration of David Grogan (ECF 22-8) which states that there are 17 members of the ABA located in Arkansas, and that Plaintiffs Pearl's Books and Wordsworth Books are ABA members located in Arkansas.

**INTERROGATORY NO. 2:** Identify 20 items in your members' collections that you or they believe are subject to regulation under Section 1 of Act 372 of 2023.

**RESPONSE**: ABA objects to Interrogatory No. 2 as confusing, vague, and unduly burdensome because it requires ABA to draw legal conclusions about the extent to which materials its members sell are subject to regulation under Section 1 of Act 372, a law that ABA alleges is unconstitutionally vague. ABA also objects that its ability to identify books its members sell that may be considered by the Prosecutor Defendants to be subject to Act 372 would be greatly enhanced if it had the benefit of the Prosecutor Defendants' response to Plaintiffs' first set of discovery requests, which should clarify, among other things, the Prosecutor Defendants' views on the applicability of Act 372 to a list of frequently challenged books. Understanding how the

Prosecutor Defendants, who are tasked with interpreting and enforcing Act 372, understand that law will help ABA more accurately determine which books in its members have authored are likely to trigger a prosecution under Section 1 of Act 372, if they are made generally available to library patrons, regardless of age.

Without waiving these objections, ABA provides the following list of books, which meet the definition of "materials" under Act 327 and are written by ABA members. In providing this list of books to which Act 372 Section may apply, ABA chose books which may be deemed by the prosecutors to be harmful to minors 8 years old, as required under *Shipley, Inc. v. Long*, 359 Ark. 208, 195 S.W.3d 911 (Ark. 2004), although they are, in ABA's view, at least constitutionally protected as to older minors and adults.

- A Court of Mist and Fury by Maas, Sarah J.
- Adjustment Day by Palahiuk, Chuck
- All Boys Aren't Blue by Johnson, George M.
- Adjustment Day by Palahniuk, Chuck
- Beloved by Morrison, Toni
- Bridgerton by Quinn, Julia
- Call Me By Your Name by Aciman, Andre
- Everything You Always Wanted to Know About Puberty by Katz, Morris
- Looking for Alaska by Green, John
- Sanctuary by Faulkner, William
- Speak: The Graphic Novel by Anderson, Laurie Halse
- The Absolutely True Diary of a Part-Time Indian by Alexie, Sherman
- The Bluest Eye, by Morrison, Toni

7

- The Catcher in the Rye by Salinger, J. D.
- The Color Purple by Walker, Alice
- The Handmaid's Tale by Atwood, Margaret
- The Perks of Being a Wallflower by Chbosky, Stephen
- To Kill a Mockingbird, by Lee, Harper
- Ulysses by Joyce, James

**INTERROGATORY NO. 3:** For each item identified in response to Interrogatory No. 2, identify the chapter numbers, timestamps, or other specific indicator that you or they believe make the item subject to Section 1.

**RESPONSE:** ABA objects to Interrogatory No. 3 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. ABA further objects to Interrogatory No. 3 as confusingly worded, vague, and unduly burdensome because it requires ABA to draw legal conclusions about the extent to which items its members sell are subject to regulation under Section 1 of Act 372, a law that ABA alleges is unconstitutionally vague. Moreover, determining if an item is "harmful to minors" – and, thus, is subject to Act 372's restrictions on its availability – requires that the item be "taken as a whole," Ark. Code Ann. 5-68-501(2); *Miller v. California*, 413 U.S. 15, 24 (1973), and considered in the context of the age and maturity of the specific minor to whom the material is made available, *see Ginsberg v. New York*, 390 U.S. 629, 631-32 (1968). Prelim. Inj. Op. (Doc. 53) at 27 ("Act 372's definition of 'harmful to minors' precisely tracks the Supreme Court-approved definitions from Ginsberg and Miller").

Accordingly, it is not possible to identify which portions of the books ABA has identified in its answer to Interrogatory No. 2 might cause one of the Prosecutor Defendants to initiate a prosecution without reading the books in their entirety.

Accordingly, without waiving any objections and for the reasons stated above, ABA declines to identify specific chapter numbers, timestamps, or other specific indicators that would make the books identified above subject to Section 1 of Act 372.

**REQUEST FOR PRODUCTION NO. 1:** Produce copies of the portions of items identified in response to Interrogatory No. 3 that you or your members believe make the item subject to regulation under Section 1 of Act 372 of 2023.

**RESPONSE**: Please see ABA's response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents you relied on in answering this First Set of Interrogatories and Requests for Production

**RESPONSE** ABA objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. ABA further objects to RFP No. 4 to the extent that the Prosecutor Defendants seek documents that are publicly available; already in the possession, custody, or control of the Prosecutor Defendants, the Prosecutor Defendants' attorneys, or other representatives; or are otherwise available from sources to which the Prosecutor Defendants also have access. Without waiving its specific and general objections, ABA states in response the documents it relied on in answering this interrogatories include the following documents easily obtained by the Defendants:

# CERTIFICATE OF SERVICE

      I, Rebecca Hughes Parker, certify that a copy of the foregoing document has been served via email on the counsel of record in the above-captioned case on March 18, 2024.

                                  /s/ Rebecca Hughes Parker
                                  Rebecca Hughes Parker