IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, a political
subdivision in the City of Fayetteville, State of
Arkansas, et al.

                                                                                                                PLAINTIFFS

v.                             NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, et. al

                                                                                                                 DEFENDANTS

## PLAINTIFF ASSOCIATION OF AMERICAN PUBLISHER, INC.'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PROSECUTING ATTORNEY DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the Western District of Arkansas, Plaintiff Association of American Publishers, Inc. ("AAP") by and through its undersigned counsel, hereby objects and responds to Plaintiff's First Set of Interrogatories and Requests for Production to AAP as follows:

## GENERAL STATEMENT

These responses are made solely for the purpose of this action, and are made without waiving: (a) the right to object, on the grounds of competency, proprietary, admissibility, privilege, relevance and/or materiality, or any other proper grounds, to the use of these responses for any purpose in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or requests for

# SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:** Identify the name, address, telephone number, and dates of membership for every one of your members located in Arkansas.

**RESPONSE:** AAP objects to this Interrogatory because it is overly broad and seeks personally identifiable information (name, address, telephone number and dates of membership for every member located in Arkansas) that is not relevant to the claims or defense in this case or the injury that Act 372 will cause to AAP and its members, whose books are sold throughout Arkansas. AAP further objects to the Interrogatory in that it is vague and confusing as to the meaning of "member," the meaning of "located in" and specifies no applicable time period. Accordingly, no response is provided.

**INTERROGATORY NO. 2:** Identify 20 items of your members' items that you or they believe are subject to regulation under Section 1 of Act 372 of 2023.

**RESPONSE**: AAP objects to Interrogatory No. 2 as confusing, vague, and unduly burdensome because a) it is not clear what constitutes an item of an item; and b) it requires AAP to draw legal conclusions about the extent to which materials its members publish are subject to regulation under Section 1 of Act 372, a law that AAP alleges is unconstitutionally vague. AAP also objects that its ability to identify books its members publish that are subject to Act 372 would be greatly enhanced if it had the benefit of the Prosecutor Defendants' response to Plaintiffs' first set of discovery requests, which should clarify, among other things, the Prosecutor Defendants' views on the applicability of Act 372 to a list of frequently challenged books. Understanding how the Prosecutor Defendants, who are tasked with interpreting and enforcing Act 372, understand that

6
US_ACTIVE\126429277\V-3

law will help AAP more accurately determine which books in its members' collections are likely to trigger a prosecution under Section 1 of Act 372, if they are made generally available to library patrons, regardless of age.

Without waiving these objections, AAP provides the following list of books, which meet the definition of "materials" under Act 327 and are published by AAP members. In providing this list of books to which Act 372 Section may apply, AAP chose books based on certain publicly available lists (see response to RFP No. 2) which hypothetically may be deemed by the prosecutors to be harmful to minors 8 years old, as required under *Shipley, Inc. v. Long*, 359 Ark. 208, 195 S.W.3d 911 (Ark. 2004), although they are, in AAP's view, at a minimum, constitutionally protected as to older minors and adults.

- Beloved by Morrison, Toni
- Breathless by Niven, Jennifer
- Bridgerton by Quinn, Julia
- Call Me By Your Name by Aciman, Andre
- Collateral by Hopkins, Ellen
- Everything You Always Wanted to Know About Puberty by Katz, Morris
- Forever by Blume, Judy
- Let's Talk About It: The Teen's Guide to Sex, Relationships, and Being Human by Moen, Erika
- Looking for Alaska, by Green, John
- Sanctuary by Faulkner, William
- Speak: The Graphic Novel by Anderson, Laurie Halse

- The Absolutely True Diary of a Part-Time Indian by Alexie, Sherman
- The Catcher in the Rye by Salinger, J. D.
- The Color Purple by Walker, Alice
- The Handmaid's Tale by Atwood, Margaret
- The Perks of Being a Wallflower by Chbosky, Stephen
- To Kill a Mockingbird by Lee, Harper
- Ulysses by Joyce, James

**INTERROGATORY NO. 3:** For each item identified in response to Interrogatory No. 2, identify the chapter numbers, timestamps, or other specific indicator that you or they believe make the item subject to Section 1.

**RESPONSE:** AAP objects to Interrogatory No. 3 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. AAP further objects to Interrogatory No. 3 as confusingly worded, vague, and unduly burdensome because it requires AAP to draw legal conclusions about the extent to which items its members publishes are subject to regulation under Section 1 of Act 372, a law that AAP alleges is unconstitutionally vague. Moreover, determining if an item is "harmful to minors" – and, thus, is subject to Act 372's restrictions on its availability – requires that the item be "taken as a whole," Ark. Code Ann. 5-68-501(2); *Miller v. California*, 413 U.S. 15, 24 (1973), and considered in the context of the age and maturity of the specific minor to whom the material is made available, *see Ginsberg v. New York*, 390 U.S. 629, 631-32 (1968). Prelim. Inj. Op. (Doc. 53) at 27 ("Act 372's definition of 'harmful to minors' precisely tracks the Supreme Court-approved definitions from Ginsberg and Miller").

Thus, it is not possible to identify which portions of the books AAP has identified in its answer to Interrogatory No. 2 might cause one of the Prosecutor Defendants to initiate a prosecution. Accordingly, without waiving any objections and for the reasons stated above, AAP declines to identify specific chapter numbers, timestamps, or other specific indicators that would make the books identified above subject to Section 1 of Act 372.

**REQUEST FOR PRODUCTION NO. 1:** Produce copies of the portions of items identified in response to Interrogatory No. 3 that you or your members believe make the item subject to regulation under Section 1 of Act 372 of 2023.

**RESPONSE**: Please see AAP's response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents you relied on in answering this First Set of Interrogatories and Requests for Production

**RESPONSE:** AAP objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. AAP further objects to RFP No. 4 to the extent that the Prosecutor Defendants seek documents that are publicly available; already in the possession, custody, or control of the Prosecutor Defendants, the Prosecutor Defendants' attorneys, or other representatives; or are otherwise available from sources to which the Prosecutor Defendants also have access. Without waiving its specific and general objections, AAP states in response the documents it relied on in answering this interrogatories include the following documents easily obtained by the Defendants:

I, Rebecca Hughes Parker, certify that a copy of the foregoing responses has been served via email on the counsel of record in this case on March 18, 2024.

/s/ Rebecca Hughes Parker
Rebecca Hughes Parker