IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, et al.,            PLAINTIFFS

v.            NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, et al.,            DEFENDANTS

### PLAINTIFF ARKANSAS LIBRARY ASSOCIATION'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 33 and 34, Plaintiff Arkansas Library Association ("ArLA"), by and through its undersigned attorneys, hereby responds and objects to Defendants Todd Murray, Sonia Fonticiella, Devon Holder, Matt Durrett, Jeff Phillips, Will Jones, Teresa Howell, Ben Hale, Connie Mitchell, Dan Turner, Jana Bradford, Frank Spain, Tim Blair, Kyle Hunter, Daniel Shue, Jeff Rogers, David Ethredge, Tom Tatum, II, Drew Smith, Rebecca Reed Mccoy, Michelle C. Lawrence, Debra Buschman, Tony Rogers, Joshua Robinson, Carol Crews, Kevin Holmes, Chris Walton, and Chuck Graham's (the "Prosecutor Defendants") First Set of Interrogatories and Requests for Production. ArLA expressly reserves the right to amend or supplement these Responses and Objections, as necessary.

### GENERAL OBJECTIONS

1. ArLA objects to the Interrogatories and Requests For Production, including the Instructions and Definitions contained therein, to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Western District of Arkansas, or any other applicable rule or law. ArLA will construe and respond to each Interrogatory in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules, and any other applicable rule or law.

2. ArLA objects to the Interrogatories and Requests for Production to the extent they seek information that is not relevant to ArLA's claims or the Prosecutor Defendants' defenses and/or are not proportional to the Prosecutor Defendants' needs.

3. ArLA objects to the Interrogatories and Requests for Production to the extent they seek information that is publicly available; information that is already in the possession, custody, or control of the Prosecutor Defendants, the Prosecutor Defendants' attorneys, or other representatives; or information that is otherwise available from sources to which the Prosecutor

1

under Section 5 for the purpose of advocating for books remaining available. Similarly, if Section 5 allowed appeals from a library's decision to segregate or remove a challenged book, ArLA or its members would avail themselves of that recourse. It is thus injured by its inability to participate in the book challenge appeals process set forth in Section 5.

**INTERROGATORY NO. 2:**

For each judicial district in Arkansas in which one of your members reside, identify the name, address, telephone number, and dates of membership for at least one of your members per judicial district.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 2:**

ArLA objects to Interrogatory No. 2 because it seeks personally identifiable information, which is not relevant to ArLA's claims or the Prosecutor Defendants' defenses, and/or will impose an undue burden on ArLA and its members that is not proportional to the Prosecutor Defendants' needs. ArLA specifically objects to identifying precise addresses, telephone numbers, and dates of membership for any of its members. However, contingent upon the Court entering a protective order that (1) requires all Defendants to treat the names of ArLA members as confidential; (2) requires Defendants to redact ArLA's members' names and identifying references from public filings and only submit ArLA's members' names and identifying references to the Court under seal; and (3) prohibits Defendants from disclosing the names of ArLA members to third parties, ArLA will provide the Prosecutor Defendants with the name of an ArLA member and the judicial district in which the identified member resides for each judicial district in Arkansas in which ArLA has a member.

**INTERROGATORY NO. 3:**

Identify 20 items in your library members' collections that you or they believe are subject to regulation under Section 1 of Act 372 of 2023, as alluded to in paragraph 22(a) of your Complaint.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 3:**

ArLA objects to Interrogatory No. 3 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. Furthermore, ArLA objects to Interrogatory No. 3 as ambiguous, vague, and unduly burdensome because it requires ArLA to draw legal conclusions about the extent to which materials in its member-libraries' collections are subject to regulation under Section 1 of Act 372, a law that ArLA alleges is unconstitutionally vague.

ArLA also objects that its ability to identify books in its members' collections that are subject to Act 372 would be greatly enhanced if it had the benefit of the Prosecutor Defendants' response to Plaintiffs' first set of discovery requests, which should clarify, among other things, the Prosecutor Defendants' views on the applicability of Act 372 to a list of frequently challenged books. Understanding how the Prosecutor Defendants, who are tasked with interpreting and enforcing Act 372, understand that law will help ArLA more accurately determine which books in its members'

collections are likely to trigger a prosecution under Section 1 of Act 372, if they are made generally available to library patrons, regardless of age.

Without waiving these objections, ArLA provides the following list of books, which appear in the collections of public libraries that are ArLA members or employ ArLA members. ArLA has not ranked these books or otherwise organized them in any particular order. ArLA has selected these books because they are among those that have been scrutinized by officials on the State Library Board[1] and/or unfairly characterized as containing material that is legally obscene or otherwise inappropriate for inclusion in a public library. To clarify, ArLA asserts that these books are constitutionally protected and not legally obscene, but that they could be deemed harmful to some young or less mature minors, even though ArLA asserts that these books are appropriate for older and more mature minors.

1. "It's Perfectly Normal: Changing Bodies, Growing Up, Sex, and Sexual Health" by Robie Harris
2. "Sex is a Funny Word" by Cory Silverberg
3. "This Book Is Gay" by Juno Dawson
4. "Out of Darkness" by Ashley Hope Perez
5. "All Boys Aren't Blue" by George M. Johnson
6. "Lawn Boy" by Jonathan Evison
7. "Jack of Hearts" by L.C. Rosen
8. "Lucky" by Alice Sebold
9. "A Court of Mist and Fury" by Sarah J. Maas
10. "Gender Queer" by Maia Kobabe
11. "Milk and Honey" by Rupi Kaur
12. "The Handmaid's Tale: A Graphic Novel" by Margaret Atwood
13. "What Girls Are Made Of" by Elana Arnold
14. "The Perks of Being a Wallflower" by Stephen Chbosky
15. "The Nowhere Girls" by Amy Reed
16. "The Glass Castle" by Jeannette Walls
17. "Fallout" by Ellen Hopkins
18. "What We Saw" by Aaron Hartzler
19. "The Exact Opposite of Okay" by Laura Steven
20. "Asking For It" by Louise O'Neill

---

[1] *See* Debra Hale-Shelton, *Jason Rapert Crowns Himself 'Conscience of the State Library Board,' Wants Security At Meetings*, Ark. Times, Feb. 14, 2023.

**INTERROGATORY NO. 4:**

For each item identified in response to Interrogatory No. 3, identify the chapter numbers, timestamps, or other specific indicator that you or they believe make the item subject to Section 1.

**OBJECTION TO INTERROGATORY NO. 4:**

ArLA objects to Interrogatory No. 4 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. ArLA further objects to Interrogatory No. 4 as ambiguously worded, vague, and unduly burdensome because it requires ArLA to draw legal conclusions about the extent to which items in its member-libraries' collections are subject to regulation under Section 1 of Act 372, a law that ArLA alleges is unconstitutionally vague. Moreover, determining if an item is "harmful to minors" – and, thus, is subject to Act 372's restrictions on its availability – requires that the item be "taken as a whole," *Miller v. California*, 413 U.S. 15, 24 (1973), and considered in the context of the age and maturity of the specific minor to whom the material is made available, *see Ginsberg v. New York*, 390 U.S. 629, 631-32 (1968). Prelim. Inj. Op. (Doc. 53) at 27 ("Act 372's definition of 'harmful to minors' precisely tracks the Supreme Court-approved definitions from *Ginsberg* and *Miller*"). Accordingly, it is not possible to identify which portions of the books ArLA has identified in its answer to Interrogatory No. 3 might cause one of the Prosecutor Defendants to initiate a prosecution without reading the books in their entirety. The burden to ArLA of that undertaking far outweighs any possible need the Prosecutor Defendants might have for ArLA's views on this subject.

Accordingly, without waiving any objections and for the reasons stated above, ArLA declines to identify specific chapter numbers, timestamps, or other specific indicators that would make the books identified above subject to Section 1.

**INTERROGATORY NO. 5:**

Identify the information and the basis of your belief identified in paragraph 22(d) of your Complaint that families will be less inclined to visit your member libraries if Act 372 prevents them from perusing books regulated by Act 372.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 5:**

Without waiving any objection, ArLA states that its assertion that families will be less inclined to visit its member libraries if Act 372 goes into effect is based on the judgment and professional experience of its board members, like its former President Carol Coffey, who has has more than 30 years of professional experience as a librarian and library administrator, and has also worked closely with ArLA's librarian members. As a result of her experience and relationship with ArLA members, Ms. Coffey understands that ArLA's member-libraries are frequently visited by families that include children too young to be left unattended while a parent or older sibling peruse, either as a matter of library policy or parental judgment. In such a case, the chaperoning parent or older minor-sibling would be unable to access books segregated in an area of the library where the younger minor is prohibited from entering.

On the basis of this information, Ms. Coffey asserts that, if Act 372 goes into effect and prevents parents or guardians from perusing books that the adult wants to read, families will be less inclined to visit ArLA member-libraries.

**INTERROGATORY NO. 6:**

Identify the information and the basis of your belief identified in paragraph 22(d) of your Complaint that adults will be less inclined to peruse books available only in an adults-only section of your member libraries.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 6:**

Without waiving any objection, ArLA states that its assertion that families will be less inclined to visit its member libraries if Act 372 goes into effect is based on the judgment and professional experience of its board members, like its former President Carol Coffey, who has has more than 30 years of professional experience as a librarian and library administrator, and has also worked closely with ArLA's librarian members. As a result of her experience and relationship with ArLA members, Ms. Coffey understands that adult visitors to ArLA member-libraries will generally be less inclined to peruse any books made available only in an adults-only section, as those books have a stigma attached and are less attractive to many readers for that reason.

**INTERROGATORY NO. 7:**

Identify every person who has expressed to you or your members their intent to challenge library materials under Section 5 of Act 372 of 2023.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 7:**

ArLA objects to Interrogatory No. 7 to the extent it calls for ArLA to disclose records that are not in its possession, custody or control or the possession, custody or control of its members, in their capacity as ArLA members. ArLA further objects to Interrogatory No. 7 to the extent that it seeks information that may not be disclosed by public libraries under Arkansas law. *See* Ark. Code Ann. § 13-2-703. ArLA also objects that Interrogatory No. 7 is vague because it does not specify the form that a qualifying expression must take or specify if it seeks information about book challenges, generally, or only those specifically previewing a future intention to challenge a book under Section 5 of Act 372, if that law goes into effect. ArLA further objects to this request as unduly burdensome and not proportional to the Prosecutor Defendants' needs.

Without waiving any objections, ArLA has not collected and has not received any information regarding any individuals who have expressed to ArLA or an ArLA member a specific, future intention of challenging a library material using the procedures set forth in Section 5 of Act 372, should that law go into effect.

Date: March 18, 2024

Respectfully submitted,

*/s/ Ben Seel*

Ben Seel*
Will Bardwell*
Aman George*
Orlando Economos*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34554
Washington, DC 20043
Telephone: (202) 448-9090
bseel@democracyforward.org
wbardwell@democracyforward.org
ageorge@democracyforward.org
oeconomos@democracyforward.org

Attorneys for the Arkansas Library Association

*Admitted pro hac vice

## VERIFICATION OF INTERROGATORY ANSWERS

I, Carol Coffey, Past President of the Arkansas Library Association, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Executed March 18, 2024

*/s/ Carol Coffey*
Carol Coffey

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, a copy of the foregoing was served upon all counsel of record by electronic mail.

*/s/ Ben Seel*
Ben Seel