IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, et al.,                                PLAINTIFFS

v.                              NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, et al.,                                  DEFENDANTS

**PLAINTIFF ADAM WEBB'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 33 and 34, Plaintiff Adam Webb, by and through his undersigned attorneys, hereby responds and objects to Defendants Todd Murray, Sonia Fonticiella, Devon Holder; Matt Durrett, Jeff Phillips, Will Jones, Teresa Howell, Ben Hale, Connie Mitchell, Dan Turner, Jana Bradford, Frank Spain, Tim Blair, Kyle Hunter, Daniel Shue, Jeff Rogers, David Ethredge, Tom Tatum, II, Drew Smith, Rebecca Reed Mccoy, Michelle C. Lawrence, Debra Buschman, Tony Rogers, Joshua Robinson, Carol Crews, Kevin Holmes, Chris Walton, and Chuck Graham's (the "Prosecutor Defendants") First Set of Interrogatories and Requests for Production. Mr. Webb expressly reserves the right to amend or supplement these Responses and Objections, as necessary.

**GENERAL OBJECTIONS**

1. Mr. Webb objects to the Interrogatories and Requests For Production to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Western District of Arkansas, or any other applicable rule or law. Mr. Webb will construe and respond to each Interrogatory in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules, and any other applicable rule or law.

2. Mr. Webb objects to the Interrogatories and Requests for Production to the extent they seek information that is not relevant to Mr. Webb's claims or the Prosecutor Defendants' defenses and/or are not proportional to the Prosecutor Defendants' needs.

3. Mr. Webb objects to the Interrogatories and Requests for Production to the extent they seek information that is publicly available; information that is already in the possession, custody, or control of the Prosecutor Defendants, the Prosecutor Defendants' attorneys, or other representatives; or information that is otherwise available from sources to which the Prosecutor Defendants also have access. Mr. Webb reserves the right under Federal Rule of Civil Procedure

1

# RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify 20 items in the Garland County Library's (GCL) collection that you believe are subject to regulation under Section 1 of Act 372 of 2023.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 1:**

Mr. Webb objects to Interrogatory No. 1 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. Mr. Webb objects to Interrogatory No. 1 as ambiguous, vague, and unduly burdensome because it requires Mr. Webb to draw legal conclusions about the extent to which materials in GCL's collection are subject to regulation under Section 1 of Act 372, a law that Mr. Webb alleges is unconstitutionally vague.

Mr. Webb also objects that his ability to identify books in GCL's collection that are subject to Act 372 would be greatly enhanced if he had the benefit of the Prosecutor Defendants' response to Plaintiffs' first set of discovery requests, which should clarify, among other things, the Prosecutor Defendants' views on the applicability of Act 372 to a list of frequently challenged books. Understanding how the Prosecutor Defendants, who are tasked with interpreting and enforcing Act 372, understand that law will help Mr. Webb more accurately determine which books in GCL's collection are likely to trigger a prosecution under Section 1 of Act 372, if they are made generally available to library patrons, regardless of age.

Without waiving these objections, Mr. Webb provides the following list of books, which appear in GCL's general collection. Mr. Webb has not ranked these books or otherwise organized them in any particular order. Mr. Webb has selected these books because they are among those that have been scrutinized by officials on the State Library Board and/or unfairly characterized as containing material that is legally obscene or otherwise inappropriate for inclusion in a public library. To clarify, Mr. Webb asserts that these books are constitutionally protected and not legally obscene, but that they could be deemed harmful to some young or less mature minors, even though Mr. Webb asserts that these books are appropriate for older and more mature minors.

1. "Esther the Wonderpig" by Caprice Crane, Derek Walter, and Steve Jenkins
2. "The Bare Naked Book" by Kathy Stinson
3. "It's Perfectly Normal: Changing Bodies, Growing Up, Sex, and Sexual Health" by Robbie Harris
4. "Sex is a Funny Word" by Cory Silverberg
5. "Tell Me: What Children Really Want to Know About Bodies, Sex, and Emotions" by Katharina von der Gathen
6. "How Do You Make a Baby?" by Anna Fiske
7. "All Boys Aren't Blue" by George M. Johnson
8. "Lawn Boy" by Jonathan Evison
9. "Jack of Hearts" by L.C. Rosen
10. "Crank" by Ellen Hopkins
11. "A Court of Mist and Fury" by Sarah J. Maas

12. "Gender Queer" by Maia Kobabe
13. "Looking for Alaska" by John Green
14. "Thirteen Reasons Why" by Jay Asher
15. "What Girls Are Made Of" by Elana Arnold
16. "The Perks of Being a Wallflower" by Stephen Chbosky
17. "The Nowhere Girls" by Amy Reed
18. "The Glass Castle" by Jeannette Walls
19. "Damsel" by Elana Arnold
20. "Tricks" by Ellen Hopkins

**INTERROGATORY NO. 2:**

For each item identified in response to Interrogatory No. 1, identify the chapter numbers, timestamps, or other specific indicator that you or they believe make the item subject to Section 1.

**OBJECTION TO INTERROGATORY NO. 2:**

Mr. Webb objects to Interrogatory No. 2 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. Mr. Webb further objects to Interrogatory No. 2 as ambiguously worded, vague, and unduly burdensome because it requires him to draw legal conclusions about the extent to which items in GCL's collection are subject to regulation under Section 1 of Act 372, a law that Mr. Webb alleges is unconstitutionally vague. Moreover, determining if an item is "harmful to minors" – and, thus, is subject to Act 372's restrictions on its availability – requires that the item be "taken as a whole," *Miller v. California*, 413 U.S. 15, 24 (1973), and considered in the context of the age and maturity of the specific minor to whom the material is made available, *see Ginsberg v. New York*, 390 U.S. 629, 631-32 (1968). Prelim. Inj. Op. (Doc. 53) at 27 ("Act 372's definition of 'harmful to minors' precisely tracks the Supreme Court-approved definitions from *Ginsberg* and *Miller*"). Accordingly, it is not possible to identify which portions of the books Mr. Webb has identified in his answer to Interrogatory No. 1 might cause one of the Prosecutor Defendants to initiate a prosecution without reading the books in their entirety. The burden to Mr. Webb of that undertaking far outweighs any possible need the Prosecutor Defendants might have for Mr. Webb's views on this subject.

Accordingly, without waiving any objections and for the reasons stated above, Mr. Webb declines to identify specific chapter numbers, timestamps, or other specific indicators that would make the books identified above subject to Section 1.

- Memorandum Order and Opinion Granting Plaintiffs' Motion for Preliminary Injunction (Doc. 53)
- Amended Complaint (Doc. 75)
- Debra Hale-Shelton, *Jason Rapert Crowns Himself 'Conscience of the State Library Board,' Wants Security At Meetings*, Ark. Times, Feb. 14, 2023
- American Library Association Code of Ethics

Apart from these documents and those that will be produced in response to RFP Nos. 1-9, and without waiving any objections, Mr. Webb has no other responsive, non-privileged documents to provide.

Date: March 18, 2024

Respectfully submitted,

*/s/ Ben Seel*

Ben Seel*
Will Bardwell*
Aman George*
Orlando Economos*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34554
Washington, DC 20043
Telephone: (202) 448-9090
bseel@democracyforward.org
wbardwell@democracyforward.org
ageorge@democracyforward.org
oeconomos@democracyforward.org
Attorneys for Adam Webb

*Admitted pro hac vice

## VERIFICATION OF INTERROGATORY ANSWERS

I, Adam Webb, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Executed March 18, 2024

*/s/ Adam Webb*
Adam Webb

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2024, a copy of the foregoing was served upon all counsel of record by electronic mail.

                                          */s/ Ben Seel*
                                          Ben Seel