IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, et al.,                               PLAINTIFFS

v.                              NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, et al.,                                 DEFENDANTS

**PLAINTIFF ADVOCATES FOR ALL ARKANSAS LIBRARIES' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 33 and 34, Plaintiff Advocates for All Arkansas Libraries ("AAAL"), by and through its undersigned attorneys, hereby responds and objects to Defendants Todd Murray, Sonia Fonticiella, Devon Holder, Matt Durrett, Jeff Phillips, Will Jones, Teresa Howell, Ben Hale, Connie Mitchell, Dan Turner, Jana Bradford, Frank Spain, Tim Blair, Kyle Hunter, Daniel Shue, Jeff Rogers, David Ethredge, Tom Tatum, II, Drew Smith, Rebecca Reed Mccoy, Michelle C. Lawrence, Debra Buschman, Tony Rogers, Joshua Robinson, Carol Crews, Kevin Holmes, Chris Walton, and Chuck Graham's (the "Prosecutor Defendants") First Set of Interrogatories and Requests for Production. AAAL expressly reserves the right to amend or supplement these Responses and Objections, as necessary.

**GENERAL OBJECTIONS**

1.    AAAL objects to the Interrogatories and Requests For Production, including the Instructions and Definitions contained therein, to the extent they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Western District of Arkansas, or any other applicable rule or law. AAAL will construe and respond to each Interrogatory in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules, and any other applicable rule or law.

2.    AAAL objects to the Interrogatories and Requests for Production to the extent they seek information that is not relevant to AAAL's claims or the Prosecutor Defendants' defenses and/or are not proportional to the Prosecutor Defendants' needs.

3.    AAAL objects to the Interrogatories and Requests for Production to the extent they seek information that is publicly available; information that is already in the possession, custody, or control of the Prosecutor Defendants, the Prosecutor Defendants' attorneys, or other representatives; or information that is otherwise available from sources to which the Prosecutor

**INTERROGATORY NO. 3:**

Identify 20 items in your library members' collections that you or they believe are subject to regulation under Section 1 of Act 372 of 2023, as alluded to in paragraph 23(a) of your Complaint.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 3:**

AAAL objects to Interrogatory No. 3 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. Furthermore, AAAL objects to Interrogatory No. 3 as ambiguous, vague, and unduly burdensome because it requires AAAL to draw legal conclusions about the extent to which materials in its member-libraries' collections are subject to regulation under Section 1 of Act 372, a law that AAAL alleges is unconstitutionally vague.

AAAL also objects that its ability to identify books in its members' collections that are subject to Act 372 would be greatly enhanced if it had the benefit of the Prosecutor Defendants' response to Plaintiffs' first set of discovery requests, which should clarify, among other things, the Prosecutor Defendants' views on the applicability of Act 372 to a list of frequently challenged books. Understanding how the Prosecutor Defendants, who are tasked with interpreting and enforcing Act 372, understand that law will help AAAL more accurately determine which books in its members' collections are likely to trigger a prosecution under Section 1 of Act 372, if they are made generally available to library patrons, regardless of age.

Without waiving these objections, AAAL provides the following list of books, which appear in the collections of public libraries that are AAAL members or employ AAAL members. AAAL has not ranked these books or otherwise organized them in any particular order. AAAL has selected these books because they are among those that have been scrutinized by officials on the State Library Board[1] and/or unfairly characterized as containing material that is legally obscene or otherwise inappropriate for inclusion in a public library. To clarify, AAAL asserts that these books are constitutionally protected and not legally obscene, but that they could be deemed harmful to some young or less mature minors, even though AAAL asserts that these books are appropriate for older and more mature minors.

1. "This Book Is Gay" by Juno Dawson
2. "Out of Darkness" by Ashley Hope Perez
3. "All Boys Aren't Blue" by George M. Johnson
4. "Lawn Boy" by Jonathan Evison
5. "Jack of Hearts" by L.C. Rosen
6. "Crank" by Ellen Hopkins
7. "Lucky" by Alice Sebold
8. "A Court of Mist and Fury" by Sarah J. Maas
9. "Gender Queer" by Maia Kobabe
10. "Milk and Honey" by Rupi Kaur

---

[1] *See* Debra Hale-Shelton, *Jason Rapert Crowns Himself 'Conscience of the State Library Board,' Wants Security At Meetings*, Ark. Times, Feb. 14, 2023.

11. "The Handmaid's Tale: A Graphic Novel" by Margaret Atwood
12. "What Girls Are Made Of" by Elana Arnold
13. "The Perks of Being a Wallflower" by Stephen Chbosky
14. "The Nowhere Girls" by Amy Reed
15. "The Glass Castle" by Jeannette Walls
16. "Damsel" by Elana Arnoldns
17. "The Hate U Give" by Angie Thomas
18. "Tricks" by Ellen Hopkins
19. "Chicken Girl" by Heather Smith
20. "Asking For It" by Louise O'Neill

**INTERROGATORY NO. 4:**

For each item identified in response to Interrogatory No. 3, identify the chapter numbers, timestamps, or other specific indicator that you or they believe make the item subject to Section 1.

**OBJECTION TO INTERROGATORY NO. 4:**

AAAL objects to Interrogatory No. 4 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. AAAL further objects to Interrogatory No. 4 as ambiguously worded, vague, and unduly burdensome because it requires AAAL to draw legal conclusions about the extent to which items in its member-libraries' collections are subject to regulation under Section 1 of Act 372, a law that AAAL alleges is unconstitutionally vague. Moreover, determining if an item is "harmful to minors" – and, thus, is subject to Act 372's restrictions on its availability – requires that the item be "taken as a whole," *Miller v. California*, 413 U.S. 15, 24 (1973), and considered in the context of the age and maturity of the specific minor to whom the material is made available, *see Ginsberg v. New York*, 390 U.S. 629, 631-32 (1968). Prelim. Inj. Op. (Doc. 53) at 27 ("Act 372's definition of 'harmful to minors' precisely tracks the Supreme Court-approved definitions from *Ginsberg* and *Miller*"). Accordingly, it is not possible to identify which portions of the books AAAL has identified in its answer to Interrogatory No. 3 might cause one of the Prosecutor Defendants to initiate a prosecution without reading the books in their entirety. The burden to AAAL of that undertaking far outweighs any possible need the Prosecutor Defendants might have for AAAL's views on this subject.

Accordingly, without waiving any objections and for the reasons stated above, AAAL declines to identify specific chapter numbers, timestamps, or other specific indicators that would make the books identified above subject to Section 1.

As a result of his experience working as a librarian and his relationship with AAAL's members, Mr. Webb understands that adult visitors to AAAL member-libraries will generally be less inclined to peruse any books made available only in an adults-only section, as those books have a stigma attached and are less attractive to many readers for that reason.

**INTERROGATORY NO. 7:**

Identify every person who has expressed to you or your members their intent to challenge library materials under Section 5 of Act 372 of 2023.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 7:**

AAAL objects to Interrogatory No. 7 to the extent it calls for AAAL to disclose records that are not in its possession, custody or control or the possession, custody or control of its members, in their capacity as AAAL members. AAAL further objects to Interrogatory No. 7 to the extent that it seeks information that may not be disclosed by public libraries under Arkansas law. *See* Ark. Code Ann. § 13-2-703. AAAL also objects that Interrogatory No. 7 is vague because it does not specify the form that a qualifying expression must take or specify if it seeks information about book challenges, generally, or only those specifically previewing a future intention to challenge a book under Section 5 of Act 372, if that law goes into effect. AAAL further objects to this request as unduly burdensome and not proportional to the Prosecutor Defendants' needs.

Without waiving any objections, AAAL has not collected and has not received any information regarding any individuals who have expressed to AAAL or an AAAL member their specific, future intent to challenge a library material using the procedures set forth in Section 5 of Act 372, should that law go into effect.

**INTERROGATORY NO. 8:**

Identify every one of your member libraries who, if Act 372 were in effect, would not allow a person to participate in the challenge process if that person was in favor of keeping a challenged book in the general circulation.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 8:**

AAAL objects to Interrogatory No. 8 to the extent it seeks disclosure of information protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, and other applicable privileges. AAAL further objects to Interrogatory No. 8 to the extent it seeks information that is not in the possession, custody or control of AAAL or the possession, custody or control of its members, in their capacity as AAAL members. AAAL also objects to the Interrogatory No. 8 as vague and ambiguously worded because it seeks information about a hypothetical scenario without clearly explaining what key terms, including "allow" and "participate in the challenge process," mean in this context. AAAL also objects to this request as seeking information that is not relevant to AAAL's claims or the Prosecutor Defendants' defenses and/or because the burden of collection is not proportional to the Prosecutor Defendants' need for this information.

## VERIFICATION OF INTERROGATORY ANSWERS

I, Adam Webb, President of Advocates for All Arkansas Libraries, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Executed March 18, 2024

                                                                     */s/ Adam Webb*
                                                                     Adam Webb

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2024, a copy of the foregoing was served upon all counsel of record by electronic mail.

                                                     */s/ Ben Seel*
                                                     Ben Seel