IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, et al. a political subdivision in the City of Fayetteville, State of Arkansas; EUREKA SPRINGS CARNEGIE PUBLIC LIBRARY; CENTRAL ARKANSAS LIBRARY SYSTEM; NATE COULTER; OLIVIA FARRELL; MIEL PARTAIN, in her own capacity and as parent and next friend of MADELINE PARTAIN; LETA CAPLINGER; ADAM WEBB; ARKANSAS LIBRARY ASSOCIATION; ADVOCATES FOR ALL ARKANSAS LIBRARIES; PEARL'S BOOKS, LLC; WORDSWORTH COMMUNITY BOOKSTORE LLC d/b/a WORDSWORTH BOOKS; AMERICAN BOOKSELLERS ASSOCIATION; ASSOCIATION OF AMERICAN PUBLISHERS, INC.; AUTHORS GUILD, INC.; COMIC BOOK LEGAL DEFENSE FUND; FREEDOM TO READ FOUNDATION            PLAINTIFFS

V.                          NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS; CHRIS KEITH, in his official capacity as Crawford County Judge; TODD MURRAY; SONIA FONTICIELLA; DEVON HOLDER; MATT DURRETT; JEFF PHILLIPS; WILL JONES; TERESA HOWELL; BEN HALE, CONNIE MITCHELL, DAN TURNER, JANA BRADFORD; FRANK SPAIN; TIM BLAIR; KYLE HUNTER; DANIEL SHUE; JEFF ROGERS; DAVID ETHREDGE; TOM TATUM, II; DREW SMITH; REBECCA REED MCCOY; MICHELLE C. LAWRENCE; DEBRA BUSCHMAN; TONY ROGERS; JOSHUA ROBINSON; CAROL CREWS; KEVIN HOLMES; CHRIS WALTON; and CHUCK GRAHAM, each in his or her official capacity as a prosecuting attorney for the State of Arkansas;            DEFENDANTS

# DECLARATION OF OLIVIA FARRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

1. My name is Olivia Farrell. I am over the age of 21, competent to make this declaration, and have personal knowledge of the matters set out in this declaration. I make this declaration in support of Plaintiffs' Motion for Summary Judgment in the above-captioned case.

2. I am an adult resident of Pulaski County, Arkansas. I have a Central Arkansas Library System library card and use it. I visit both the main library and the Fletcher branch, where I browse the collections to see if there is anything that I'd like to check out.

3. I have read Act 327 of 2023 and believe I understand it. I believe it imposes an unconstitutional restraint under the First Amendment of the U. S. Constitution on the availability, display, receipt, and perusal of constitutionally-protected, non-obscene material to me.

4. Under its provisions, I believe the display of certain materials to minors cannot be restricted without also restricting access to them to adults, such as me. The act's provisions effectively require librarians to remove from their library's shelves and place in a segregated "adults only" section a potentially substantial amount of constitutionally-protected matter because it may be "harmful" to a minor. For a smaller library, physical segregation probably will require placing materials behind a desk or counter, where patrons will not be able to access the material without specifically requesting it. In addition, an adults-only sections could discourage me from looking at materials in such sections, thus I would be discouraged from exercising my right to peruse these materials. Under other provisions of Act 372, certain materials would likely be removed entirely from the library collection while undergoing the review and determination process and would not be accessible to me.

5. I also volunteer to aid an Afghan refugee family in Little Rock. The family includes three children, 7, 8 and 14 years of age. Sometimes, I visit the library to search for books for them to read; other times they accompany me on these visits. Under Act 327, I would have to enter a section that is segregated as "adults only," to either find books for myself or these Afghani children. It would discourage me from doing so, as I believe that would signal to others that I am interested in reading pornography. Also, I would probably have to interact with a library staff member to gain access to this segregated area. This, also, would deter me from accessing the "adults only" area. I do not think I should be subjected to this kind of scrutiny and that my choice of reading material should be unfettered and private. I have the same concerns if a certain book would have to be requested from library staff.

6. Under provisions of the Act, I am not allowed input into whether a challenged book is to be determined to be obscene to minors, while those that challenge a book do have input. I believe this is unfair and an encroachment on my rights.

7. I also shop for books at Wordsworth Books and Barnes & Noble bookstore. In both these establishments, I browse through the stacks to see if there is anything I would like to either examine further or buy. Again, I do not want my access to books limited in these establishments because of Act 327. I do not want to have to go to an "adults only" section to view books I might want to read for the same reasons I don't want to be subjected to this is a library.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 10th day of May, 2024.

/s/<u>Olivia Farrell</u>