IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, et al.                PLAINTIFFS

v.                          NO. 5:23-cv-5086

CRAWFORD COUNTY, ARKANSAS, et al.                  DEFENDANTS

## DECLARATION OF JOHN MCGRAW

I, John McGraw, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. The facts contained in this declaration are based on my personal knowledge and I can testify competently to them if called upon to do so. I submit this sworn declaration in support of Plaintiffs' Motion for Summary Judgment.

2. I am the Regional Director of the Faulkner-Van Buren Regional Library system (FVBRL), which is a regional public library system serving two counties across nine regional library branches across central Arkansas. I have served in this role since 2015. Prior to this role, I served in various roles within the Central Arkansas Library System (CALS) between 1999 and 2014. Prior to my time at CALS, I was an academic librarian at the University of New Mexico from 1993 to 1999.

3. I am also a member of the Arkansas Library Association (ArLA), as well as the Vice President of Advocates for All Arkansas Libraries (AAAL).

4. I hold a master of library and information science degree from the University of Alabama and have more than 30 years of professional experience in this field.

5. As Regional Director of FVBRL, I oversee the operation of our nine library branches, which are spread across Faulkner County and Van Buren County: Conway, Damascus, Greenbrier, Guy, Mayflower, Mt. Vernon, Twin Groves, Van Buren, and Vilonia.

6. FVBRL is one of the largest regional library systems in the state of Arkansas, serving a diverse population. The Conway Library in Faulkner County serves as FVBRL's headquarters, and serves a small city; all the other locations in FVBRL are small or rural libraries.

7. FVBRL's libraries offer a wide variety of services to our patrons. In addition to lending books, we offer a variety of programming for all ages, from storytime for pre-K children, to games, crafts, arts or entertainment programming for older children, to programming for parents. In 2023, FVBRL offered 2,435 programs for minors, with 45,380 attendees.

8. FVBRL's libraries also offer crucial resources to our patrons, allowing them to use broadband internet, print documents, or attend virtual courses. Patrons depend on our services to run their small businesses, attend school, or do homework.

9. Our branches in Mount Vernon and Twin Groves, for example, function more like community centers than libraries, and are full of students for hours after the school day lets out until the libraries close for the evening. These branches and the services we offer allow students a safe place to decompress, connect with friends, play games, or get help with homework before going home for the night.

10. FVBRL's libraries carry a wide range of books and other materials in their general collections that are constitutionally protected for adults and older minors but may be considered by some to be harmful to younger minors. For instance, we have romance novels that contain some description of sexual conduct. If those books are maintained in our general collection, they could be a basis for criminal liability for me and my staff under Section 1 of Act 372 of 2023.

11. Similarly, libraries in FVBRL also have books in circulation that people will argue are inappropriate and that will be challenged under Section 5 of Act 372 of 2023.[1] Indeed, if Act 372 goes into effect, I expect that some of these disfavored books will be challenged repeatedly, which will strain our limited resources.

12. If Act 372 goes into effect, we expect that libraries in FVBRL would need to segregate any books that might be deemed "harmful" to young minors or generally inappropriate to an area where they are not "available" to minors under Section 1 and "not accessible to minors" under Section 5. That suggests to me that FVBRL would need to create a secure, physically separate space in each of our nine library branches.

13. None of FVBRL's libraries currently have that sort of physically secure, segregated space. While FVBRL organizes its books by section and actively seeks to keep the children's sections distanced within the libraries from sections that might contain inappropriate material, we do not have physically segregated collections within its spaces and do not have staff resources to designate someone to monitor where our patrons are browsing.

14. Collections in FVBRL's branches are maintained on open shelves and the books are organized by type of book and subject matter, so that patrons can easily find books of interest to them, including by browsing, without requiring assistance from a library staff member. Our patrons range in age from toddlers to the elderly.

---

[1] Section 5 of Act 372 says that it applies to county or municipal libraries, but does not say whether regional libraries, like FVBRL, are included. Section 5 also provides that unsuccessful challenges can be appealed to the county or city's local governing body. It is not clear, however, where appeals from a regional library like ours should go. Unlike county or city libraries, regional libraries do not have just one local governing body. The lack of clarity about whether and how Section 5 of Act 372 applies to regional libraries adds to my overall concern and contributes to the burden of having to implement Section 5 of Act 372.

15. FVBRL's libraries at Mayflower, Greenbrier, Vilonia, and Damascus are one-room buildings, with no separate room that would allow for straightforward segregation of material for adults. The smallest library in FVBRL is the Mount Vernon library, which is less than 1,000 square feet.

16. Beyond space constraints, many of FVBRL's libraries do not have the flexibility to significantly alter their layout. Four branches (Damascus, Guy, Mount Vernon, and Twin Groves) are housed in buildings that are not owned by FVBRL, so any physical renovations to the space are at the discretion of the building's owners. Further, two branches, Guy and Twin Grove, are housed in historic buildings, with significant legal restrictions on FVBRL's ability to make physical alterations to the space.

17. Aside from the space, structural, and legal constraints, FVBRL simply does not have the financial resources to undertake reorganization and renovation projects across all its branches to comply with Act 372.

18. FVBRL also lacks the staff and financial resources to undertake the sorts of wide-ranging reviews that we expect to result from the implementation of Section 5 of Act 372.

19. FVBRL already has a procedure in place for reviewing the appropriateness of books on its shelves, and that procedure is already quite burdensome. We recently undertook the review of a 622-page book of poetry, which required all the copies FVBRL owned of just that one book to be off the shelves and unavailable to customers for weeks or months while FVBRL staff reviewed it.

20. Under the vague "appropriateness" standard in Section 5, we expect the volume of challenges to increase substantially, and there is no feasible way for staff to undertake the dozens or even hundreds of reviews that may follow Act 372's implementation.

21. Even if FVBRL had the resources and control over its facilities to create new, fully-segregated facilities, creating the kinds of adults-only sections that Sections 1 and 5 of Act 372 require violates the basic purpose of a library to create a welcoming and inviting environment, where readers can freely peruse a wide range of offerings in the collection. Adults-only sections instead create stigma and embarrassment and may deter patrons from accessing materials they are interested in or need, such as books on their physical or mental health.

22. Complying with Sections 1 and 5 of Act 372 leaves FVBRL with no good choices. Without the resources and flexibility to redesign our physical spaces to segregate materials, our librarians will have to choose between facing potential criminal liability under Act 372 or denying minors access to our libraries entirely.

23. Moreover, FVBRL's library branches are frequently visited by families that include children too young to be left unattended while a parent or older sibling peruses our collections. We require that children under six years old be with a parent or caretaker at all times. A chaperoning adult would be unable to access books segregated in an area of the library where the younger minor is prohibited from entering.

24. Similarly, Act 372 would render portions of FVBRL's facilities off-limits to the many underage volunteers that FVBRL works with, making it more challenging for our libraries to rely on volunteer help from students in our communities.

25. Based on my professional experience as a librarian and library administrator, and my understanding of the community that is served by FVBRL, I anticipate that families will be less inclined to visit our branches if Act 372 prevents them from perusing books together. Similarly, I believe that adult visitors to our branches will generally be less inclined to peruse

any books made available only in an adult-only section, as those books will have a stigma attached and will be less attractive to many readers for that reason.

I declare under penalty of perjury that the foregoing is true and correct. Executed May 14, 2024 in Conway, Arkansas.

/s/ John McGraw
John McGraw
Regional Director
Faulkner-Van Buren Regional Library