IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY,** *et al*　　　　　　　　　　　　　　　　**PLAINTIFFS**

vs.　　　　　　　　　　　　　**No. 5:23-cv-5086-TLB**

**CRAWFORD COUNTY, ARKANSAS,** *et al,*　　　　　　　　　　　　　**DEFENDANTS**

**CRAWFORD COUNTY'S RESPONSE TO THE PROSECUTING ATTORNEYS'**
**STATEMENTS OF UNDISPUTED MATERIAL FACTS**

COME NOW Separate Defendants, Crawford County, Arkansas, and Crawford County Judge Chris Keith, in his official capacity ("Crawford County"), by and through their undersigned counsel, and for their Response to the Prosecuting Attorney Defendants' Statement of Material Facts, *Docs*. *94*, state:

1. Arkansas Act 372 of 2023 became effective on August 1, 2023. *See* Ark. Att'y Gen. Op. 2023-31.

    **Response:** Admitted.

2. Before August 1, 2023 the Court preliminary enjoined Sections 1 and 5 of Act 372. *Doc. 53*.

    **Response:** Admitted.

3. In short, Section 1 makes it unlawful for a person to furnish to a minor an item that is obscene to minors. Ark. Code Ann. § 5-27-212(b).

    **Response:** Admitted.

4. Under the statute, whatever is "harmful to minor," as defined, is obscenity for minors. Ark. Code Ann. § 5-27-212(a)(1), (b).

    **Response:** Admitted.

5. The Central Arkansas Library System already applies a "harmful to minors" standard when it provides Internet services. *Doc. 93-1* at 31.

    **Response:** Admitted.

6. CALS applies that standard in the same way it alleges is unconstitutional here—that is, by treating minors as a single class. *Doc. 93-1* at 34.

   **Response**: Admitted.

7. Section 1's "variable obscenity" formulation is almost identical to two laws upheld by the U.S. Supreme Court and the Eighth Circuit. *Ginsberg v. New York*, 390 U.S. 629 (1968); *Upper Midwest Bookseller Ass'n v. City of Minneapolis*, 780 F. 2d 1389 (8th Cir. 1985).

   **Response**: Admitted.

8. Arkansas has a legitimate interest in protecting children from items that are obscene as to them. *E.g., Ginsberg*, 390 U.S. at 640.

   **Response**: Admitted.

9. The Plaintiffs have not identified any items that they believe are "harmful to minors," as defined by Section 1, that they possess, want to furnish to children, or want to possess. *See Doc. 93-11* at 4–6; *Doc. 93-12* at 1–2; *Doc. 93-13* at 4–5; *Doc. 93-14* at 6, 8; *Doc. 93-15* at 6–8; *Doc. 93-16* at 6–9; *Doc. 93-17* at 6–9; *Doc. 93-18* at 6–8; *Doc. 93-19* at 6–9; *Doc. 93-20* at 6–9; *Doc. 93-21* at 4–6; *Doc. 93-22* at 3–4; *Doc. 93-23* at 5–6; *Doc. 93-24* at 2; *Doc. 93-25* at 2; *Doc. 93-26* at 2; *Doc. 93-27* at 2.

   **Response**: Admitted.

10. In fact, the Patron Plaintiffs have expressly rejected knowing of any item covered by Section 1 that they want to view. *Doc. 93-8* at 5; *Doc. 93-9* at 5–6; *Doc. 93-10* at 7.

    **Response**: Admitted.

11. Moreover, the adult Patron Plaintiffs would still be able to view any item they wanted. *Doc. 93-10* at 5.

    **Response**: Admitted.

12. Section 5 requires public libraries to establish criteria for the selection of physical materials in their collection. Ark. Code Ann. § 13-2-106(a).

    **Response**: Admitted.

13. Section 5 does not provide any requirements for the criteria of selection. *Id.*

    **Response**: Admitted.

14. Even without Act 372, public libraries have already established criteria of selection. *See Doc. 93-2* at 1–4; *Doc. 93-3* at 1–15; *Doc. 93-4* at 1–3; *Doc. 93-5* at 1–4; *Doc. 93-1* at 15.

    **Response**: Admitted.

15. The Library Plaintiffs current policies, which are unrelated to Act 372, explicitly allow viewpoint and content discrimination. *See Doc. 93-2* at 2, 4; *Doc. 93-5* at 3.

    **Response**: Admitted.

16. Section 5 also requires public libraries to establish a policy by which certain people can challenge materials in the library collection. Ark. Code Ann. § 13-2-106(b).

    **Response**: Admitted.

17. Section 5 requires the challenge policies to "provide, at minimum," certain procedural requirements, and public libraries are free to provide more procedure than Section 5 requires. *Id.* § 13-2-106(c).

    **Response**: Admitted.

18. Again, this is something libraries already do, at their discretion. *See Doc. 93-2* at 5; *Doc. 93-3* at 16–17; *Doc. 93-4* at 4–5; *Doc. 93-5* at 6–8; *Doc. 93-1* at 18; *Doc. 93-6* at 8.

    **Response**: Admitted.

19. Under Section 5, a challenge to material can be successful only if the material does not meet the library's criteria of selection. Ark. Code Ann § 13-2-106(c)(7).

    **Response**: Admitted.

20. The Plaintiffs favor this interpretation. *Doc. 93-1* at 25–28.

    **Response**: Admitted.

21. The Library Plaintiffs' current challenge procedures are similar to Section 5's minimum requirements. *See Doc. 93-3* at 16–17; *Doc. 93-5* at 6–7; *Doc. 93-2* at 5; *Doc. 93-4* at 4–5.

    **Response**: Admitted.

22. The Plaintiffs are unaware of anyone who intends to challenge material because of Section 5. *Doc. 93-11* at 7; *Doc. 93-12* at 3; *Doc. 93-21* at 7; *Doc. 93-22* at 6; *Doc. 93-23* at 8; *Doc. 93-1* at 37.

    **Response**: Admitted.

23. Although the Library Plaintiffs challenge the word "appropriate" in Section 5 as vague, their own policies use the word "appropriate," or its derivatives, 27 times. *Doc. 93-2* at 1, 3, 6, 7, 15, 18, 19, 23, 25; *Doc. 93-3* at 3, 4, 5, 10, 17, 19, 20; *Doc. 93-4* at 6, 8.

   **Response**: Admitted.

### Nature of Public Libraries

24. Public Libraries are "governmental agenc[ies]" that engage in "government[al] actions." *Doc. 93-5* at 34; *see also Doc. 93-6* at 5.

   **Response**: Admitted.

25. Public library employees are "government employee[s]." *Doc. 93-1* at 11–12.

   **Response**: Admitted.

26. The Library Plaintiffs have self-identified as a "political subdivision," Doc. 75 at ¶12; "a municipal public library," *id.* at ¶13; and "a body…politic," *id.* at ¶14.

   **Response**: Admitted.

27. The governing bodies of the municipalities creating libraries hold control over the library. *See Doc. 93-1* at 40; *Doc. 93-4* at 31.

   **Response**: Admitted in part and denied in part.

   The proof provided by the Prosecuting Attorneys is that of Carrol, Madison, and Central Arkansas Library Systems. *See Doc. 93-1* at 40; *Doc. 93-4* at 31. As to those library systems, Crawford County admits that the governing bodies of those municipalities created libraries and holds control over those libraries.

   Crawford County denies that it holds control over its Library System. As explained by County Judge Chris Keith, the only responsibility the County has over the Library System is to appropriate funding, which the Quorum Court has always done. *Doc. 105-1* at 4.

28. Public libraries are publicly funded. *Doc. 93-1* at 5.

   **Response**: Admitted.

29. Public libraries are subject to constitutional restraints on government entities and must comply with the Arkansas Freedom of Information Act. *Doc. 93-1* at 5, 10.

   **Response**: Admitted.

4

30. The events in Crawford County alleged in Plaintiffs' complaint predate Act 372's introduction to the General Assembly. *See Doc. 93-7* at 8–9.

    **Response:** Admitted.

31. The events in Crawford County alleged in Plaintiffs' complaint have nothing to do with Act 372. *Doc. 93-7* at 9; *Doc. 93-6* at 9.

    **Response:** Admitted.

                Respectfully Submitted,

                **PPGMR Law, PLLC**

                James D. Rankin III, AR Bar #93197
                Forrest C. Stobaugh, AR Bar #2018186
                Samuel S. McLelland, AR Bar #2020101
                P.O. Box 3446
                Little Rock, AR 72203
                Telephone: (501) 603-9000
                Facsimile: (501) 603-0556
                E-mail: Jim@ppgmrlaw.com
                            Forrest@ppgmrlaw.com
                            Sam@ppgmrlaw.com

                *Attorneys for Defendants*