IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY**, a political subdivision
in the City of Fayetteville, State of Arkansas; et al.                                         **Plaintiffs**

**Case No. 5:23-cv-05086-TLB**

**CRAWFORD COUNTY, ARKANSAS; et al.**                                                         **Defendants**

**NOTICE OF OPINION IN *L.H. v. INDEPENDENCE SCHOOL DISTRICT*
NO. 23-2326 (8TH CIR. AUG. 2, 2024)**

On August 2, 2024, the Eighth Circuit issued an opinion in *L.H. v. Independence School District*, 2024 WL 3630112 (8th Cir. Aug. 2, 2024). The case number is 23-2326. The opinion is attached as Exhibit 1.

In *L.H.*, the plaintiffs challenged a school district's "policy that removes material in school libraries upon receipt of a challenge to that material, pending a formal review process." *Id.* at *1. But the plaintiffs "did not allege that any challenge [was] currently pending or that any such challenge ha[d] been threatened, nor did they allege that any book ha[d] been temporarily removed as a result of the automatic-removal policy." *Id.* at *4. Instead, their case was "premised on a hypothetical, future challenge." *Id.* at *1. The school district moved to dismiss for the plaintiffs' failure to show an Article III injury in fact, and the district court granted the motion to dismiss. *Id.*

The Eighth Circuit affirmed the dismissal. *Id.* In doing so, it held that the policy "*does not* . . . arguably proscribe[] the plaintiffs' children's speech. *Id.* at *6 (emphasis in original). Instead, the policy would affect "the children's conduct—their access to materials in the school library." *Id.* Moreover, that conduct would only be affected by "a hypothetical, future challenge," which the plaintiffs did not allege would occur. *Id.* Allegations of prior challenges didn't cut it. *See id.* at

*2. Nor did the plaintiffs allege that they had "engaged in self-censorship to avoid punishment as a result of the District's automatic-removal policy." *Id.* at *7.

Likewise, the Plaintiffs' claims against Sections 1 and 5 are premised on hypothetical future events, and no evidence establishes that those events will occur. In other words, their case is based on a guess "that, at some point in the future, a book *may* be challenged" or found to be obscene as to minors. *Id.* at *7 (emphasis in original). Further, Sections 1 and 5 of Act 372 affect "conduct—[the Plaintiffs] access to materials in the . . . library." *Id.* at *6. They "*do*[] *not* . . . proscribe[] the plaintiffs' . . . speech." *Id.* (emphasis in original).

        Respectfully submitted,

        TIM GRIFFIN
        Attorney General

By:    Noah P. Watson
        Ark. Bar No. 2020251
        Deputy Attorney General

        John Payne
        Ark. Bar No. 97097
        Deputy Attorney General

        Christine A. Cryer
        Ark. Bar No. 2001082
        Senior Assistant Attorney General

        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        (501) 682-1019
        (501) 682-2591 fax
        noah.watson@arkansasag.gov
        john.payne@arkansasag.gov
        christine.cryer@arkansasag.gov

        *Attorneys for Defendants*