IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY**, a political subdivision
in the City of Fayetteville, State of Arkansas; et al.                                      **Plaintiffs**

**Case No. 5:23-cv-05086-TLB**

**CRAWFORD COUNTY, ARKANSAS**; et al.                                                       **Defendants**

NOTICE OF OPINION IN
*GLBT YOUTH IN IOWA SCHOOLS TASK FORCE V. REYNOLDS*,
NO. 24-1075 (8TH CIR. AUG. 9, 2024);
*PENGUIN RANDOM HOUSE, LLC V. ROBBINS*,
NO. 24-1082 (8TH CIR. AUG. 9, 2024)

On August 9, 2024, the Eighth Circuit issued a joint opinion for the consolidated cases *GLBT Youth in Iowa Schools Task Force v. Reynolds*, No. 24-1075, and *Penguin Random House, LLC v. Robbins*, No. 24-1082. The Westlaw citation for the opinion is 2024 WL 3736785. The opinion is attached as Exhibit 1.

There, on an appeal from a preliminary injunction, the Eighth Circuit held that curation of Iowa's public-school libraries was likely not government speech for standing purposes based on the history of Iowa's historical control over public-school libraries. *Id.* at *2–*3. But as explained in the Prosecuting Attorneys' briefing, the record here shows that in Arkansas the balance of factors weighs in favor of finding government speech in the curation of public library materials.

The Eighth Circuit nevertheless reversed the district court's grant of a preliminary injunction because the court below did not employ the proper analysis for facial challenges. *Id.* at *4–*5. The Eighth Circuit reiterated that facial challenges should be "hard to win" because they can "short circuit the democratic process by preventing duly enacted laws from being implemented in constitutional ways." *Id.* at *4 (quoting *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024)).

Thus, facially invalidating a law "should only be done as 'a last resort.'" *Id.* (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)).

Finally, the Eighth Circuit explained that—particularly when there is a disagreement between the parties about how a law should be interpreted—a district court should "discuss[] and exhaust[]" the interpretive methods "before concluding the only textual interpretation is a[] [facially unconstitutional] one." *Id.* at *5. As the Prosecuting Attorneys have explained in their briefing, the best interpretations of Sections 1 and 5 are not facially unconstitutional. The Plaintiffs' interpretations of law, on the other hand, ignore reasonable readings of the text that avoid the alleged constitutional violations they assert.

        Respectfully submitted,

        TIM GRIFFIN
        Attorney General

By:    Noah P. Watson
        Ark. Bar No. 2020251
        Deputy Attorney General

        John Payne
        Ark. Bar No. 97097
        Deputy Attorney General

        Christine A. Cryer
        Ark. Bar No. 2001082
        Senior Assistant Attorney General

        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        (501) 682-1019
        (501) 682-2591 fax
        noah.watson@arkansasag.gov
        john.payne@arkansasag.gov
        christine.cryer@arkansasag.gov

        *Attorneys for Defendants*