IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**Fayetteville Public Library, et al.**                                              **Plaintiffs**

**v.**                                    **Case No. 5:23-cv-05086**

**Crawford County, Arkansas, et al.**                                         **Defendants**

## RESPONSE TO NOTICE OF OPINION

The Prosecutor Defendants filed a Notice of Opinion in *L.H. v. Independence School District*, No. 23-2336 (8th Cir. Aug. 2, 2024) on August 4, 2024 (Doc. 120). In response to the Notice of Opinion, Plaintiffs hereby state as follows:

In *L.H.,* the Eighth Circuit reviewed a district court's decision dismissing a complaint which challenged a school district policy that required library materials to be automatically removed from circulation once a challenge was reviewed and while it was under review. *L.H. v. Indep. Sch. Dist.*, No. 23-2326, 2024 WL 3630112, at *1-2 (8th Cir. Aug. 2, 2024) (Doc. 120-1). The district court found that the plaintiffs lacked standing to bring their First and Fourteenth Amendment claims "because the parents failed to sufficiently plead the injury-in-fact element of standing because the suit is based on a hypothetical, future challenge in which a book is automatically removed pending review." *Id.,* at *2. The Eighth Circuit affirmed, explaining that the plaintiffs had not "identified any conduct in which the plaintiffs' children intend to engage in that is arguably proscribed by the automatic-removal policy." *Id.* at *13 (cleaned up)(citing *Parents Defending Education v. Linn Marr Community School District,* 83 F.4th 658, 667 (8th Cir. 2023)).

The Prosecutor Defendants suggest that Plaintiffs' claims suffer from the same pleading deficiencies discussed in *L.H.* but overlook the ways in which that case is readily distinguishable from the instant case. *See* Notice of Op. at 2.

As an initial matter, in *L.H.*, the Eighth Circuit reiterated that plaintiffs "'can establish an injury in the First Amendment context in two ways: by identifying protected speech in which it would like to engage *but that is proscribed by statute*, or by self-censoring to avoid the *credible threat of prosecution*.'" *L.H.*, 2024 WL 3630112, at *5 (emphasis in original) (quoting *Sch. Of the Ozarks, Inc. v. Biden*, 41 F.4th 992, 1000 (8th Cir. 2022). This "'forgiving standard,'" *id.* (quoting *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021)), is simply a different formulation of the same standard the Court previously applied to find that Plaintiffs were likely to establish standing to bring their pre-enforcement facial challenge to Sections 1 and 5 of Act 372. *See* Prelim. Inj. Op. (Doc. 53) at 20 (citing *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988) ("*Virginia II*")). Nothing in *L.H.* should cause the Court to reconsider that assessment.

*L.H.* is also factually distinct from Plaintiffs' case because the plaintiffs in that case neither identified conduct in which their children intended to engage that was "arguably proscribed by the [automatic-removal] policy," alleged that a book challenge was pending or likely forthcoming that would have triggered an automatic book removal action, nor alleged that their children had "engaged in self-censorship" to avoid adverse consequences that flowed from the policy. *See L.H.*, 2024 WL 3630112, at * 6-7 (cleaned up). Here, of course, multiple Plaintiffs have shown that they credibly fear prosecution under Section 1 of Act 372 for materials they already possess and/or would engage in self-censorship if Section 1 takes effect. These injuries indisputably suffice for standing purposes. *See id.* at *5; *see also Virginia II*, 484 U.S. at 393.

Similarly, the Court concluded at an early phase of this case "that Plaintiffs' concerns about Section 5 curtailing their right to receive constitutionally protected speech in the public library are not speculative," *see* PI Op. at 23, which sets Plaintiffs apart from the *L.H.* plaintiffs. Plaintiffs have also provided ample evidence, including through deposition testimony from former Crawford

2

County Library System Director, Eva White, showing that materials challenges under Section 5 are certain to occur in Crawford County and certain to target materials based on the viewpoint expressed. And Plaintiff Madeline Partain identified specific book titles she sought out, which had been segregated in the Crawford County Library System after complaints were made about their viewpoint. This body of evidence further distinguishes Plaintiffs from the *L.H.* plaintiffs, who relied on descriptions of nationwide trends and named no specific books they alleged would be challenged at their library. *See L.H.*, 2024 WL 3630112, at *3, 7.

The Prosecutor Defendants also suggest that, under *L.H.*, Sections 1 and 5 are permissible because they affect only "'conduct—[the Plaintiffs] access to materials in the . . . library,'" but "'*do*[] *not* . . . proscribe[] the plaintiffs' . . . speech.'" Notice of Op. at 2 (alterations and emphasis Prosecutor Defendants') (quoting *L.H.*, 2024 WL 3630112, at *6). But, as the Prosecutor Defendants' heavy editing reflects, *L.H.* does not rely on this distinction. Rather, the Eighth Circuit emphasized that plaintiffs can establish standing for pre-enforcement challenges where they "'inten[d] to engage in a *course of conduct arguably affected with a constitutional interest*,'" but are prevented from doing so by the challenged policy. *L.H.*, 2024 WL 3630112, at *5 (emphasis in original) (quoting *Turtle Island Foods*, 992 F.3d at 699). Thus, Sections 1 and 5 injure Plaintiffs even if they are viewed as conduct-based regulations; they prevent Plaintiffs from accessing protected, expressive materials in their public libraries and local bookstores, which burdens Plaintiffs' respective right to receive information.

Ultimately, the *L.H.* case demonstrates that courts are charged with recognizing Article III limits and ensuring that "plaintiffs ha[ve] a personal stake in the outcome of a controversy." *Id.* at 10 (citing *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 158 (2014)). The Plaintiffs in this case have shown clear personal stakes in the outcome of the case.

Respectfully submitted,

/s/ John T. Adams
David M. Fuqua
Ark. Bar No. 80048
John T. Adams
Ark. Bar No. 2005013
Attorneys for Central Arkansas Library System, Nate Coulter, and the Eureka Springs Carnegie Public Library
FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
Telephone: (501) 374-0200
E-Mail: dfuqua@fc-lawyers.com
E-Mail: jadams@fc-lawyers.com

Bettina Brownstein
Ark. Bar No. 85019
BETTINA E. BROWNSTEIN LAW FIRM
Attorney for Leta Caplinger, Olivia Farrell, Miel Partain, and Madeline Partain
904 West 2nd Street, Suite 2
Little Rock, AR 72201
Telephone: (501) 920-1764
E-Mail: bettinabrownstein@gmail.com
On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.

Ben Seel*
Will Bardwell*
Aman George*
Orlando Economos*
Attorneys for the Arkansas Library Association, Advocates for All Arkansas Libraries, and Adam Webb, in his individual capacity
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34554
Washington, DC 20043
Telephone: (202) 448-9090
E-Mail: bseel@democracyforward.org
E-Mail: wbardwell@democracyforward.org
E-Mail: ageorge@democracyforward.org
E-Mail: oeconomos@democracyforward.org

Vincent O. Chadick
Ark. Bar No. 94075
Brandon B. Cate
Ark. Bar No. 2001203
Glenn V. Larkin
Ark. Bar No. 2020149
Attorneys for Fayetteville Public Library
QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
E-Mail: bcate@qgtlaw.com
E-Mail: vchadick@qgtlaw.com
E-Mail: glarkin@qgtlaw.com

Michael A. Bamberger*
Kristen Rodriguez*
Rebecca Hughes Parker*
Attorneys for Pearl's Books, LLC, Wordsworth Community Bookstore LLC, American Booksellers Association, Association of American Publishers, Inc., Authors Guild, Inc. Comic Book Legal Defense Fund, and Freedom to Read Foundation
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
E-Mail: michael.bamberger@dentons.com
E-Mail: kristen.rodriguez@dentons.com
E-Mail: rebeccahughes.parker@dentons.com

* Admitted pro hac vice