IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FAYETTEVILLE PUBLIC LIBRARY, et al.,                                        PLAINTIFFS

V.                              NO. 5:23-CV-05086-TLB

CRAWFORD COUNTY, ARKANSAS, et al.,                                      DEFENDANTS

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION
FOR ATTORNEYS' FEES AND COSTS**

When the Arkansas General Assembly passed Act 372, it sought to impose new speech restrictions on a broad swath of people and entities. The Act would have imposed significant costs on public libraries, which would have been responsible for reconfiguring their spaces to ensure the complete inaccessibility of certain materials to minors. It would have negatively affected the business of booksellers, which like the libraries would have had to reconfigure their spaces or else deny entry to minor customers altogether. It would have deprived older minors of their right to access reading material and would have chilled adults from accessing media with certain content. And it would have deprived authors and publishers of readers who could no longer access their books.

It is hardly surprising, then, that representatives of these various interests each sought to vindicate their constitutional rights and that they hired their own counsel to do so. These attorneys came together in a coalition to efficiently litigate the case and to obtain a total victory in the form of the Court's summary judgment order striking down two different provisions of the Act.

Plaintiffs now request $449,354.00 in attorney's fees and $7,947.11 in costs. This amount is reasonable in light of the Act's wide-ranging First Amendment implications, the attorneys'

1

cooperative efforts to obtain a successful result, and the attorneys' own efforts to cut from this fee request time that they spent on tasks necessary to the successful litigation of the case. Moreover, it is an appropriate award to protect against constitutional violations of this nature in the future.

## LEGAL STANDARD

Pursuant to 42 U.S.C. §1988(b), this Court has discretion to award the prevailing party in an action to enforce a provision of 42 U.S.C. §1983 a reasonable attorney's fee as part of its costs. *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Lowery ex rel v. Watson Chapel School Dist.* 540 F.3d 752 (8th Cir. 2008).

The fee request must be reasonable. 42 U.S.C. §1988. Plaintiffs have chosen to request a basic "lodestar" amount, which is simply arrived at by multiplying the hours reasonably expended by the attorney's market rate. *City of Burlington v. Dague,* 505 U.S. 557 (1992); *Blum v. Stenson*, 465 U.S. 886 (1984). Reasonable hourly rates should be calculated according to the prevailing market rates in the relevant community and should be consistent with the rates charged by lawyers of reasonably comparable skill, experience, and reputation.

The Eighth Circuit has upheld an award for paralegal fees in a Section 1988 fee petition filed by a successful Section 1983 plaintiff. *Jenkins v. Missouri*, 838 F.2d 260, 266 (8th Cir. 1988)(quoting *Hawkins v. Anheuser-Busch, Inc.*, 697 F.2d 810, 817 (8th Cir. 1983)("paralegal fees should be allowed if reasonable and not duplicative of other legal fees."))

Reasonable out-of-pocked litigation expenses "of the kind normally charged to clients by attorneys" are also recoverable in §1988 fee awards. *Pinkham v. Camex, Inc.,* 84 F.3d 292, 294-95 (8th Cir. 1996).

A FEE AWARD IS APPROPRIATE

As shown by the opinion, order, and judgment of the Court, plaintiffs are the prevailing parties in this case and may appropriately apply for attorneys' fees, as well as for costs incurred in the litigation. *See Farrar*, 506 U.S. at 111-12 ("[To] qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief of the merits of his claim. . . . In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.") Plaintiffs successfully challenged Section 1 and 5 of Arkansas Act 372 of 2023, directly benefiting Plaintiffs.

REASONABLE LODESTAR CALCULATION

As noted above, the Plaintiffs represented a variety of interests in this case. They were in turn represented in five groups by different attorneys. To summarize:

- Democracy Forward Foundation ("DF") represents Plaintiffs Adam Webb, the Arkansas Library Association, and Advocates for All Arkansas Libraries. *See* Exhibit A, Declaration of Ben Seel.

- Bettina Brownstein, on behalf of the American Civil Liberties Union ("ACLU"), represented Plaintiffs Jennie Kirby and her daughter Hayden Kirby, and now represents Leta Caplinger, Miel Partain, on her own behalf and as next friend of her daughter Madeline Partain, and Olivia Farrell. *See* Exhibit B, Declaration of Bettina E. Brownstein.

- Dentons US LLP ("Dentons") represents the American Booksellers Association, Association of American Publishers, Authors Guild, Comic Book Legal Defense Fund, Freedom to Read Foundation, Pearl's Books and Wordsworth Books. *See* Exhibit C, Declaration of Rebecca Hughes Parker.

- Quattlebaum, Grooms & Tull PLLC ("QG&T") represents the Fayetteville Public Library. *See* Exhibit D, Declaration of Brandon Cate.

- Fuqua & Campbell, P.A. ("FC") represents Central Arkansas Library System, Nate Coulter, and the Eureka Springs Carnegie Public Library. *See* Exhibit E, Declaration of John T. Adams.

The hours requested by Plaintiffs' counsel in the five declarations attached are summarized here:

| Timekeeper | Role | Organization | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Jeffrey Dubner | Attorney | DF | 42.7 | $325 | $13,877.50 |
| Shelley Friedland | Legal Assistant | DF | 6.1 | $75 | $457.50 |
| Victoria Nugent | Attorney | DF | 12.7 | $400 | $5,080.00 |
| Katie Quackenboss | Legal Assistant | DF | 19.9 | $75 | $1,492.50 |
| Ben Seel | Attorney | DF | 542.3 | $275 | $149,132.50 |
| Bettina Brownstein | Attorney | ACLU | 140.4 | $400 | $56,160.00 |
| Michael Bamberger | Attorney | Dentons | 81.6 | $515 | $42,024.00 |
| Rebecca Hughes Parker | Attorney | Dentons | 249.2 | $350 | $87,220.00 |
| Karen Ogle | Paralegal | Dentons | 5.8 | $150 | $870.00 |
| Cheryl Sykes | Paralegal | Dentons | 12.4 | $100 | $1,240.00 |
| Vince Chadick | Attorney | QG&T | 6.9 | $350 | $2,415.00 |
| Brandon Cate | Attorney | QG&T | 49.9 | $350 | $17,465.00 |
| John Adams | Attorney | FC | 359.6 | $200 | $71,465.00 |
| **TOTALS** | | | **1,529.5** | | **$449,354.00** |

The declarations attached to the fee petition explain the reasonableness of the attorneys' rates and hours expended. As is apparent from those affidavits, Plaintiffs have chosen not to seek fee awards for a significant amount of work that they reasonably expended on the case. The attorneys have forgone time that is compensable under § 1988, such as for the preparation of this fee petition. Attorneys have reviewed their records and cut time that appeared to be potentially duplicative. The records of Bettina Brownstein and the Quattlebaum Firm reflect that they focused tightly on their clients' interest and did not duplicate the work of attorneys who took a broader role in leading the case. Democracy Forward has entirely omitted the hours of three attorneys who worked on the case, cutting over 190 hours. Dentons has omitted the time of an attorney and foregone at least 65 hours. The undersigned attorney is seeking fees at a rate of $200 per hour, which is below what he is entitled to given his experience. In short, it would not be unreasonable for Plaintiffs to request even more in fees than they seek here.

It should also be recognized that this coalition of attorneys acted efficiently to challenge not one unconstitutional provision, but two. Had this coalition not come together, these provisions could easily have been challenged in multiple litigations, requiring duplicative costs and even more attorney work than was expended here to protect the constitutional rights at stake. The parties ensured maximum coverage of multiple parties' interests with minimal duplication.

To further illustrate the reasonableness of the time expended, it helps to review a chronological narrative of the time associated with each phase of the litigation.[1] After Act 372 was enacted, Plaintiffs' counsel researched the law and its impact, spent significant time conferring

---

[1] See also the further detail provided in task groupings with references to docket entries in Ex. A, Declaration of Ben Seel, at 3-8 (identifying the pleadings in the docket associated with (a) claims investigation, initial complaint, and seeking preliminary injunction relief; (b) amending the Complaint and opposing the County Defendants' Motion to Strike; (c) completing initial disclosures, responding to discovery, and serving discovery; and (d) summary judgment and preparing for pretrial deadlines).

with plaintiffs about representation and strategy for litigation, organizing the joint representation of plaintiffs, drafting the complaint, and filing it. From April to June 2, 2023, plaintiffs' counsel spent approximately 180 hours on the case. That amount of time is reasonable, given the significant coordination work needed to ensure the interests of nineteen separate plaintiffs.

In preparing the Motion for Preliminary Injunction and related documents from June 2 to June 22, 2023, plaintiffs' counsel obtained declarations from plaintiffs, further researched the law and issues implicated by the Act, and moved for admission pro hac vice as needed. To achieve this significant fact-collection and motion preparation, Plaintiffs' counsel spent approximately 120 hours on the case.

Plaintiffs' counsel then prepared for the hearing on the preliminary injunction and attended that hearing. During this phase, Plaintiffs' counsel also responded to the Crawford County Defendants' Motion to Dismiss, continued briefing the PI, and handled the Crawford County Defendants' motion to transfer the case. This required a bit over 300 hours of work during the period from June 23 to July 29, 2023, the date the Court granted the PI. That amount is reasonable considering the significant hours the attorneys needed to prepare for the PI hearing and to represent their various clients' interests at that hearing. After receiving the PI order, Plaintiffs' counsel then had to deal with issues related to a possible appeal and had to respond to the Crawford County Defendants' Motion to Reconsider, spending about another 45 hours on the case.

Over the next seven months, from October 5, 2023 to April 10, 2024, discovery occurred. Plaintiffs' counsel filed an Amended Complaint with additional plaintiffs, received and responded to discovery requests directed to each of the plaintiffs, sent and followed up on discovery to the defendants, and participated in six depositions. Unsurprisingly, discovery was time-intensive. All this took around 500 hours, a reasonable amount considering the attorneys represented the interests

of nineteen plaintiffs who had to be guided through discovery.

The parties next engaged in summary judgment briefing from April 11, 2024, to June 21, 2024. This briefing raised the standing of each Plaintiff group as well as the merits. Plaintiffs not only filed their own summary judgment motion and supported it with a reply, but they responded to the Defendants' two separate summary judgment motions. They reasonably expended about 280 hours during this period.

Finally, Plaintiffs' counsel necessarily spent about 70 hours in the period from June 22 through the end of 2024 on the case. This time included analysis and notices regarding related authority, initial work on pretrial filings, review of the Summary Judgment Order, and analysis of pre-appeal issues raised by the State of Arkansas.

In short, Act 372 affected the distinct constitutional interests of numerous parties. Rather than filing multiple suits and creating redundant fees and litigation expenses, those parties came together to efficiently challenge two separate constitutional violations. The fees requested may be significant, but so too was Act 372's impingement on constitutional rights. The hours requested here were reasonably necessary to litigate the successful challenge to the statute. The Court should award Plaintiffs' fee request in full.

REASONABLE EXPENSES

As documented in the supporting affidavits, Plaintiffs' counsel also expended the following reasonable and necessary amounts on filing fees, travel expenses, depositions transcripts, and postage.

| Organization | Amount |
|:---:|:---:|
| DF | $2,796.62 |
| ACLU | $1,329.75 |
| Dentons | $2,854.83 |
| FC | $965.91 |
| **TOTAL** | **$7,947.11** |

CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court grant them: (a) An award of attorney's fees in the amount of $449,354.00, and (b) An award of litigation costs in the amount of $7,947.11.

Respectfully submitted,

/s/ John T. Adams
David M. Fuqua, Ark. Bar No. 80048
John T. Adams, Ark. Bar No. 2005013
Attorneys for Central Arkansas Library System, Nate Coulter, and the Eureka Springs Carnegie Public Library
FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
Telephone: (501) 374-0200
E-Mail: dfuqua@fc-lawyers.com
E-Mail: jadams@fc-lawyers.com

Bettina Brownstein, ABN 85019
BETTINA E. BROWNSTEIN LAW FIRM
John C. Williams, ABN 2013233
ARK. CIVIL LIBERTIES UNION FOUND.
Attorneys for Leta Caplinger, Olivia Farrell, Miel Partain, and Madeline Partain
904 West 2nd Street
Little Rock, AR 72201
Telephone: (501) 920-1764
E-Mail: bettinabrownstein@gmail.com
E-mail: john@acluarkansas.org
On Behalf of the Arkansas Civil Liberties Union Foundation, Inc.

Ben Seel*
Will Bardwell*
Aman George*
Orlando Economos*
Attorneys for the Arkansas Library Association, Advocates for All Arkansas Libraries, and Adam Webb, in his individual capacity
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34554
Washington, DC 20043
Telephone: (202) 448-9090
E-Mail: bseel@democracyforward.org
E-Mail: wbardwell@democracyforward.org
E-Mail: ageorge@democracyforward.org
E-Mail: oeconomos@democracyforward.org

Vincent O. Chadick
Ark. Bar No. 94075
Brandon B. Cate
Ark. Bar No. 2001203
Glenn V. Larkin
Ark. Bar No. 2020149
Attorneys for Fayetteville Public Library
QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
E-Mail: bcate@qgtlaw.com
E-Mail: vchadick@qgtlaw.com
E-Mail: glarkin@qgtlaw.com

Michael A. Bamberger*
Kristen Rodriguez*
Rebecca Hughes Parker*
Attorneys for Pearl's Books, LLC, Wordsworth Community Bookstore LLC, American Booksellers Association, Association of American Publishers, Inc., Authors Guild, Inc. Comic Book Legal Defense Fund, and Freedom to Read Foundation
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
E-Mail: michael.bamberger@dentons.com
E-Mail: kristen.rodriguez@dentons.com
E-Mail: rebeccahughes.parker@dentons.com

* *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, a copy of the foregoing was served upon all counsel of record contemporaneously with its filing in the CM/ECF system.

/s/ John T. Adams
John T. Adams
