IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY**, a political subdivision
in the City of Fayetteville, State of Arkansas; et al.                                     **Plaintiffs**

v.                              Case No. 5:23-cv-05086-TLB

**CRAWFORD COUNTY, ARKANSAS**; et al.                                                      **Defendants**

and

**TIM GRIFFIN**, in his official capacity as Attorney
General of Arkansas,                                                       **Proposed Intervenor-Defendant**

**BRIEF IN SUPPORT OF ATTORNEY GENERAL TIM GRIFFIN'S MOTION TO
INTERVENE FOR THE PURPOSE OF DEFENDING THE CONSTITUTIONALITY
OF SECTION 5 OF ACT 372 OF 2023**

Attorney General Tim Griffin moves to intervene in order to represent the State of Arkansas's interest in the enforceability of Section 5 of Act 372 of 2023. Because the Crawford County Defendants do not intend to appeal this Court's judgment declaring Section 5 unconstitutional and enjoining its enforcement, and the Prosecuting Attorneys have no enforcement authority over Section 5, intervention by the Attorney General is necessary to ensure the State's interests are adequately represented on appeal.

## Background

This case challenges the constitutionality of Sections 1 and 5 of Act 372 of 2023. The defendants are "Arkansas's twenty-eight prosecuting" attorneys who would enforce Section 1's criminal penalty" and the Crawford County parties "who would be responsible for implementing Section 5 in Crawford County." MSJ Op., Doc. 126 at 3. The "Attorney General represents the prosecutors" and, as this Court observed, the Prosecuting Attorneys' briefing in this case contains legal arguments "defending both sections of the challenged law," though the Prosecuting

Attorneys do not themselves enforce Section 5. *Id.* at 3 n.2. The Crawford County Defendants are represented by separate counsel and have defended the constitutionality of Section 5 of Act 372 during the pendency of this litigation.

On December 23, 2024, this Court granted Plaintiffs' motion for summary judgment and entered judgment in their favor, declaring Sections 1 and 5 of Act 372 unconstitutional and permanently enjoining their enforcement by Defendants. *See* Docs. 126 and 127. The Attorney General will appeal the Court's judgment on behalf of the Prosecuting Attorneys.

However, the Office of the Attorney General has been advised that the Crawford County Defendants have elected not to appeal the judgment against them. Because the Prosecuting Attorneys do not enforce Section 5 of the Act, a standalone appeal by them would not include any party with the power to enforce Section 5. The Attorney General therefore moves to intervene as a defendant to participate in the appeal of this Court's judgment and defend the constitutionality of Section 5.

## Legal Standard

Federal Rule of Civil Procedure 24(a)(2) provides that the Court must permit intervention on timely motion by a party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

## Argument

Binding precedent requires that this Court grant intervention to allow the Attorney General to maintain the State's interest in the enforceability of Section 5 of Act 372. The State's interest in having the enforceability of its laws be unencumbered by federal-court order is without

question.  Arkansas law places the responsibility of maintaining that interest with the Attorney General.  While the Attorney General's participation in this case as counsel for the Prosecuting Attorneys, combined with the Crawford County Defendants' defense of the constitutionality of Section 5, was previously adequate to represent the State's interests, that is no longer so.  Intervention is therefore necessary to ensure that the State's interest in the enforceability of Section 5 is adequately maintained on appeal.

The United States Supreme Court has held that "a State clearly has a legitimate interest in the continued enforceability of its own statutes, and a federal court must respect the place of the States in our federal system."  *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022) (cleaned up).  "This means that a State's opportunity to defend its laws in federal court should not be lightly cut off."  *Id.*  "Respect for state sovereignty must also take into account the authority of a State to structure its executive branch in a way that empowers multiple officials to defend its sovereign interests in federal court."  *Id.*

Arkansas law provides that the "Attorney General shall maintain and defend the interests of the state in matters before the United States Supreme Court and all other federal courts."  Ark. Code Ann. § 25-16-703(a).  The Attorney General has from the inception of this case represented the Prosecuting Attorneys and submitted legal arguments defending the constitutionality of both Section 1 and 5 of the Act.  However, intervention as a party to defend the constitutionality of Section 5 was, until now, unnecessary.  That is because the Crawford County Defendants responsible for enforcement of Section 5 of the Act in the litigation have been present in the litigation defending its constitutionality.  *Cf.* Fed. R. Civ. P. 24(a)(2) (no intervention as of right where "existing parties adequately represent [a movant's] interest").  Now, the State's interest in the

3

enforceability of Section 5 can no longer be adequately represented because no party with enforcement power of that section will appeal the Court's judgment.

This case is in a similar posture as *Cameron*. There, the state official charged with enforcing the challenged statute defended its constitutionality during litigation in federal district court and on appeal, all while represented by the Kentucky attorney general. 595 U.S. at 272. A new governor was elected, and the Sixth Circuit affirmed the district court's decision holding the statute unconstitutional. *Id*. After that decision, the state defendant informed the Kentucky Attorney General that he had elected to not seek further review of the panel's decision but would not oppose if the attorney general intervened to do so. *Id*. at 273. The Sixth Circuit panel denied intervention by the attorney general, and Supreme Court reversed, holding that the court of appeals committed legal error when it "failed to account for the strength of the Kentucky attorney general's interest in taking up the defense of [the challenged statute] when the [state defendant] elected to acquiesce." *Id.* at 279. Here, the Attorney General likewise has a strong interest in taking up the defense of Section 5 now that the Crawford County Defendants have elected to acquiesce to the judgment.

This motion is timely filed because the Crawford County Defendants have only recently elected to no longer pursue their defense of Section 5. In *Cameron*, the Court explained that even though litigation had been ongoing for years by the time intervention was sought, "the most important circumstance relating to timeliness is that the attorney general sought to intervene as soon as it became clear that the Commonwealth's interests would no longer be protected by the parties in the case." *Cameron*, 595 U.S. at 279–280 (internal quotations omitted). The Attorney General learned of the Crawford County Defendants' decision only following this Court's judgment, so there has been no undue delay in seeking intervention.

Finally, no party will be prejudiced by the Attorney General's intervention because the Office of the Attorney General has already participated in this litigation by representing the Prosecuting Attorneys and has submitted legal arguments defending the constitutionality of both challenged sections of the Act. *See id.* at 281–282 (holding that the parties challenging the statute were not prejudiced by the attorney general's intervention.

### Conclusion

Therefore, the Attorney General respectfully requests that this Court grant intervention and that the Attorney General be added to the case as an Intervenor-Defendant.

        Respectfully submitted,

        TIM GRIFFIN
        Attorney General

By:    Noah P. Watson
        Ark. Bar No. 2020251
        Deputy Attorney General

        John Payne
        Ark. Bar No. 97097
        Deputy Attorney General

        Christine A. Cryer
        Ark. Bar No. 2001082
        Deputy Attorney General

        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        (501) 682-1019
        (501) 682-2591 fax
        noah.watson@arkansasag.gov
        john.payne@arkansasag.gov
        christine.cryer@arkansasag.gov

        *Attorneys for Defendants*