# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY**, a political subdivision
in the City of Fayetteville, State of Arkansas;
**EUREKA SPRINGS CARNEGIE PUBLIC LIBRARY**;
**CENTRAL ARKANSAS LIBRARY SYSTEM**;
**NATE COULTER; OLIVIA FARRELL; HAYDEN KIRBY**;
**MIEL PARTAIN**, in her own capacity and as parent and
next friend of **MADELINE PARTAIN**; **LETA CAPLINGER**;
**ADAM WEBB; ARKANSAS LIBRARY ASSOCIATION**;
**ADVOCATES FOR ALL ARKANSAS LIBRARIES**;
**PEARL'S BOOKS, LLC; WORDSWORTH COMMUNITY
BOOKSTORE LLC d/b/a WORDSWORTH BOOKS**;
**AMERICAN BOOKSELLERS ASSOCIATION**;
**ASSOCIATION OF AMERICAN PUBLISHERS, INC.**;
**AUTHORS GUILD, INC.; COMIC BOOK LEGAL DEFENSE
FUND; and FREEDOM TO READ FOUNDATION**                                                                **Plaintiffs**

Case No. 5:23-cv-05086-TLB

**CRAWFORD COUNTY, ARKANSAS;**
**CHRIS KEITH**, in his official capacity as Crawford County Judge;
**TODD MURRAY; SONIA FONTICIELLA; DEVON HOLDER;**
**MATT DURRETT; JEFF PHILLIPS; WILL JONES; TERESA HOWELL;**
**BEN HALE; CONNIE MITCHELL; DAN TURNER; JANA BRADFORD;**
**FRANK SPAIN; TIM BLAIR; KYLE HUNTER; DANIEL SHUE;**
**JEFF ROGERS; DAVID ETHREDGE; TOM TATUM, II; DREW SMITH;**
**REBECCA REED MCCOY; MICHELLE C. LAWRENCE;**
**DEBRA BUSCHMAN; TONY ROGERS; JOSHUA ROBINSON;**
**CAROL CREWS; KEVIN HOLMES; CHRIS WALTON; and**
**CHUCK GRAHAM**, each in his or her official capacity as
a prosecuting attorney for the State of Arkansas                                                          **Defendants**

and

**TIM GRIFFIN**, Attorney General of Arkansas                    Proposed Intervenor - Defendant

## THE ATTORNEY GENERAL'S ANSWER

The Attorney General, for his answer to the Plaintiffs' first amended complaint, states:

### Introduction[1]

1. The Attorney General admits that Paragraph 1 states the type of relief the Plaintiffs seek, but he denies the Plaintiffs are entitled to such relief and denies the remainder of the allegations in Paragraph 1.

2. The first sentence of Paragraph 2 is a legal conclusion to which the Attorney General is not required to respond, but to the extent he must respond, he admits the first sentence to the extent its characterizations are consistent with the law and denies it to the extent its characterizations are inconsistent with the law. The Attorney General denies the remainder of the allegations in Paragraph 2.

3. The Attorney General denies the allegations in Paragraph 3.

4. The Attorney General denies the allegations in Paragraph 4.

5. The Attorney General denies the allegations in Paragraph 5.

6. The Attorney General denies the allegations in Paragraph 6.

7. The Attorney General denies the allegations in Paragraph 7.

8. The Attorney General denies admit that Governor Sanders signed Act 372 on March 31, 2023, and that the Act became effective on August 1, 2023, subject to the Court's preliminary injunction. The Attorney General denies the remainder of the allegations in Paragraph 8.

### Jurisdiction and Venue

9. The Attorney General denies the allegations in Paragraph 9.

---

[1] The Attorney General uses the headings in the Amended Complaint for the reader's ease, and to the extent it is required, he denies all allegations that could be implied from the headings.

10. The Attorney General admits that the Plaintiffs are seeking the stated remedies but deny any implication that they are entitled to such remedies. The Attorney General denies the remainder of the allegations in Paragraph 10.

11. The Attorney General admits the allegations in Paragraph 11.

## Parties

12. The Attorney General admits that the Fayetteville Public Library (FPL) is a municipal public library and political subdivision in the City of Fayetteville. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of FPL's allegation that it has materials that could be deemed harmful to minors or inappropriate. The Attorney General denies that Act 372 is an unconstitutional regulation of any such material that does exist. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of FPL's allegations that it will have to change its physical layout to comply with Act 372, that it intentionally arranges its layout in a way to be welcoming and open, or that it will be at risk of violating Act 372 without making physical changes to the layout. The Attorney General denies that FPL's and its patrons' First Amendment rights will be adversely affected by Act 372, that FPL may sue on behalf of its patrons, and the remainder of the allegations in Paragraph 12.

13. The Attorney General admits that the Eureka Springs Carnegie Public Library (ESCPL) is a municipal public library. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of ESCPL's allegation that it has materials that could be deemed harmful to minors or inappropriate. The Attorney General denies that Act 372 is an unconstitutional regulation of any such material that does exist. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of ESCPL's allegations that it will have to change its physical layout to comply with Act 372, that it intentionally arranges its

3

layout in a way to be welcoming and open, or that it will be at risk of violating Act 372 without making physical changes to the layout. The Attorney General denies that ESCPL's and its patrons' First Amendment rights will be adversely affected by Act 372, that ESCPL may sue on behalf of its patrons, and the remainder of the allegations in Paragraph 13.

14. The Attorney General admits that the Central Arkansas Library System (CALS) is a public entity formed by the political subdivisions identified in Paragraph 14. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of CALS's allegation that it has materials that could be deemed harmful to minors or inappropriate. The Attorney General denies that Act 372 is an unconstitutional regulation of any such material that does exist. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of CALS's allegations that it will have to change its physical layout to comply with Act 372, that it intentionally arranges its layout in a way to be welcoming and open, or that it will be at risk of violating Act 372 without making physical changes to the layout. The Attorney General denies that CALS's and its patrons' First Amendment rights will be adversely affected by Act 372, that CALS may sue on behalf of its patrons, and the remainder of the allegations in Paragraph 14.

15. The Attorney General admits Nate Coulter is a resident of Little Rock and the Director of CALS. He denies the remainder of the allegations in Paragraph 15.

16. The Attorney General admits Olivia Farrell is an adult resident of Little Rock and a CALS patron and WordsWorth Books customer. He denies the remainder of the allegations in Paragraph 16.

17. The Attorney General admits that Hayden Kirby is a resident of Little Rock and a CALS patron. He also admits the allegations about Ms. Kirby's age. The Attorney General denies the remainder of the allegations in Paragraph 17.

18. The Attorney General admits that Miel Partain is an adult resident of Crawford County and a patron of the Crawford County Library System. He denies the remainder of the allegations in Paragraph 18.

19. The Attorney General admits the relationship between Miel Partain and Madeline Partain, and he admits that Madeline Partain is a seventeen-year-old resident of Crawford County and a Crawford County Library patron. He denies the remainder of the allegations in Paragraph 19.

20. The Attorney General admits that Leta Caplinger is an adult resident of Crawford County and a patron of the Crawford County Library System. He denies the remainder of the allegations in Paragraph 20.

21. The Attorney General admits the first three sentences of Paragraph 21. He denies that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 21.

22. The Attorney General denies that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. He lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 22, including its subparts.

23. The Attorney General denies that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. He lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 23, including its subparts.

24. The Attorney General admits that Pearl's Books, LLC is a bookstore. He lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. The Attorney General admits that WordsWorth Books is a bookstore. He lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29. The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. The Attorney General denies that Act 372 is unconstitutional and that the Plaintiff will be irreparably injured by the Act. He lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 30.

31. The Attorney General admits that Crawford County is a county in Arkansas, and he lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 31.

32. The Attorney General denies that County Judge Keith is solely responsible for the implementation of Act 372 and admits the remainder of the allegations in Paragraph 32.

33. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 33.

34. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 34.

35. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 35.

36. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 36.

37. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 37.

38. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 38.

39. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 39.

40. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 40.

41. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 41.

42. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 42.

43. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 43.

44. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 44.

45. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 45.

46. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 46.

47. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 47.

48. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 48.

49. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 49.

50. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 50.

51. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 51

52. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 52.

53. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 53.

54. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 54.

55. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 55.

56. The Attorney General denies the allegations in Paragraph 56.

57. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 57.

58. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 58.

59. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 59.

60. The Attorney General denies that all of Act 372 is a criminal law and admits the remainder of the allegations in Paragraph 60.

61. The Attorney General denies that all of Act 372 is a criminal law. As to those portions that involve criminal law, the Attorney General admits that the Prosecuting Attorneys will treat Act 372 as they do any other criminal law. The Attorney General lacks knowledge or information sufficient to form a belief about how the Prosecuting Attorneys will exercise their discretion and legal authority in any particular situation.

## FACTUAL ALLEGATIONS
### The Availability Provision

62. Paragraph 62 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits that the quoted portion is from Act 372, § 1; admits the Plaintiffs' characterizations of Section 1 to the extent they are consistent with the law; and denies the Plaintiffs' characterizations of Section 1 to the extent they are inconsistent with the law.

63. Paragraph 63 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he denies the allegations.

64. Paragraph 64 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits that the quoted portion is the definition of "harmful to minors"; admits the Plaintiffs' characterizations of Section 1 to the extent they are

9

consistent with the law; and denies the Plaintiffs' characterizations of Section 1 to the extent they are inconsistent with the law.

65. Paragraph 65 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits that the quoted portion is from Arkansas Code Annotated § 5-68-502; admits the Plaintiffs' characterizations of the statute to the extent they are consistent with the law; and denies the Plaintiffs' characterizations of the statute to the extent they are inconsistent with the law.

66. Paragraph 66 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits that the quoted portion is from Arkansas Code Annotated § 5-68-502; admits the Plaintiffs' characterizations of the statute to the extent they are consistent with the law; and denies the Plaintiffs' characterizations of the statute to the extent they are inconsistent with the law.

67. Paragraph 67 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the quoted words come from Act 372, § 1 and denies the remainder of the allegations in Paragraph 67.

68. Paragraph 68 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he denies the allegations in Paragraph 68.

69. Paragraph 69 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he denies the allegations in paragraph 69, including its subparts.

### The Challenge Procedure

70. Paragraph 70 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits that the quoted language is from Act 372, § 5;

admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law; and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

71. Paragraph 71 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

72. Paragraph 72 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

73. Paragraph 73 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

74. Paragraph 74 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

75. Paragraph 75 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

76. Paragraph 76 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

77. Paragraph 77 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

78. Paragraph 78 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

79. The Attorney General denies the allegations in Paragraph 79, including its subparts.

## Crawford County

80. The Attorney General admits the allegations in Paragraph 80.

81. The Attorney General lack knowledge or information sufficient to form a belief about the allegations in Paragraph 81.

82. The Attorney General lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 82.

83. The Attorney General lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 83.

84. The Attorney General lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 84.

85. The Attorney General lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 85.

## CLAIMS FOR RELIEF
### Count I – Adult Access

86. Paragraph 86 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

87. The Attorney General denies the allegations in Paragraph 87.

88. Paragraph 88 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

### Count II – Older Minor Access

89. Paragraph 89 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

90. Paragraph 90 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

91. Paragraph 91 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

### Count III – Prior Restraint (Section 1)

92. Paragraph 92 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

93. The Attorney General denies the allegations in Paragraph 93.

94. The Attorney General denies the allegations in Paragraph 94.

95. The Attorney General denies the allegations in Paragraph 95.

96. The Attorney General denies the allegations in Paragraph 96.

### Count IV – Void for Vagueness (Section 1)

97. Paragraph 97 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

98. Paragraph 98 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

### Count V – Prior Restraint (Section 5)

99.     Paragraph 99 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

100.    Paragraph 100 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

101.    Paragraph 101 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

### Count VI – Void for Vagueness (Section 5)

102.    Paragraph 102 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

103.    Paragraph 103 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

104. Paragraph 104 is a legal conclusion to which the Attorney General is not required to respond. To the extent he must respond, he admits the Plaintiffs' characterizations of the law to the extent they are consistent with the law and denies the Plaintiffs' characterizations to the extent they are inconsistent with the law.

### Count VII – Lack of Judicial Review (Section 5)

105. Paragraph 105 is a legal conclusion to which the Attorney General is not required to respond, but to the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

106. Paragraph 106 is a legal conclusion to which the Attorney General is not required to respond, but to the extent he must respond, he admits the Plaintiffs' characterizations of Section 5 to the extent they are consistent with the law and denies the Plaintiffs' characterizations of Section 5 to the extent they are inconsistent with the law.

### Irreparable Harm

107. Paragraph 107 is a legal conclusion to which the Attorney General is not required to respond, but to the extent he must respond, he denies the allegations.

### Prayer for Relief

108. The Attorney General denies that the Plaintiffs are entitled to any of the requested relief in the WHEREFORE clause, including its subparts.

109. The Attorney General denies every allegation that is not specifically responded to in this answer to the Plaintiffs' amended complaint.

## AFFIRMATIVE DEFENSES

110. The Attorney General affirmatively asserts that the Court lacks subject-matter jurisdiction.

111. The Attorney General affirmatively asserts that the Plaintiffs lack standing.

112. The Attorney General affirmatively asserts that the Plaintiffs' claim is unripe for judicial review.

113. The Attorney General affirmatively asserts that the Plaintiffs failed to state facts upon which relief can be granted.

114. The Attorney General reserves the right to amend this pleading and to assert additional affirmative defenses to which he is entitled.

                         Respectfully submitted,

                         TIM GRIFFIN
                         Attorney General

By:    Noah P. Watson
        Ark. Bar No. 2020251
        Deputy Attorney General

        John Payne
        Ark. Bar No. 97097
        Deputy Attorney General

        Christine A. Cryer
        Ark. Bar No. 2001082
        Deputy Attorney General

        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        (501) 682-1019
        (501) 682-2591 fax
        noah.watson@arkansasag.gov
        john.payne@arkansasag.gov
        christine.cryer@arkansasag.gov

        *Attorneys for the Attorney General of Arkansas*