IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FAYETTEVILLE PUBLIC LIBRARY, et al.**                                                         **PLAINTIFFS**

V.                                   **CASE NO. 5:23-CV-5086**

**CRAWFORD COUNTY, ARKANSAS, et al.**                                                **DEFENDANTS**

ORDER

Before the Court is Attorney General Tim Griffin's Motion to Intervene for the Purpose of Defending the Constitutionality of Section 5 of Act 372 of 2023 (Doc. 132) and Brief in Support (Doc. 133). Plaintiffs filed a Response in Opposition to the Motion (Doc. 141), and Attorney General Griffin filed a Reply (Doc. 146). For the reasons stated below, the Motion is **GRANTED**.

On December 23, 2024, this Court granted Plaintiffs' motion for summary judgment, declaring Sections 1 and 5 of Arkansas Act 372 unconstitutional and permanently enjoining their enforcement. *See* Doc. 126. Plaintiffs had sued Arkansas's twenty-eight prosecuting attorneys with respect to Section 1; the prosecutors would have been responsible for enforcing the criminal penalty created by Section 1 had that provision taken effect. The Attorney General represented the prosecuting attorneys throughout the litigation and vigorously defended the constitutionality of Section 1.

As for Section 5 of the Act, Plaintiffs sued Crawford County, Arkansas, and Crawford County Judge Chris Keith. Crawford County is one of several counties and municipalities in Arkansas that fund and administer a public library or libraries. Had Section 5 gone into effect, it would have established a process for the public to challenge

1

the placement and retention of books and other media in the State's public libraries. The Court found that Crawford County was an appropriate entity to sue as to Section 5—but the County never defended the law on the merits. Instead, the County's lawyers raised only standing and ripeness arguments and left the merits defense of Section 5 entirely to the Attorney General. The Court acknowledged this division of labor in its preliminary injunction order, *see* Doc. 53, p. 4 n.2, and its summary judgment order, *see* Doc. 126, p. 3 n.2.

Plaintiffs are correct that the Attorney General could have moved to intervene much sooner, and the Attorney General concedes the point. *See* Doc. 146, p. 2. To assess the timeliness of a request to intervene of right under Federal Rule of Civil Procedure 24(a)(2), the Eighth Circuit directs district courts to consider: "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *United Food & Com. Workers Union, Loc. No. 663 v. United States Dep't of Agric.*, 36 F.4th 777, 780 (8th Cir. 2022) (citations and quotation marks omitted).

As to the first and second factors, the litigation has progressed to the point of resolution on summary judgment, but the prospective intervenor—though not a named party—was the *de facto* defender of the challenged law throughout the litigation. With regard to the third factor, even the Attorney General essentially admits that its reasons for delay are not particularly compelling. However, the fourth factor's prejudice analysis is ultimately decisive: Unless the Attorney General intervenes, *no party* will defend the

merits of Section 5 on appeal. The Supreme Court has cautioned that "a State's opportunity to defend its laws in federal court should not be lightly cut off." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022). The State will suffer extreme prejudice if intervention is denied, while Plaintiffs will face no prejudice if intervention is granted.

**IT IS THEREFORE ORDERED** that the Attorney General's Motion to Intervene (Doc. 132) is **GRANTED.** The record reflects all merits arguments that the Attorney General made in favor of Act 372 throughout the course of this eighteen-month litigation. Plaintiffs are well aware of those arguments, and there will be no surprises on appeal.

**IT IS SO ORDERED** on this 25th day of February, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE